UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, et al., | |
| Plaintiffs, | No. 26 CV 1566 |
| v. | Judge Manish S. Shah |
| RUSSELL VOUGHT, et al., | |
| Defendants. | |

**ORDER**

Plaintiffs' emergency motion for a temporary restraining order, [3], is granted. Enter Temporary Restraining Order. A status hearing is set for February 18, 2026, at 9:30 a.m.

**STATEMENT**

This case is before the court on an emergency motion for a temporary restraining order. My findings of fact and conclusions of law are necessarily tentative based on the limited record.

Plaintiffs are states that receive funds from grants administered by the Department of Health and Human Services and the Centers for Disease Control and Prevention. As recently as January 24, 2026, for example, the County of Santa Clara in the State of California received notice of an award of $1.4 million from the CDC for the budget period of December 1, 2025, to November 30, 2026. [3-2] at 12.[*] But this week, the agencies notified Congress that they intended to terminate grants to plaintiffs. In total, more than $600 million in funding to the plaintiffs is under review for termination or in the process of termination.

Plaintiffs seek an emergency TRO to stop the government from implementing a plan to withhold funding to certain states on the basis of policy disagreements unrelated to the public-health grants at issue. To obtain a TRO, as with a preliminary injunction, plaintiffs must establish that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public

---

[*] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings.

interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Chicago Hous. Auth. v. Turner*, No. 1:25-CV-12670, 2025 WL 2972665, at *2 (N.D. Ill. Oct. 20, 2025) (noting distinctions between TROs and preliminary injunctions based on the need to decide quickly and with limited information). Plaintiffs argue that they are likely to succeed on their claim that defendants' actions must be set aside under the Administrative Procedure Act and their claim that defendants are violating the constitutional guarantees in the Spending Clause and from the separation of powers.

APA review requires a final agency action. Plaintiffs have not identified an agency document or statement memorializing what they allege to be the final agency action that they describe as the "Targeting Directive." *See* [1] ¶ 2. And of course, jurisdiction is necessarily part of the likelihood of success. The government says that the grants were terminated yesterday. This court has no jurisdiction to order relief designed to enforce any obligation to pay money pursuant to a federal grant. *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2659 (2025). When the relief sought is to vacate internal guidance, however, that is a standard APA challenge that district courts have original jurisdiction over. *Id.* at 2661 (Barrett, J., concurring). Without the text of an agency decision, it is difficult to know whether the decision here amounts to internal guidance or pure grant termination.

On the current record, however, plaintiffs' submissions suffice to show that the defendants, through the Office of Management and Budget, HHS, and the CDC, formulated a final decision to target plaintiffs and direct (or guide) the agencies to terminate public-health grants. Through a combination of public statements, data collection, and notice to Congress, the defendants decided to guide the agencies to terminate funding. One stated rationale appears to be "agency priorities." [1] ¶ 43. But recent statements plausibly suggest that the reason for the direction is hostility to what the federal government calls "sanctuary jurisdictions" or "sanctuary cities." *See* [1] ¶¶ 20–43. I preliminarily conclude that this is a decision that is final internal guidance articulating a basis to implement grant termination. That guidance is not under Tucker Act jurisdiction and is reviewable under the APA.

Agency action must be set aside if it is arbitrary or capricious. 5 U.S.C. § 706(2)(A). Nothing in the current record suggests that anything has changed in terms of plaintiffs' public-health grant applications, processing, and use since the agencies awarded the grants. Using the January 24, 2026 grant to Santa Clara as an example, there's nothing to suggest that Santa Clara and California engaged in some conduct related to the grant in the past two weeks that would explain any guidance from defendants to the agencies to change the terms of the award or its implementation.

If an agency is changing its position, and "its new policy rests upon factual findings that contradict those which underlay its prior policy" or "its prior policy has engendered serious reliance interests that must be taken into account," it must provide some detailed justification. *See F.C.C. v. Fox TV Stations, Inc.*, 556 U.S. 502,

515 (2009); *see also Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016) (when an "agency has failed to provide even that minimal level of analysis, its action is arbitrary and capricious and so cannot carry the force of law"). Here, plaintiffs have demonstrated strong reliance interests on the public-health funding and there's no explanation for what "agency priorities" justify termination. It is likely that the agency decision here was arbitrary and capricious.

Agency action must be set aside if it exceeds statutory authority, 5 U.S.C. § 706(2)(C), and for grants expressly appropriated by Congress, the Executive does not have the inherent authority "to condition the payment of such federal funds on adherence to its political priorities." *City of Chicago v. Sessions*, 888 F.3d 272, 283 (7th Cir. 2018). Unconstitutional agency action must be set aside too. 5 U.S.C. § 706(2)(B). Agencies cannot pursue the policy objectives of the executive branch through the power of the purse. *City of Chicago v. Barr*, 961 F.3d 882, 887 (7th Cir. 2020). The allegations of the complaint that identify a political or policy objective behind the decision to identify grants awarded to plaintiffs (and not similar grants awarded other states) suffices to establish that the defendants are using funding to execute a policy objective unrelated to the public-health grants. This is likely unlawful.

The harm to plaintiffs from the loss of funding is irreparable and intangible—the loss of capacity to fund and maintain public health infrastructure puts the health of plaintiffs' residents in jeopardy. The balance of harms favors plaintiffs. The public interest is "served by an injunction in that it acts as a check on the executive's encroachment of congressional power that violates the separation of powers." *Barr*, 961 F.3d at 918. Once the movant establishes a likelihood that the government action was unconstitutional, the balance of harms normally favors granting preliminary injunctive relief because the public interest is not harmed by preliminarily enjoining" unconstitutional action. *See Am. Civ. Liberties Union of Illinois v. Alvarez*, 679 F.3d 583, 589–90 (7th Cir. 2012).

I may issue an injunction "only if the movant gives security" sufficient "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). No bond is required, however, if "there's no danger that the opposing party will incur any damages from the injunction." *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 458 (7th Cir. 2010). Because the temporary injunction here is just that, temporary, and merely preserves the status quo, I conclude that defendants will not incur any damages from a wrongful injunction. No bond is required.

More factual development is necessary and it may be that the only government action at issue is termination of grants for which I have no jurisdiction to review. But as discussed, plaintiffs have made a sufficient showing that defendants issued

3

internal guidance to terminate public-health grants for unlawful reasons; that guidance is enjoined as the parties develop a record.

ENTER:

                                                          Manish S. Shah
                                                          United States District Judge

Date: February 12, 2026

4