**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS *et al.*, | |
| Plaintiffs, | Case No. 26-cv-1566 |
| v. | Hon. Manish S. Shah |
| RUSSELL VOUGHT, *in his official capacity as Director of the Office of Management & Budget*, *et al.*, | |
| Defendants. | |

**PLAINTIFF STATES' MOTION FOR EXPEDITED DISCOVERY**

Plaintiff States seek expedited discovery, including production of the administrative record, relevant to a forthcoming motion for a preliminary injunction. Public reporting suggests that critical documents are in Defendants' possession regarding the timing, scope, reasoning, and instructions of the Targeting Directive. Because these documents have not been formally published nor publicly disclosed; because some portion will be encompassed by a traditional administrative record while others will not; and because the harms are likely to continue past the current 14-day temporary restraining order without further preliminary relief, expedited discovery is required. Further, Plaintiff States have carefully tailored the information requested to that most immediately needed, minimizing the burden to the fullest extent possible.

Plaintiff States accordingly move to deem as served their Requests for Production attached as Exhibit A to the Declaration of Katharine Roller ("Roller Decl."). Fed. R. Civ. P. 26(d)(1). Plaintiff States respectfully request that the Court set a deadline for Defendants' responses to Plaintiff States' RFPs and production of the administrative record of Monday, February 16, 2026. Fed. Rs. Civ. P. 33(b)(2) and 34(b)(2)(A). Because good cause supports the requested relief,

Plaintiff States request that this motion be granted.

## I.    Background

On February 11, 2026, following public reporting that OMB had issued an unlawful directive (the "Targeting Directive") commanding HHS and other agencies to imminently cut critical funding to Plaintiff States based on arbitrary political animus, Plaintiff States filed a Complaint (ECF No. 1) and emergency motion for temporary restraining order (ECF No. 3) to enjoin the directive before consequences could issue. Plaintiff States' instincts were correct, as early the next morning, Defendants rolled out notices which purported to terminate Plaintiff States' funding effective the previous day. On the morning of February 12, this Court held a hearing and subsequently issued a 14-day written Temporary Restraining Order. ECF. No. 20 (TRO Decision); ECF No. 21 (Order).

Plaintiff States have no cause to believe that Defendants intend to self-remedy their illegal actions in the next 14 days. As such, Plaintiff States promptly reached out to Defendants the day after the TRO Decision and Order issued to discuss next steps, including a proposal for the production of the administrative record and limited additional discovery over this weekend. Counsel for Defendants eventually responded that they cannot indicate until Tuesday whether they are amenable to the production of any discovery, let alone actually provide any actual documents in that time frame.[1] Given the tight timeline, Plaintiff States must proceed with this response as a refusal, and accordingly make this motion for expedited discovery to develop the factual record that this Court recognized would be necessary. ECF No. 20 at 3.

---

[1] The declaration of Katharine Roller, included with this motion, details Plaintiff States' efforts to meet and confer on this issue promptly as required by Local Rule 37.2.

## II.       Argument

Fed. R. Civ. P. 26(d)(1) permits discovery before Rule 26(f) conferral when authorized by court order. Though the Rule does not set forth a precise standard for determining when early discovery is appropriate, district courts have "broad discretion in discovery matters." *Packman v. Chicago Tribune Co,*, 267 F.3d 628, 646 (7th Cir. 2001) (citation omitted). Whether judged by a "good cause" or a "reasonableness" standard, the court should consider the entirety of the record and all surrounding circumstances. *Ibarra v. City of Chicago*, 816 F. Supp 2d 541, 554 (N.D. Ill. 2011) (discussing approaches used in applying Rule 26(d) requests). In *Ibarra*, the court assessed the totality of the circumstances using the following factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Ibarra*, 816 F. Supp 2d at 554 (N.D. Ill. 2011) (quoting *Landwehr v. F.D.I.C.*, 282 F.R.D. 1, 4 (D.D.C. 2010)); *see also Shokri Varniab v. Edlow*, 2026 WL 161410, at *1-2 (N.D. Cal. Jan. 21, 2026) (evaluating same factors in ordering expedited production of the administrative record).

Application of these factors favors granting the present motion.

*First*, a temporary restraining order is in place, a motion for preliminary injunction will soon be pending, and Plaintiff States seek limited early discovery in connection with that forthcoming motion. All of that favors expedited discovery here. *See* 1993 amendment to Rule 26(d), advisory committee note (calling out specifically requests for a preliminary injunction as those that may be appropriate for Rule 26(d) expedited discovery). At the TRO hearing and in the related order granting TRO relief, the Court suggested that this case and any assessment of further preliminary relief would benefit from a more developed factual record. Those facts, however,

3

remain solely in the custody of Defendants, and Defendants have made clear that Plaintiff States

cannot obtain them on the expedited basis needed, absent this Court's intervention.

