IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*, <br><br>   Plaintiffs <br><br> v. <br><br> RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget, *et al.*, <br><br>   Defendants | No. 26-cv-1566 |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

The Court should deny Plaintiffs' motion for expedited discovery, ECF No. 28. Under the Supreme Court's recent decision in *National Institutes of Health ("NIH") v. American Public Health Association*, the States must challenge grant terminations in the Court of Federal Claims. 145 S. Ct. 2658 (2025); 28 U.S.C. § 1491(a)(1). Even if Plaintiffs could challenge hypothesized Office of Management and Budget ("OMB") guidance in district court, "[v]acating the guidance does not reinstate terminated grants." *NIH*, 145 S. Ct. at 2661–62 (Barrett, J., concurring).

Plaintiffs' claims fail out of the gate, as Defendants plan to show in a motion to dismiss, and there is no cause for discovery to proceed in the interim, much less on the sort of unreasonably expedited schedule that Plaintiffs propose. This case is not even a week old; a temporary restraining order ("TRO") was granted the day after the case was filed, before Defendants could file a response; and Defendants have not yet had an opportunity to file a substantive brief. Both Plaintiffs and the Court are aware of the

1

threshold jurisdictional issues involved in this litigation. *See* Feb. 12, 2026 Court Order, ECF 20 at 3 (noting need for more factual development as "it may be that the only government action at issue is termination of grants for which [the Court has] no jurisdiction to review"); Pls. TRO Mot., ECF 3 at 25 (contending the Tucker Act is not relevant to this suit, which challenges the termination of grants, because "Plaintiff States' complaint does not contain any claims to enforce a contractual obligation"). Discovery is also inappropriate for the separate reason that Plaintiffs' claims sound in the Administrative Procedure Act ("APA"), under which it is black-letter law that judicial review is generally limited to the administrative record—a presumption that Plaintiffs do not even acknowledge, let alone rebut. To facilitate an efficient schedule in this matter, Defendants are willing to agree to an extension of the existing TRO for another 14 days, without prejudice to their appellate rights, and to meet and confer with Plaintiffs on next steps. To the extent that additional factual development is appropriate, despite the jurisdictional issues, this can be accomplished through an orderly process, not weekend motions practice.

First, there is no need for the Court to entertain these matters on such an accelerated time frame. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) ("Expedited discovery is not the norm."). Plaintiffs have obtained a temporary restraining order, ECF No. 21, and have indicated they expect to seek a preliminary injunction. At present, their grants are not terminated, and funds are flowing. Plaintiffs have not demonstrated any basis to impose the extraordinary burdens of accelerated discovery on Defendants when they are already protected by injunctive relief, particularly when Defendants have significant threshold defenses, as the Court acknowledged in its recent decision. Plaintiffs' desire to rush

forward after obtaining a favorable result is no basis for this Court to ignore Supreme Court precedent on where challenges to grant terminations may be heard. *NIH*, 145 S. Ct. at 2661–62. Indeed, Defendants may well seek to transfer this case to the Court of Federal Claims—a motion that, once filed, would deprive this Court of jurisdiction to consider any other matters other than injunctive relief. 28 U.S.C. § 1292(4)(B) ("When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion…. The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary.").

 Second, the Court lacks jurisdiction over this case. As a challenge to grant terminations, this suit must be brought in the Court of Federal Claims under the Supreme Court's decision in *NIH*. And since, as Plaintiffs acknowledge, it was the Department of Health and Human Services ("HHS") that communicated the grant terminations to Congress (Compl. ¶ 1), it is HHS's decision that is at issue—not any alleged OMB guidance. As the Supreme Court held, "[e]ven if the guidance and grant terminations are linked, vacating the guidance does not necessarily void decisions made under it." *NIH*, 145 S. Ct. at 2661 (Barrett, J., concurring); *see also D.A.M. v. Barr*, 486 F. Supp. 3d 404, 415 (D.D.C. 2020) (vacatur does not necessarily "eras[e] from legal existence all past adjudications under the vacated rule"). "The claims are legally distinct. And if the [Court of Federal Claims] has exclusive jurisdiction over the grant terminations, the plaintiffs cannot end-run that limit simply by packaging them with a challenge to agency guidance." *NIH*, 145 S. Ct. at 2661-62 (Barrett, J., concurring) (citing *Dep't of Educ. v. California*, 604 U.S. 650, 651 (2025)).

