UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL VOUGHT, et al., <br><br> Defendants. | No. 26 CV 1566 <br><br> Judge Manish S. Shah |

ORDER

Plaintiffs' motion for expedited discovery [28] is granted in part. Defendants shall produce to plaintiffs documents responsive to plaintiffs' first requests for production Nos. 2, 3 (limited to the CDC), 4 (limited to the CDC), and 5 (limited in its cross-reference to Requests Nos. 2, 3, and 4 and, as to Requests 3 and 4, limited to the CDC). Defendants must also produce: (1) documents explaining how plaintiffs were selected for inclusion in Attachment B to Budget Data Request 26-09; (2) guidance, directives, or instructions issued after December 1, 2025, from OMB to HHS or CDC on selecting states for grant review; (3) guidance, directives, or instructions issued after August 7, 2025, from OMB to HHS or CDC on whether and how to evaluate grant alignment with agency priorities; and (4) guidance, directives, or instructions issued after August 7, 2025, internal to HHS or CDC on whether and how to evaluate grant alignment with agency priorities. Defendants shall make their production by noon central time on 3/2/26. A status hearing remains set for 3/4/26 at 11:30 a.m., central time.

The TRO is clarified to exclude the President of the United States from the defendants subject to the TRO.

STATEMENT

The administrative record filed by the government does not adequately explain how plaintiffs found themselves subject to the specific grant reviews leading to the notifications of grant termination included in the administrative record. It appears that some process occurred leading to plaintiffs' placement on Attachment B to Budget Data Request 26-09, an assessment of whether grants awarded to plaintiffs aligned with agency priorities, and a decision to issue notification letters to some, but not all, recipients for termination of grants. It remains possible that one or more

decisions occurred that amount to an APA-reviewable agency action before the notices of grant termination. To pursue their motion for a preliminary injunction, and to give this court a more complete record to assess its jurisdiction, plaintiffs have good cause to receive additional documents.

Defendants moved to transfer this case to the Court of Federal Claims. Under 28 U.S.C. § 1292(d)(4)(B), "When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion." The statute continues, "The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary." I agree with *Consol. Edison Co. of New York v. United States*, 54 F.Supp.2d 364, 366 (S.D.N.Y. 1999), that ordinary discovery related to the merits does not fall within the injunctive-relief exception to the stay, if injunctive relief is merely a longer-term possibility in the litigation. But if expedition is reasonably necessary to grant preliminary injunctive relief, the statute allows an exception from the stay. Similarly, although *In re Utilities Uranium Decontamination & Decommissioning Fund Litig.*, No. 00 CIV 1424 DLC, 2001 WL 286768, at *5 (S.D.N.Y. Mar. 26, 2001), concluded that a motion to amend the complaint could not be resolved during the stay, I conclude that an amendment as of right that is reasonably necessary to present an expedited motion for preliminary injunctive relief falls within the exception to the automatic stay.

Plaintiffs have shown that there is a plausible dispute over whether a final agency action exists separate from grant terminations (where jurisdiction is exclusively in the Court of Federal Claims). And plaintiffs have shown, for the reasons a TRO issued, an urgent risk of irreparable harm. Expedition is reasonably necessary to allow this court to assess its jurisdiction and to decide whether preliminary injunctive relief is warranted. Moreover, an amended complaint as a matter of course under Rule 15(a)(1), would not frustrate the purposes of the stay since the amendment would either leave the jurisdictional question the same or theoretically answer it with a more concrete allegation of agency action at issue, without any court action.

It is possible that, as the government argues, there is nothing here other than grant terminations and plaintiffs cannot state a claim within the space (perhaps) allowed by *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2661 (2025) (Barrett, J., concurring). But the allegations of the complaint suggest there was something more here, and the current administrative record does not foreclose that possibility.

The discovery ordered above seeks to identify the decisions put at issue in the operative complaint. The records should be readily identifiable and processed for production by defendants within a few days, and if there are no responsive

documents, defendants should be able to promptly certify that none exist. Defendants have quickly marshaled an administrative record and the additional discovery ordered above is likely within reach as a result of that effort.

     A TRO is extraordinary relief, and it should not be broader than necessary. There's no reason to think the President of the United States is a necessary defendant to the TRO. Lower-level officials or employees are bound by it, and the parties can bring to the court's attention any issues with compliance. The TRO is clarified to exclude the President of the United States from the defendants subject to the TRO.

ENTER:

                                                Manish S. Shah
                                                United States District Judge

Date: February 25, 2026