UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL VOUGHT, *in his official capacity as Director of the Office of Management & Budget*, *et al.*, <br><br> Defendants. | Case No. 26-cv-1566 <br><br> Hon. Manish S. Shah |

**PLAINTIFF STATES' MOTION TO ENFORCE DISCOVERY ORDER**

On February 25, 2026, the Court entered an order requiring defendants to produce certain categories of documents. ECF 50 (the "Expedited Discovery Order"). The Court's directions to defendants were clear: defendants were to produce documents containing *and explaining* the decisions at the Office of Management and Budget ("OMB") and Centers for Disease Control and Prevention ("CDC") that gave rise to the instant suit.

Despite that clear direction, defendants have continued to hide the ball. On March 2, defendants produced roughly 200 pages of documents, which largely consist of email communications among staff at OMB and CDC. These communications confirm what Plaintiffs have suspected all along: OMB directed CDC and other federal agencies to cancel grants in the four targeted Plaintiff States (the "Targeting Directive"). And while that question is now answered, the Court's instructions nevertheless remain unfulfilled in several respects. To start, the production is blanketed by substantial redactions, the vast majority asserting deliberative process privilege. Many of these invocations are improper on their face, and none is supported by the requisite

1

affidavit and certifications. Additionally, the production is missing documents, including email attachments as well as categories of documents the Court specifically ordered defendants to produce.

The Court has already found that Plaintiff States "have good cause to receive" the documents listed in its order, ECF 50 at 2, and they are entitled to all of the non-privileged, relevant documents covered by that order, Fed. R. Civ. P. 26(b)(1). To ensure defendants' full and complete compliance, Plaintiff States request that the Court compel defendants to re-produce the documents without the inappropriate blanket deliberative process privilege redactions, and to produce the key documents specifically identified by the existing order that are clearly missing. Alternatively, Plaintiff States request that the Court conduct an *in camera* review of the claimed privilege and issue a subsequent determination.

## BACKGROUND

Following briefing and argument on Plaintiffs' motion for expedited discovery (ECF 28), the Court entered an order directing defendants to produce documents related to the existence and implementation of defendant OMB's Targeting Directive. Specifically, the Court ordered defendants to produce documents "explaining *how plaintiffs were selected* for inclusion" (emphasis added) in a list of States targeted by OMB for grant review, as well as a number of categories seeking production of "guidance, directives or instructions" from OMB to HHS and CDC, or internal to HHS and CDC. *Id.* at 1. The Court also granted Plaintiff States' motion for expedited discovery with regard to several of Plaintiff States' requests seeking documents and communications concerning publicly reported orders by the President, directives or instructions from OMB to CDC and HHS and any "memoranda, guidance, communications, or other documents generated by defendants interpreting or implementing" those directives or instructions.

2

On March 2, 2026, Defendants produced 30 pages from OMB (OMB-00000001-30) and an additional 172 pages from CDC (CDC_001264-001435), as well as three Excel spreadsheets from CDC. The production is blanketed by substantial redactions, the vast majority asserting deliberative process privilege. In the case of the OMB communications, almost the entire substance of *all* the produced documents is redacted. By way of one example, a February 1st email a senior ranking employee at EOP/OMB was produced with the following redactions:



OMB_00000026-27. The document is difficult to decipher given the redactions, but at the very

least, it indicates that a call (i.e., outside of written instruction) was coordinated by the Deputy Chief of Staff for Policy at the White House with various members of HHS to discuss "Grant Awards-Implementation." Some form of follow-up instructions, which may have been delivered in this email itself, ensued. A selection of additional documents exemplifying these problems is attached to this filing for the Court's convenience (as is the entire production, should the Court prefer). (Declaration of Sherief Gaber. Exs. 1 and 2, respectively) This redaction is typical of much of the production.

