# EXHIBIT 3

## to the Declaration of Sherief Gaber



**OFFICE OF THE ATTORNEY GENERAL**
STATE OF ILLINOIS

**KWAME RAOUL**
ATTORNEY GENERAL

March 3, 2026

**SENT VIA EMAIL**

Michael Velchik
Christopher M. Lynch
U.S. Department of Justice
950 Pennsylvania Ave.
Washington, DC 20350
Michael.velchik@usdoj.gov
Christopher.m.lynch@usdoj.gov

Re: Deficiencies in Defendants' Discovery Responses and Rule 37(a)(1)/Local Rule 37.2 Request to Confer in *Illinois et al. v. Vought et al.*

Dear Counsel,

On behalf of Plaintiffs in this action, we are writing to request a meeting at your earliest availability, in advance of our March 4 status conference. Plaintiffs have serious concerns about defendants' compliance with the Court's February 25 order commanding defendants to produce certain categories of documents. Defendants' production is deficient in that it (1) is missing certain key documents, including documents specifically identified in the Court's order, email attachments, and certifications, and (2) is vastly over-redacted, including pervasive improper assertions of deliberative process privilege.

*Missing Documents and Lack of Certification*

The Court instructed defendants that "if there are no responsive documents [for a given request or demand for production], defendants should be able to promptly certify that none exist." ECF 50. Plaintiffs have not identified any documents responsive to *any* of the Court's specific demands for production, and yet, there is no certification attesting to any absences. Most notably, defendants have produced no documents responsive to the Court's first demand for documents

1

"explaining how plaintiffs were selected for inclusion in Attachment B to Budget Data Request 26-09." But also, Plaintiffs are unable to identify the "guidance, directives or instructions" from OMB to HHS or CDC and internal to HHS that the Court demanded (Demands # (2), (3) and (4)), even though it is clear from context that some of the communications produced likely contain such "guidance, directives or instructions" under the redactions asserting deliberative process privilege. To the extent that is the case, we believe the privilege is not applicable under the law and its assertion is inappropriate considering the Court's specific direction to produce those documents. However, if there are no responsive documents, you were obligated to produce a certification from an individual with personal knowledge who can attest to the search for relevant documents and lack of any responsive records.

Additionally, in numerous instances, defendants have produced email communications which identify attached files, but failed to produce the identified attachments – either openly, by producing a slipsheet with an unspecified privilege assertion, or *sub silentio*, by simply omitting the file without explanation. (*E.g.*, HHS-ACF Grants and Program Analysis.pptx and HHS-NIH Grants and Program Analysis.pptx, attachments for OMB-0000001; Data_Request_PH – Copy (2).xlsx, attachment to OMB-00000030; CDC_001277, attachment to CDC_001275-76; CDC_001324, spreadsheet attachment to CDC_001323; spreadsheet attachment to CDC_001330; CDC_001313, likely attachment to CDC_001310-12.) These omissions are indefensible. Defendants must produce attachments for all produced communications.

*Improper Redactions and Privilege Assertions*

Defendants' production, which consists of 30 pages from defendant Office of Management and Budget (OMB-00000001-30) and an additional 172 pages from defendant CDC (CDC_001264-001435), is blanketed by substantial redactions, almost entirely on the basis of deliberative process privilege. In the case of the OMB communications, almost the entire substance of *all* the produced documents is redacted. Assertion of this privilege is not only overbroad, but inappropriate given the Court's order and the centrality of agency intent and process to the question of jurisdiction at issue.

First, these redactions do not appear to cover material that satisfies the legal standard for the privilege. Withholding a document on deliberative process grounds requires both that "the document must be pre-decisional, meaning that it must be generated before the adoption of an agency policy," *Nat'l Immigrant Justice Ctr. v. United States DOJ*, 953 F.3d 503, 508 (7th Cir. 2020) (citation omitted), and that it must be "deliberative in the sense that it is actually related to the process by which policies are formulated," *Enviro Tech Int'l, Inc. v. United States EPA*, 371 F.3d 370 (7th Cir. 2004) (cleaned up). Similarly, the privilege does not extend to purely factual matters or to documents reflecting an agency's final policy decision, *id.*, or its implementation, *Ill. League of Advocs. for the Developmentally Disabled v. Quinn*, No. 13 C 1300, 2013 U.S. Dist. LEXIS 125300, 2013 WL 4734007, at *4 (N.D.Ill. Sept. 3, 2013).

