# EXHIBIT 4

**to the Declaration of Sherief Gaber**

| | |
|---|---|
| **From:** | Velchik, Michael (CIV) |
| **To:** | Roller, Katharine; Lynch, Christopher M. (CIV); Johnson, Patrick (USAILN) |
| **Cc:** | Harald Kirn; Katherine.Bies@ag.state.mn.us; David.Moskowitz@coag.gov; Hendrickson, Cara; Weaver, Henry; Gaber, Sherief; Mauck, Molly; Hunger, Sarah |
| **Subject:** | EXTERNAL: RE: Illinois et al. v. Vought, 1:26-cv-01566: Discovery |
| **Date:** | Tuesday, March 3, 2026 6:49:08 PM |

Dear Counsel,

We write to respond to some of the issues in your letter from this morning.

1. Plaintiffs' Claim of Purported "Missing Documents and Lack of Certification"

With respect to the "certification" raised in your letter, we disagree with your understanding of the language you quote. The Court simply stated that "if there are no responsive documents, defendants should be able to promptly certify that none exist." But here, of course, Defendants produced hundreds of pages of responsive documents, so that particular comment about what might be the case in alternate circumstances is simply inapplicable to the facts here. Defendants do not understand the cited statement, which was not part of the Court's order, to upend the lack of any requirement under the Federal Rules for RFP-specific certifications. But Defendants welcome the Court's clarification if it intended otherwise.

Your letter also states that "it is clear from context that some of the communications produced likely contain [the requested] 'guidance, directives or instructions' under the redactions," and it asserts that, "[t]o the extent that is the case," the deliberative process "privilege is not applicable" or "inappropriate" to invoke. Your letter cites no example of how "context" makes "clear" that any redaction obscures such an item. Regardless, nothing in Plaintiffs' request, nor the Court's order, purported to overcome any applicable privilege. Thus, Plaintiffs effectively concede from their reading of the "context"—correctly—that Defendants discharged their responsibilities with respect to this issue.

As to the other category of documents specifically referenced in your letter, those "explaining how plaintiffs were selected for inclusion in Attachment B to Budget Data Requestion 26-09," although Defendants are under no obligation to provide any certification (as noted above), it is correct that at present, after conducting a reasonable search, Defendants are not aware of any documents responsive to that category. As noted in our cover email yesterday, Defendants are working to confirm that no additional responsive documents exist subject to a reasonable search and to confirm the reasonable comprehensiveness of their search. Should Defendants become aware of

any such documents, Defendants will supplement their production, pursuant to the Federal Rules of Civil Procedure.

Finally, with respect to your comments regarding certain attachments that were not produced, as Defendants noted in their email of March 2 at 12:57pm Eastern, "Defendants will provide a privilege log in the coming days." That privilege log will address all attachments that were withheld as privileged, as Plaintiffs know is standard practice in civil litigation. Nothing about those "omissions" are "indefensible," and Plaintiffs' inflammatory rhetoric does nothing to advance the ball.

2. Plaintiffs' Arguments Regarding Privilege

As noted above, nothing in the Court's order suggested, much less explicitly stated, that the Deliberative Process Privilege is inapplicable, nor did Plaintiffs previously so contend. Accordingly, Defendants were well-within their rights to assert that privilege to protect their privileged information.

Plaintiffs primarily rest on the plainly incorrect contention that the privilege is wholly inapplicable in this case. To start, this contention rests on a mistaken premise. Specifically, the decisions at issue in this litigation were not final until February 11, 2026, when CDC sent its termination letters to the grantees. Until that point, there was no final decision as to the nature and extent of any such terminations, and Plaintiffs' contention otherwise is mistaken.

Plaintiffs cannot avoid this conclusion by hypothesizing an earlier "directive" issued at an ever-shifting point in time by an entirely separate agency. Plaintiffs alleged that the supposed "Targeting Directive" was issued by OMB "on a date between February 1 and February 4." Compl. ¶ 39. Plaintiffs now appear to contend that "the relevant policy" was issued "by January 22," and that any subsequent Deliberative Process Privilege redactions are inappropriate because they are in some way "post-decisional." The sole basis for this argument appears to be a January 22 email chain internal to HHS and CDC that states, as Plaintiffs quote: "As requested, attached are active awards for Colorado, California, Minnesota, and Illinois." It is difficult to understand how that could establish that a final decision had been made at that point, weeks before notification had been sent to Congress, and thus render all subsequent communications post-decisional.