*Second*, the requested discovery is narrow. Plaintiff States are not seeking deposition

testimony and have asked only for a limited set of nine (9) document requests. These requests seek

only a few specific documents identified in public reporting or statements by the President, and a

limited set of related documents disseminating and implementing them—documents highly likely

to be the subject of the impending preliminary injunction motion. *See, e.g., Campaignzero*, 2020

WL 7123066, at *2 (granting expedited discovery where the requested information was

"reasonably related to Plaintiff's motion for a preliminary injunction").

*Third*, the purposes behind the request for expedited discovery are significant. For example,

the Court opened the TRO hearing by inquiring whether Plaintiff States have possession of any

document to confirm the public reporting that indicates the Targeting Directive was motivated by

immigration priorities and political animus. Roller Decl., Ex. C, p. 3, lines 12-16. As counsel

explained, however, because Defendants have not published any formal documents and they have

been less than transparent in their communications with the grantees, Plaintiff States have been

left—at least to date—to rely on the reporting and public comments made by the President and

other administration officials. *See id*. Expedited discovery is thus required to obtain pertinent

evidence. *See Mullane v. Almon*, 339 F.R.D. 659, 665 (N.D. Fla. 2021) (reasons justifying

expedited discovery include "obtain[ing] evidence to establish the elements for a preliminary

injunction and to allow a district court to craft an appropriate preliminary injunction."); *Warner*

*Bros. Recs. Inc. v. Does 1–6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007).

The rationale underlying the Targeting Directive also is relevant to Plaintiff States' claim

that Defendants exceeded their statutory and constitutional authority. "[C]ourts have routinely

granted expedited discovery in cases involving challenges to constitutionality of government action." *New Mexico v. Musk*, 770 F. Supp. 3d 192, 202 (D.D.C. 2025) (quoting *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996)). The discovery that Plaintiff States seek also will aid the Court in crafting appropriate relief. *See KPM Analytics N. Am. v. Blue Sun Scientific, LLC*, 540 F. Supp. 3d 145, 146 (D. Mass. 2021) (finding that "expedited discovery would provide a more fulsome record to consider the preliminary injunction and—should [the plaintiff] prevail and obtain a preliminary injunction—enable the Court to design an equitable remedy that will prevent irreparable harm while the case is litigated").[2]

Another important purpose concerns the factual record required for this Court to make an accurate determination as to whether it has jurisdiction to hear Plaintiff States' APA claims. As the Court and both parties acknowledged at the TRO hearing, the landscape surrounding the Tucker Act has changed significantly in recent months. And while the Complaint challenges a Targeting Directive that was issued before the terminations, and Plaintiff States filed this action before the termination notices went out, it is essential to have the facts surrounding the precise order of events. *See* ECF No. 20 (noting that "[w]ithout the text of an agency decision, it is difficult to know whether the decision here amounts to internal guidance or pure grant terminations"). Granting limited expedited discovery for this purpose is well-founded: In cases where the government denies that reviewable agency action exists, a district court may exercise its discretion to permit discovery to ascertain the "contours of the precise policy at issue." *AFL-CIO v. Dep't of*

---

[2] The requested discovery's connection to Plaintiff States' constitutional claims also precludes any concern about discovery limitations under the Administrative Procedure Act. *Cook County, Ill. v. Wolf*, 461 F. Supp. 3d 779, 794-95 (N.D. Ill. 2020); *see also CASA Inc. v. Noem*, No. 25-1484, 2025 WL 3514378, at *17 (D. Md. Dec. 8, 2025) (allowing discovery where evaluation of plaintiff's constitutional claim involved distinct "decision rules" from its APA claim, and would require review of evidence outside the agency record).

*Labor*, 349 F.R.D. 243, 249 (D.D.C. 2025) (citing *Hispanic. Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018)).