3

Third, even if the hypothesized agency guidance existed, and the Court ultimately found it unlawful, that would not undo the HHS termination action. As a simple matter of "logic[, v]acating the guidance does not reinstate terminated grants." *Id.* at 2661. "If one simply flowed from the other, the District Court would have needed only to vacate the guidance itself." *Id.* (citing *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988)).

No discovery is appropriate in such circumstances. Because there are substantial doubts as to jurisdiction, this Court should not order discovery until it has assured itself of jurisdiction. *See Guttenberg v. Emergy*, 26 F. Supp. 3d 88, 99 (D.D.C. 2014) ("requiring defendants (who have raised several arguments as to why plaintiffs' complaint should be dismissed) to expend significant resources in responding to plaintiffs' discovery requests would be unjust"); *Sibley v. U.S. Supreme Ct.*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.") (cleaned up); *Flores v. Jaddou*, No. 1:23-CV-02004-JMC, 2023 WL 7282897, at *2 (D. Md. Nov. 3, 2023) (rejecting proposal to "permit this case to proceed, direct the parties to engage in discovery, and expend resources adjudicating potential discovery disputes and/or dispositive motions just for the Fourth Circuit to conclude that this Court had no subject matter jurisdiction to decide the merits of the case in the first place."). Defendants can hardly be faulted for not having moved to dismiss yet since this case was only filed less than a week ago. ECF No. 1 (filed February 11, 2026).

Moreover, while Defendants oppose even the requirement of an administrative record at this stage of the case, such a record is all that would even remotely be required in this matter. The discovery Plaintiffs seek is particularly and independently unwarranted because it would not be available even if the case proceeded past the motion-to-dismiss stage. At its core, Plaintiffs bring a garden-variety challenge to allegedly unlawful agency action, as evidenced by their express reliance on the APA. Compl. ¶¶ 92–93, 96–97; ECF 3 at 14 (citing Plaintiffs' likelihood of success on their claim "that the Targeting Directive violates the APA because it is arbitrary and capricious"). The APA provides a cause of action to hold unlawful agency action that is, among other things, "in excess of statutory jurisdiction," 5 U.S.C. § 706(C), "contrary to law," *id.* § 706(A), or "contrary to constitutional right," *id.* 706(B), as alleged in Plaintiffs' claims. Such cases are ordinarily resolved on the basis of the administrative record compiled by the agency. *See, e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (in APA cases, the "task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court"); *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (1993) (when "agency action is challenged" under the APA, the "entire case on review is a question of law, and only a question of law"). And that record is typically limited to the "information" before the "agency when it made its decision." *Hill Dermaceuticals v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)).

Accordingly, discovery in APA cases is generally inappropriate, and they are exempt from Rule 26's ordinary requirement to confer and develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting "an action for review on an

5

administrative record" from initial disclosure obligations); Fed. R. Civ. P. 26(f)(1)–(3) (exempting such actions from the requirement to confer and develop a proposed discovery plan). Such cases are instead generally decided by dispositive motion following production of the administrative record. Discovery is "unavailable in APA cases, except in two circumstances: (1) where the party seeking discovery makes a strong showing of bad faith or improper behavior; or (2) in the rare case in which the record is so bare as to frustrate judicial review." *Urb. Sustainability Dirs. Network v. U.S. Dep't of Agric.*, No. 25-1775 2025 WL 2374528, at *40 (D.D.C. Aug. 14, 2025) (citation modified). Plaintiffs do not even attempt to show that either of these two exceptions would be applicable here. At the very least, Plaintiff's request for discovery now, before the production of an administrative record, is premature and should be denied.

## CONCLUSION

For these reasons, Defendants respectfully urge the Court to DENY Plaintiffs' request for expedited discovery.

Dated: February 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DIANE KELLEHER
Director

ERIC B. BECKENHAUER
Assistant Director

/s Michael Velchik
MICHAEL VELCHIK (DC #187249)
Senior Counsel to the Assistant Attorney General
U.S. Department of Justice
950 Pennsylvania Ave
Washington DC 20530
(202) 860-8388
Email: michael.velchik@usdoj.gov

*Counsel for Defendants*