Plaintiffs, having conducted a preliminary review, promptly sent a deficiency letter to defendants at 9:03 AM on March 3, (Gaber Dec Ex. 3) seeking opportunity to meet and confer over (1) discrete categories of documents missing from the production and lacking a certification as directed by the Court and (2) redactions involving inappropriate assertion of deliberative process privilege and concealing the names of persons involved in communications as supposedly "personally identifiable information." At 6:49 PM that night, defendants responded by email, standing on their production and their existing privilege assertions, and declining to provide any additional information about the basis for withholding and redacting documents until the unspecified future production of their privilege log. (Gaber Dec Ex. 4) Following receipt of defendants' email, plaintiffs' counsel requested a meet and confer, which took place on March 4 at 5 PM (defendants' earliest availability). After these exchanges with counsel, this motion seeks resolution on disputes that are now subject to impasse, even as counsel seek to resolve other outstanding issues without the Court's assistance.

Nevertheless, despite the overwhelming redactions, the production makes clear that Plaintiff States' allegations, as pled in the initial complaint (ECF 1) and further developed in the operative First Amended Complaint (ECF 51) are correct: the decision to target Plaintiff States for

multi-agency funding cuts based on their sovereign policy choices was made at OMB, and CDC and other agencies that have terminated or withheld grants to Plaintiff States were carrying out OMB's directive. The Court has already ordered defendants to explain how that series of events unfolded, and how the Targeting Directive came to be so that the Court can make a reasoned decision on plaintiffs' forthcoming motion for a preliminary injunction, with the understanding that defendants' renewed motion to transfer, staying this matter, may be waiting in the wings. Defendants must comply with that order.

## ARGUMENT

### I. Defendants' Invocation of Deliberative Process Privilege Is Inappropriate

To invoke the deliberative process privilege, the Seventh Circuit requires the government to make a two-part showing. *Nat'l Immigrant Just. Ctr. v. U.S. Dep't of Just.*, 953 F.3d 503, 508 (7th Cir. 2020). "First, the document must be pre-decisional, meaning that it must be generated before the adoption of an agency policy. Second, the record in question must contain deliberative communications and therefore reflect the give-and-take of the consultative process." *Id*. (cleaned up). These requirements must be substantiated by a formal and particularized affidavit from the head of the relevant department in order to prevent overuse. *See Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C. Cir. 2000); *Evans v. City of Chicago*, 231 F.R.D. 302, 316 (N.D. Ill. 2005). Consistent with the purpose underlying it, "the deliberative process privilege typically does not justify the withholding of purely factual material," nor can it be used to shield documents "reflecting an agency's final policy decisions." *Enviro Tech Int'l Inc. v. EPA*, 371 F.3d 370, 374-75 (7th Cir. 2004). The privilege also does not apply to the agency's discussions on "how to spin its prior decisions" *Stevens v. United States Dep't of Homeland Sec.*, No. 14-Civ-3305, 2020 U.S. Dist. LEXIS 61630, at *18 (N.D. Ill. Apr. 8, 2020).

6

The government has not, and cannot, satisfy this standard for several reasons. First, the documents appear to be almost universally post-decisional, as is made clear in the unredacted portions of several documents. *E.g.,* (CDC_001338) (internal HHS emails discussing planned grant terminations and underlying basis for those terminations); (CDC_001346-50) (internal HHS emails discussing the grant termination notices to Congress); .

By way of another example, the production includes an almost entirely redacted thread (Gaber Dec., Ex. 1 at 23, CDC_001332) showing OMB's communications director providing talking points to HHS on how to spin the cuts that "we are making." As noted, the Seventh Circuit has determined that such communications, which are necessarily post-decisional, fall outside the scope of the privilege.

Second, much of the production contains documents that cannot, under any applicable standard, be considered deliberative—i.e., part of the give-and-take process of decisionmaking. For instance, many emails provide instructions for agencies to follow in order to *implement* the OMB directive. *E.g.* Ex. OMB -00000021 (instructing CDC to "send a list…" of grants); OMB -00000023 (instructing agencies on what actions will be taken and what they should "be prepared to outline"); CDC_001390 (an email bearing the subject line "Presidential Policy Alignment / Execution"); OMB-00000026 (An email bearing the subject line "implementation call follow up"); CDC_001334 (an email from OMB describing the "requested action on specific CDC grants" and asking for "a status report on the plan to implement the immediate pause for those grants"); CDC_001335 (an email from HHS responding to OMB's "implementation call follow up" saying "Appreciate the list. We will develop an action plan and report back as quickly as possible.").