2

Here, defendants have redacted material that clearly post-dates the agency policy at issue. By January 22, defendants were already sending emails that expressly singled out grants to the four Plaintiff States (e.g., CDC_001267-68 ("As requested, attached are the active awards for Colorado, California, Minnesota, and Illinois.")). The relevant policy targeting Plaintiff States may have been adopted even before that—but at the very least, deliberative process privilege cannot apply to any documents sent or created on or after that date. In addition, defendants have redacted material that is clearly not deliberative, such as press talking points (*see, e.g.*, CDC_001331-32), and copious material that reflects CDC's implementation of the Targeting Directive rather than OMB's formulation of it. Indeed, OMB-00000027 and CDC_001343-44 reflect detailed notes by the OMB Chief of Staff regarding what she herself called an "*Implementation Call*," but the details of the post-decisional *implementation* are all redacted.

Further, this case and the inquiry prompting this discovery centers squarely around defendants' intent in selecting Plaintiff States for retaliation in the form of funding cuts, denials, and freezes. Deliberative process privilege is not available where the government's intent is at issue: "If the plaintiff's cause of action is directed at the government's intent…it makes no sense to permit the government to use the privilege as a shield." *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998). This district has also recognized an exception to the deliberative process privilege where intent is central to proving a claim. *Anderson v. Cornejo*, No. 97 C 7556, 2001 U.S. Dist. LEXIS 10312, 2001 WL 826878, at *2 (N.D. Ill. July 20, 2001) (citing cases). Here, as you are aware, Plaintiff States' complaint alleges that the policy at issue is unlawful because, *inter alia*, it was based on arbitrary political animus and formulated as an attempt to punish Plaintiff States for their sovereign policy choices about the deployment of law enforcement resources. Deliberative process privilege thus does not apply.

Moreover, "[t]he deliberative process privilege may be overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality" and should be applied "as narrowly as is consistent with efficient government operation." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (internal citations omitted). Plaintiffs have already shown the particularized need for these allegedly deliberative documents in their motion for expedited discovery. The Court's order also calls for additional categories of documents "explain[ing] how Plaintiffs were selected" for inclusion in Attachment B of the Budget Data Review, as well as several categories of production of "guidance, directives and instructions"— showing that the Court recognizes that these materials, even if otherwise deliberative, must be produced.

Finally, defendants have also failed to support their claim of deliberative process privilege with a formal and particularized claim from the appropriate department head, as the law requires. *See Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C. Cir. 2000); *Evans v. City of Chicago*, 231 F.R.D. 302, 316 (N.D. Ill. 2005). Defendants have supplied no affidavit or declaration supporting their assertion of the privilege *at all*, much less the required affidavit from "the department head with

control over the matter" demonstrating "precise and certain reasons for preserving" confidentiality and "specifically identify[ing] and describ[ing] the documents." *Evans*, 231 F.R.D. at 316. The failure to meet this threshold requirement is fatal to defendants' invocation of deliberative process privilege across the board. *See id.*

In addition to the inappropriate claims of deliberate process privilege, defendants have inappropriately redacted as personally identifying information numerous recipients of relevant communications (e.g. OMB_00000023, which redacts *all* non-CC recipients of the email). This information—recipients of and participants in administrative agency communications—is not in any way sensitive or private information. Even if it were, PII is not a "valid privilege or immunity and, as such, this information should not be withheld or described as 'privileged.'" *Munoz v. Guevara*, No. 23 CV 3210, 2025 U.S. Dist. LEXIS 65734, 2025 WL 1029253 (N.D. Ill. Apr. 7, 2025).

*Incomplete and Restricted Production of Administrative Record*

We are also still waiting for a corrected production of native spreadsheet files for spreadsheets produced as PDFs with the CDC Administrative Record (CDC_00000553-573). As we noted in our February 25 and February 26, 2026 emails to you, the imaged spreadsheet has cut-off words and appears to omit portions of the document.

We also note that the administrative record was marked "restricted" on the ECF docket. Plaintiffs believe that there is no basis for restriction under Local Rule 26.2 and that the restriction was automatically designated by the designation of the documents as an "administrative record," but ask defendants to confirm that they do not allege any independent basis for the documents' restriction.

<p style="text-align:center">***</p>

Plaintiff States believe there are additional deficiencies in defendants' March 2 production, as well as in the previously produced administrative record, and reserve the right to raise those issues with you at a later date.

While we are available to meet and confer at your first opportunity, we would also accept an unredacted production by 4:00PM Central Time with certification(s) as ordered by the Court. We also reserve our right, in the absence of negotiated resolution, to seek relief from the court on this matter in advance of our Wednesday status conference.

<div style="margin-left:50%">
Very Truly Yours,

/s/*Katharine Roller*
Complex Litigation Counsel
115 S. LaSalle St., 35th Floor
</div>

5

                                                                                                        Chicago, Illinois 60603
                                                                                                        (773) 519-1842

Cc:    Cara Hendrickson
        Sarah Hunger
        R. Henry Weaver
        Sherief Gaber
        Molly Mauck
        David Moskowitz
        Harald H. Kirn
        Katherine Bies