Regardless, such a categorical view of the Deliberative Process Privilege is both incorrect and unsupported. The relevant inquiry focuses on whether any particular discussion in the given document is prior to a decision being made *on the relevant topic*

*under discussion in that portion of that document*. As noted, Plaintiffs point to nothing showing that a policy was finalized by January 22. But regardless, that would not have any bearing on whether numerous other issues addressed in the various documents produced—whether relevant to this litigation or not—are predecisional as to the topics addressed in those documents. And, as the produced documents make clear, the decisionmaking process at CDC was ongoing in February, *see, e.g.*, CDC_001338, further undercutting the notion that any decision was final on January 22.

Thus, Defendants have no obligation to withdraw their privilege assertions and will not re-review their production where Plaintiffs have not identified specific claims of privilege at issue. However, should Plaintiffs wish to identify and discuss specific withholdings going forward, Defendants are happy to review any such contention and consider any such request.

Finally, as to the redactions of individual names or email addresses of government personnel, Defendants do not and did not contend that those addresses are "privileged." Defendants would be happy to provide copies of the documents without that information redacted upon entry of a suitable protective order, or could provide a list of the names of the individuals for Plaintiffs' use. Given the compressed timeline, Defendants were required to make their production before the parties could negotiate such an order, so Defendants were required to redact that information in the first instance. Notably, Plaintiffs offer no justification as to why any such information should be produced without any restriction on distribution, given the potential for harassment and harm to various government officials if their email addresses are made public.

   3. The Administrative Record

As I previously noted on two occasions, we would address the issue you raised with the spreadsheet in the administrative record but were prioritizing the production of the court-ordered expedited production, which was only completed yesterday, less than 24 hours before your letter. Emails at 1:01pm 2/27 and 3:25pm 2/25.

We have since been able to confer with the Defendant agencies. The reason the agency did not include the complete spreadsheets in the AR is that the columns deleted contained privileged material. With respect to the request for a native version of the PDF in the AR, we produced 400+ pages of AI results that were added to the columns in the first tab of the spreadsheet because the information was cut off in the spreadsheet. Those results are more complete than what is in the spreadsheet. With respect to the hidden rows in subsequent tabs, those also show awards that were noticed to Congress

but not terminated, and so do not represent the final decision on termination of the 66 awards at issue.

I am happy to discuss these issues further should Plaintiffs wish.

Thanks,

Michael Velchik

(202) 860-8388

---

**From:** Velchik, Michael (CIV)
**Sent:** Tuesday, March 3, 2026 3:29 PM
**To:** 'Roller, Katharine' <Katharine.Roller@ilag.gov>; Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>
**Cc:** Harald Kirn <harald.kirn@doj.ca.gov>; Katherine.Bies@ag.state.mn.us; David.Moskowitz@coag.gov; Hendrickson, Cara <Cara.Hendrickson@ilag.gov>; Weaver, Henry <Robert.Weaver@ilag.gov>; Gaber, Sherief <Sherief.Gaber@ilag.gov>; Mauck, Molly <Molly.Mauck@ilag.gov>; Hunger, Sarah <Sarah.Hunger@ilag.gov>
**Subject:** RE: Illinois et al. v. Vought, 1:26-cv-01566: Discovery

Counsel,

Thank you for reaching out and bringing these concerns to our attention. We are looking into this and intend to respond in writing today. In the meantime, we're certainly willing to confer it there's anything you'd like to elaborate on; otherwise, we are soliciting our clients' views and hope to have more to share when we hear back from them.

Thanks,

Michael Velchik

(202) 860-8388

---

**From:** Roller, Katharine <Katharine.Roller@ilag.gov>
**Sent:** Tuesday, March 3, 2026 10:03 AM
**To:** Velchik, Michael (CIV) <Michael.Velchik@usdoj.gov>; Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Johnson, Patrick (USAILN) <Patrick.Johnson2@usdoj.gov>
**Cc:** Harald Kirn <harald.kirn@doj.ca.gov>; Katherine.Bies@ag.state.mn.us; David.Moskowitz@coag.gov; Hendrickson, Cara <Cara.Hendrickson@ilag.gov>; Weaver, Henry <Robert.Weaver@ilag.gov>; Gaber, Sherief <Sherief.Gaber@ilag.gov>; Mauck, Molly <Molly.Mauck@ilag.gov>; Hunger, Sarah <Sarah.Hunger@ilag.gov>
**Subject:** [EXTERNAL] Illinois et al. v. Vought, 1:26-cv-01566: Discovery

Counsel,

Please see attached correspondence identifying deficiencies in defendants' March 2 production and requesting to meet and confer regarding those deficiencies at your earliest convenience.

Regards,
Katharine

Katharine Roller (she/her)
Complex Litigation Counsel
Office of the Illinois Attorney General
115 South LaSalle
Chicago, Illinois 60603
773-519-1842
Katharine.roller@ilag.gov

*State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.*