*Fourth*, although Plaintiff States acknowledge the burden to Defendants of collecting and producing discovery over a long weekend, that burden is commensurate with the emergency circumstances of this case—an emergency of Defendants' own creation. *See Iglesias*, 2021 WL 4820429, at *5. As explained above, Plaintiff States' proposed discovery is narrowly targeted at a limited universe of documents related to the likelihood of success on the merits and threshold jurisdictional issues. *Wachovia Sec., L.L.C. v. Stanton*, 571 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008) (granting expedited discovery to "clarify matters that were outside of [Plaintiff's] knowledge and may ultimately lead to the prompt and efficient disposition of this litigation and the parties' underlying dispute"). Especially when compared against the high stakes to Plaintiff States, the burden on Defendants is appropriate. *See* Fed. R. Civ. P. 26(b)(1) (establishing general rule that inquiries into "burden" should consider "likely benefit"); *Musk*, 770 F. Supp. 3d at 202 (finding "that the benefit, including expeditious resolution of this case, outweighs the burden"); *Roe v. Mayorkas*, No. 22-cv-10808-ADB, 2023 WL 3466327, at *18 (D. Mass. May 12, 2023) (ordering expedited production of administrative record where plaintiffs "alleged a risk of serious harm").

*Fifth*, the timing of Plaintiff States' request is directed by the emergent nature of the facts at hand. As soon as practicable after the TRO issued, lead counsel for Plaintiff States contacted the defense with a defined, particularized proposal, which included the specific requests for production and a proposed deadline for productions, and stressed the urgent need for a response to the proposal. Roller Decl., Ex B, pp. 1-3. The TRO only runs for 14 days, including a federal holiday, and each day matters. In consideration of the circumstances at hand, other courts have

granted this kind of relief under similar exigencies. *See, e.g., Newsom v. Trump*, No. 25-cv-04870-CRB, 2025 WL 2250569, at *6 (N.D. Cal. June 25, 2025) (granting expedited discovery "to supplement the record to assist the Court in resolving this important and developing matter"); *AT&T Mobility LLC v. Miranda Holdings Corp.*, No. 08-20637-Civ., 2008 WL 2139519, at *2 (S.D. Fla. May 7, 2008) (granting expedited discovery to "get the case in a dispositive posture sooner" to "afford the injured party relief promptly, thus minimizing its injuries").

## III. Conclusion

For the foregoing reasons, the Plaintiff States ask for a court order:

1. Deeming served Plaintiff States' Requests for Production attached as attached as Exhibit A to the Declaration of Katharine Roller in support of Motion, pursuant to Rule 26(d)(1); and

2. Setting a deadline of Monday, February 16, 2026 for Defendants to respond to Plaintiff States' First Requests for Production and produce the administrative record relevant to the Targeting Directive, pursuant to Rules 33(b)(2) and 34(b)(2)(A).

Dated: February 14, 2026

**ROB BONTA**
*Attorney General of California*

By: */s/ Harald H. Kirn*
R. MATTHEW WISE*
KATHLEEN BOERGERS*
*Supervising Deputy Attorneys General*
HARALD H. KIRN*
CHRISTOPHER KISSEL*
CARTER JANSEN*
DAVID GREEN*
*Deputy Attorneys General*
California Office of the Attorney General
1300 I Street
Sacramento, CA 95814
916-210-6111
Harald.Kirn@doj.ca.gov
Christopher.Kissel@doj.ca.gov
Carter.Jansen@doj.ca.gov
David.Green@doj.ca.gov

*Counsel for the State of California*

**KWAME RAOUL**
*Attorney General of Illinois*

By: */s/ Molly Mauck*
CARA HENDRICKSON
*Executive Deputy Attorney General*
KATHARINE ROLLER
*Complex Litigation Counsel*
SARAH HUNGER
*Deputy Solicitor General*
SHERIEF GABER
MOLLY MAUCK
AKANKSHA SHAH
R. HENRY WEAVER
BRIANNA YANG
*Assistant Attorneys General*
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000
Cara.Hendrickson@ilag.gov
Katharine.Roller@ilag.gov
Sarah.Hunger@ilag.gov
Sherief.Gaber@ilag.gov
Molly.Mauck@ilag.gov
Robert.Weaver@ilag.gov

*Counsel for the State of Illinois*

**PHILIP J. WEISER**
*Attorney General of Colorado*

By: */s/ David Moskowitz*
DAVID MOSKOWITZ*
*Deputy Solicitor General*
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

*Counsel for the State of Colorado*

* Pro Hac Vice Forthcoming

**KEITH ELLISON**
*Attorney General of Minnesota*

By: */s/ Katherine Bies*
KATHERINE BIES*
ED STOCKMEYER*
*Assistant Attorneys General*
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101
(651) 300-0917
Katherine.Bies@ag.state.mn.us
Ed.Stockmeyer@ag.state.mn.us

*Counsel for the State of Minnesota*

8