7

Third, defendants' final agency decision (the Targeting Directive) and related decision-making and implementation process is central to this case. *See* ECF 51 and 1. This Court has already recognized as such. ECF 50 at 2 ("The discovery ordered above seeks to identify the decision put at issue in the operative complaint."). And as a "number of courts in the Seventh Circuit have recognized," "the deliberative process privilege does not apply in cases . . . where the government's decision-making process is central to the case." *Gudkovich v. City of Chi.*, No. 1:17-cv-8714, 2022 WL 252716, at *9 (N.D. Ill. Jan. 27, 2022) (collecting cases). Similarly, where "[i]mproper motivation on the part of a government agency" is a central issue, courts have repeatedly rejected the assertion of deliberative process privilege. *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998) ("If the plaintiff's cause of action is directed at the government's intent . . . it makes no sense to permit the government to use the privilege as a shield.").

Finally, defendants have not supported their assertion of privilege with the required affidavit from a department head, *see Evans*, 231 F.R.D. at 316, and when Plaintiff States raised the need for such an affidavit, defendants did not respond, except to say that they would not re-review their production. (Gaber Dec. Ex. 4.) In this way, too, defendants have failed to meet their burden to support their assertion of the deliberative process privilege.

In short, the Court should order defendants to issue a production that does not include any assertions of the deliberative process privilege.[1] At the very least, *in camera* review is an appropriate way for this Court to make an initial decision as to whether any of the redacted material

---

[1] Even if the privilege had been properly invoked and were applicable, this Court has already found that plaintiffs have good cause for these records, and such a showing of particularized need for such documents is enough to overcome it. *Illinois League of Advocs. for the Developmentally, Disabled v. Quinn*, No. 13 C 1300, 2013 WL 4734007, at *5 (N.D. Ill. Sept. 3, 2013)

bears on the jurisdictional issue currently before it or impeaches representations otherwise presented by the defense.

II. **Defendants' Production Is Incomplete.**

In addition to the improper redactions, defendants' production is incomplete. To start, in numerous instances, defendants have produced email communications which identify attached files, but failed to produce the identified attachments. In some cases, they have done so openly, by producing a slipsheet stating that the document is withheld as privileged—but not identifying *which* privilege. (*e.g.* CDC_001323-24 (excel spreadsheet attached titled "SB_annotated_ Data Request SB2 - 1 -26-26" with the slip sheet stating "document withheld as privileged" without specifying what privilege); CDC_001310-12 (a document titled "CDC Funding" referenced in an email with a slip sheet stating only that the "Document Withheld as Privileged" without specifying what privilege).In others, they have done so *sub silentio*, by simply omitting the file without explanation. (*e.g*. CDC_001264 (email from CDC to HHS sharing a folder stating "The documents for the 66 grants are in this folder." without producing the documents in the folder); CDC__001266-68 (email chain titled "Active Grants - CO, CA, MN, & IL" which references an attachment in each of the three emails without producing any of the three documents referenced as attached)

Take for a simple example this email from the Chief of Staff at HHS, annotated with red boxes to indicate fundamental production problems:

9



(CDC_001323.) For one, Defendants have redacted as PII the primary recipient of the message. Additionally, the excel spreadsheet attachment was not included in the production. Instead, it has been replaced with a slipsheet marked "Document Withheld as Privileged." The basis of the purported privilege is not identified. The message's content also is revealing: it indicates that the sender and recipient spoke that day; i.e., a communication that may not have been memorialized in paper. It also indicates the pair "discussed" the annotated color-coded "list" attached (but not produced).

Furthermore, defendants have failed to produce documents ordered by the Court yet have not provided any certification as the Court instructed to attest that no responsive documents exist for any given demand. ECF 50. Most notably, defendants have produced no documents responsive to the Court's first demand for documents "explaining how plaintiffs were selected for inclusion in Attachment B to Budget Data Request 26-09." Additionally, Plaintiff States are unable to identify specific details fleshing out the "guidance, directives or instructions" from OMB to HHS or CDC and internal to HHS that the Court demanded (Demands # (2), (3) and (4)), even though it is clear from the context of the limited communications produced that such further details exist.

While some additional information likely lurks behind the redactions, still more appears likely beyond the limited production.

In order to execute OMB's directive, its personnel had to receive instructions from somewhere. And that piece remains missing entirely.

## Conclusion

For the foregoing reasons, Plaintiff States respectfully seek a court order:

1. Directing defendants to produce all remaining documents responsive to the Court's February 25, 2026 order (ECF 50); and

2. Directing defendants to re-produce their March 2, 2026 production without deliberative process privilege redactions; *OR* in the alternative, directing defendants to provide an unredacted copy of defendants' March 2, 2026 production to the Court for *in camera* review.

Dated: March 4, 2026

| | |
|---|---|
| **ROB BONTA** <br> *Attorney General of California* <br><br> By: <u>*/s/ Harald H. Kirn*</u> <br> R. MATTHEW WISE* <br> KATHLEEN BOERGERS <br> *Supervising Deputy Attorneys General* <br> HARALD H. KIRN <br> CHRISTOPHER KISSEL* <br> CARTER JANSEN* <br> DAVID GREEN* <br> *Deputy Attorneys General* <br> California Office of the Attorney General <br> 1300 I Street <br> Sacramento, CA 95814 <br> 916-210-6111 <br> Harald.Kirn@doj.ca.gov <br> Christopher.Kissel@doj.ca.gov <br> Carter.Jansen@doj.ca.gov <br> David.Green@doj.ca.gov <br><br> *Counsel for the State of California* | **KWAME RAOUL** <br> *Attorney General of Illinois* <br><br> By: <u>*/s/ R. Henry Weaver*</u> <br> CARA HENDRICKSON <br> *Executive Deputy Attorney General* <br> KATHARINE ROLLER <br> *Complex Litigation Counsel* <br> SARAH HUNGER <br> *Deputy Solicitor General* <br> SHERIEF GABER <br> MOLLY MAUCK <br> AKANKSHA SHAH <br> R. HENRY WEAVER <br> BRIANNA YANG <br> *Assistant Attorneys General* <br> Office of the Illinois Attorney General <br> 115 South LaSalle Street <br> Chicago, Illinois 60603 <br> (312) 814-3000 <br> Cara.Hendrickson@ilag.gov <br> Katharine.Roller@ilag.gov <br> Sarah.Hunger@ilag.gov <br> Sherief.Gaber@ilag.gov <br> Molly.Mauck@ilag.gov <br> Robert.Weaver@ilag.gov <br><br> *Counsel for the State of Illinois* |

| | |
|---|---|
| **PHILIP J. WEISER** <br> *Attorney General of Colorado* <br><br> By: */s/ David Moskowitz* <br> DAVID MOSKOWITZ <br> *Deputy Solicitor General* <br> SARAH H. WEISS <br> *Senior Assistant Attorney General* <br> Ralph L. Carr Judicial Center <br> 1300 Broadway, 10th Floor <br> Denver, CO 80203 <br> (720) 508-6000 <br> david.moskowitz@coag.gov <br> sarah.weiss@coag.gov <br><br> *Counsel for the State of Colorado* <br><br> **\*** Pro Hac Vice Forthcoming | **KEITH ELLISON** <br> *Attorney General of Minnesota* <br><br> By: */s/ Katherine Bies* <br> KATHERINE BIES <br> ED STOCKMEYER**\*** <br> *Assistant Attorneys General* <br> Office of the Minnesota Attorney General <br> 445 Minnesota Street, Suite 600 <br> St. Paul, Minnesota 55101 <br> (651) 300-0917 <br> Katherine.Bies@ag.state.mn.us <br> Ed.Stockmeyer@ag.state.mn.us <br><br> *Counsel for the State of Minnesota* |