UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS; STATE OF CALIFORNIA; STATE OF COLORADO; and STATE OF MINNESOTA,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>RUSSELL VOUGHT, *in his official capacity as Director of the Office of Management & Budget, et al.*;<br><br>　　Defendants. | Case No. 26-cv-01566<br><br>Honorable Judge Manish S. Shah |
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>RUSSELL VOUGHT, *in his official capacity as Director of the Office of Management & Budget, et al.*;<br><br>　　Defendants. | Case No. 26-cv-02656<br><br>Honorable Judge John F. Kness |

**PLAINTIFFS' MOTION FOR REASSIGNMENT BASED ON RELATEDNESS**

1

## INTRODUCTION

Pursuant to Local Rule 40.4, Plaintiffs American Federation of State, County, and Municipal Employees, AFL-CIO ("AFSCME"), *et al.*, respectfully move this Court for reassignment of this case (Case No. 26-cv-02656) to the calendar of Judge Shah on the grounds that it is related to *Illinois v. Vought*, No. 26-cv-01566 (N.D. Ill.), which is currently pending before Judge Shah. On March 9, 2026, counsel for Plaintiffs contacted counsel for Defendants in *Illinois v. Vought* regarding this motion, who responded that Defendants oppose this motion. In support of this Motion, Plaintiffs state as follows:

## FACTUAL BACKGROUND

On March 9, 2026, Plaintiffs brought claims against the U.S. Centers for Disease Control and Prevention ("CDC"), the U.S. Department of Health and Human Services ("HHS"), and the Office of Management and Budget ("OMB") and their officers (collectively "Defendants"), challenging an OMB directive that commanded federal agencies to cut, terminate, or otherwise withhold funding to the Targeted States (the "Targeting Directive") as well as the CDC's plans to terminate numerous public health grants in accordance with that directive in Illinois, California, Colorado, and Minnesota (the "Targeted States"). *See generally* Complaint, Dkt. 1, *AFSCME v. Vought*, No. 26-cv-02656 (N.D. Ill. March 9, 2026). OMB's Targeting Directive and the CDC's effectuation of that directive were spurred by from statements made by President Trump vowing to punish these four disfavored states by cutting off federal funding. To implement OMB's Targeting Directive, HHS and CDC employed artificial intelligence ("A.I.") to contrive a *post hoc* and pretextual rationale for their decision to terminate over $600 million dollars' worth of public health grants awarded by the CDC. Defendants began notifying the Targeted States of the planned grant terminations on February 11, 2026.

2

Plaintiffs are labor organizations that represent public health employees of state and local governments throughout the Targeted States that receive federal grants from the CDC selected for termination. Plaintiffs' members working at these local and state agencies perform essential public service jobs to keep communities healthy and safe, and thus the Targeting Directive and CDC's plans to terminate public health grants threaten the jobs and livelihoods of Plaintiffs' members. Plaintiffs seek to, among other things, enjoin Defendants from implementing OMB's Targeting Directive and CDC's plans to terminate public health funding in the Targeted States.

The Targeted States filed a first lawsuit challenging OMB's Targeting Directive on February 11, 2026. *See Illinois v. Vought*, 1:26-cv-1566 (N.D. Ill.) (the "States' Case"). In addition to CDC grants targeted by OMB's Targeting Directive, Plaintiff States allege in an amended complaint facts pertaining to the Department of Transportation, the Department of Homeland Security, and the Federal Emergency Management Agency's (and their officers) plans to unlawfully terminate grants. *See* Am. Compl., Dkt. 51, *Illinois v. Vought*, 1:26-cv-1566 (N.D. Ill. Mar. 3, 2026).

The States' Case was assigned to Judge Shah. Judge Shah granted the Targeted States a Temporary Restraining Order ("TRO") on an expedited basis on February 12, finding that the Targeted States were likely to succeed on their claims that the Targeting Directive was "based on arbitrary, capricious, or unconstitutional rationales." TRO, Dkt. 21 at 1, *Illinois v. Vought*, No. 26-cv-01566 (N.D. Ill. Feb. 12, 2026). Judge Shah extended the TRO to March 12, 2026, and Plaintiff States filed an Amended Complaint on March 3, 2026. The parties in the States' Case are engaging in expedited discovery, and Plaintiff States' Motion for Preliminary Injunction is being briefed on an expedited schedule to allow for a ruling by Judge Shah prior to the expiration of the TRO. Declarations filed the States' case make clear the magnitude of the threat posed by

3

the Targeting Directive and planned public health grant cancellations on Plaintiffs' members, leading Plaintiffs to file the instant litigation. *See* Declarations Filed in Support of Motion for Preliminary Injunction, Dkt. 57-3–23, *Illinois v. Vought*, No. 26-cv-01566 (N.D. Ill. March 6, 2026).

Because the two actions are related, reassignment of the above-captioned later-filed case to Judge Shah would promote judicial efficiency.

## LEGAL STANDARD

Under Local Rule 40.4, a party moving to reassign a case based on relatedness must demonstrate that (1) the cases are related; and (2) the Local Rules' conditions for reassignment are satisfied. L.R. 40.4(a)-(c). Two cases are related if the two cases involve some of the same issues of fact or law or grow out of the same transaction or occurrence, among other reasons enumerated by the local rule. L.R. 40.4(a). Under this standard, relatedness "does not demand a complete identity of legal and factual issues; rather, the cases must 'involve some of the same issues of fact or law.'" *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20 CV 2523, 2020 WL 8367421, at *2 (N.D. Ill. Sep. 4, 2020) (quoting L.R. 40.4(a)(2)).

Then, under the Local Rules' conditions for reassignment, the party seeking reassignment of related cases must demonstrate that (1) both cases are pending in the Northern District of Illinois; (2) reassignment of the related cases "is likely to result in a substantial saving of judicial time and effort;" (3) the "earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially;" and (4) "the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b). Local Rule 40.4 "promotes efficient use of judicial resources by minimizing duplication of effort on cases

4

that have a great deal in common." *Glob. Pat. Holdings, LLC v. Green Bay Packers, Inc.*, No. 00-C-4623, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008).

## ARGUMENT

Reassignment of the above-captioned case to this Court is consistent with Rule 40.4 because it is related to the States' Case and meets each condition for reassignment under L.R. 40(b). The two cases stem from OMB's Targeting Directive ordering the termination of CDC grants in the Targeted States. Reassignment of this case to Judge Shah will not cause any delays and will result in a substantial saving of the courts' time and efforts because the cases are susceptible of disposition in a single proceeding.

### I. The Two Cases Meet the Definition of Relatedness

While Local Rule 40.4(a) requires that at least one of four conditions be met for cases to be "related," two of those conditions are met here: the two cases "grow out of the same transaction or occurrence" and "involve some of the same issues of fact or law." L.R. 40.4(a).

The two cases arise from OMB's implementation of President Trump's instruction to pull funding from the Targeted States to punish those states for their citizenries' election of representatives who oppose his political agenda. Specifically, the operative complaints in both cases allege that OMB issued its Targeting Directive in response to President Trump's call to punish so-called "sanctuary" jurisdictions by cutting over 600 million dollars' worth of public health grants awarded by the CDC, that HHS and CDC employed A.I. to manufacture a *post hoc* rationale for the decision to terminate the pre-identified grants, and that the CDC purported to implement a first set of planned grant terminations on February 11. *See* Compl. Dkt. 1, *AFSCME v. Vought*, 26-cv-02656 (Mar. 9, 2026); Am. Compl., Dkt. 51, *Illinois v. Vought*, 1:26-cv-1566 (N.D. Ill. Mar. 3, 2026).

5

It is true that Plaintiff States allege facts related to the unlawful conduct of additional agencies that purported to effectuate OMB's Targeting Directive and that the legal claims are not completely identical in the two lawsuits. But such differences do not defeat the fact that the cases clearly are "related." *See Sha-Poppin Gourmet Popcorn, LLC*, 2020 WL 8367421 at *2 (deeming cases to be related when "the claims and issues are not identical in every respect" as the cases there "share[d] a common 'factual foundation.'" *Glob. Pat. Holdings, LLC*, 2008 WL 1848142 at *3 (granting motion to reassign even though there were differences in the defendants named in the two implicated lawsuits as they "need not be absolutely identical to be related for purposes of LR 40.4."). Both cases have the same factual basis related to OMB's Targeting Directive ordering the termination of federal grants in Illinois, California, Colorado, and Minnesota. Furthermore, the irreparable harms attested to in the States' Case regarding the provision of public health services by and in the Targeted States also constitute evidence of the irreparable harms to Plaintiffs' members, as alleged in the instant complaint. *See* Compl., Dkt. 1, ¶¶ 86-103, *AFSCME v. Vought*, 26-cv-02656 (Mar. 9, 2026).

## II. The Criteria for Reassignment are Satisfied

These two related cases also meet the criteria related to judicial efficiency required for reassignment to a single judge under Local Rule 40.4(b). The first criterion is easily satisfied, as both actions are pending in the Northern District of Illinois. *See* L.R. 40.4(b)(1).

The second criterion of L.R. 40.4(b) is also clearly met. The handling of both cases by Judge Shah is likely to result in a "substantial saving" of judicial resources. Given that both cases pertain to the same agency actions of OMB and CDC, there will be substantial overlap in the litigation pathways of both cases. The factual record provided by the relevant agencies related to the Targeting Directive will be largely similar, and discovery on many issues will be

6

overlapping. Accordingly, some issues will not need to be decided more than once. As stated in *Fairbanks Cap. Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002), where the court was deciding whether to reassign four cases in front of a single court:

> Reassignment of [multiple] cases to this Court's calendar will permit these issues to be briefed and determined once, rather than four separate times, which will result in a substantial saving of judicial time and effort--not to mention a substantial saving of the parties' and their counsels' time and effort. The overall administration of justice will likewise be enhanced by having a single judge determine this issue in [multiple] cases.

As the court determined in *Sha-Poppin Gourmet Popcorn, LLC*, 2020 WL 8367421 at *3, if these cases were to proceed in multiple courts, "it is fairly clear that resolving the [cases] … in [both] actions will require each judge to tread much, if not all, of the same ground."; *see also Peery v. Chicago Hous. Auth.*, No. 13–cv–5819, 2013 WL 5408860, at *2-3 (N.D. Ill. Sept. 26, 2013) (granting motion to reassign later-filed, even though there were additional defendants in one case, because "the undoubted overlap in discovery issues between the two cases [would] result in substantial savings in both the Court's time and effort and the parties' time and effort.").

The third criterion enumerated in L.R. 40(b)(3), that a finding of relatedness will not be likely to delay either case, is also satisfied easily because neither case has progressed far. Reassigning this related case will not delay the Court's decision-making on the States' pending Motion for Preliminary Injunction nor will it in any way delay discovery in either case. *See Murry v. Am.'s Mortg. Banc, Inc.*, No. 03 C 5811, 2004 WL 407010, at *3 (N.D. Ill. Mar. 1, 2004) (a substantial delay will not occur where the earlier-filed case is still in the "preliminary stages" of litigation); *contra Williams v. Walsh Constr.*, No. 05 C 6807, 2007 WL 178309, at *3 (N.D. Ill. Jan. 16, 2007) (denying motion to reassign case where one of the two cases was scheduled to progress through trial six months before a motion for class certification and non-expert class discovery was to finish in the other).

7

Fourth, the cases are susceptible of disposition in a single proceeding. "[C]ommon issues of law and fact . . . can be resolved in a single proceeding even if some additional facts also have to be determined as to each individual plaintiff." *Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill. 2000). Moreover, "[r]eassignment does not require that the two cases be bound together, proceeding in unison for all purposes. In fact, reassignment does not even require the cases to be disposed of at the same time; they merely need to be *susceptible* to disposition at the same time." *Helferich Pat. Licensing, L.L.C. v. New York Times Co.*, No. 1:10-CV-04387, 2012 WL 1368193, at *3 (N.D. Ill. Apr. 19, 2012) (emphasis in original)*; see also Glob. Pat. Holdings*, 2008 WL 1848142 at *3-4.

Here, it is already evident that claims present in both lawsuits can be resolved at the same time by Judge Shah. The two cases here involve many of the same defendants and will likely implicate the same evidence when the ultimate merits are reached; because the lawsuits have related and overlapping claims, the disposition of each case would involve the same legal issues. Plaintiffs recognize that motions for reassignment "should not generally be filed until after the appearances of all parties have been filed in each of the proceedings involved," L.R. 40.4(c), but believe that it would best serve the interest of judicial economy to file this motion at this time given the urgency of the harms that they face from the Targeting Directive and the accelerated schedule that has been adopted in the lower-numbered action. Though the instant motion has been filed prior to Defendants' appearance in *AFSCME v. Vought*, No. 26-cv-02656, Plaintiffs will provide a copy of this motion to defense counsel as soon as they file appearances or communicate with the undersigned attorneys.

8

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court find that the above-captioned case is related to the States' Case and order that it be reassigned to the calendar of Judge Shah.

Date: March 10, 2026

/s/ Joel McElvain
Joel McElvain (DC Bar No. 448431)
Shiva Kooragayala (IL Bar No. 6336195)
Kristen Miller (DC Bar No. 229627)*
Cortney Robinson Henderson (DC Bar No. 1656074)*
Yenisey Rodríguez (DC Bar No. 1600574)*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 297-4810
jmcelvain@democracyforwward.org
skooragayala@democracyforward.org
crhenderson@democracyforward.org
consultantkmiller@democracyforward.org
yenisey.rodriguez@democracyforward.org

Matthew Blumin (DC Bar No. 1007008)*
Georgina Yeomans (DC Bar No. 1510777)*
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME)
1625 L Street NW
Washington, DC 20036
(202) 775-5900
MBlumin@afscme.org
GYeomans@afscme.org

*Motions for pro hac vice pending or forthcoming*

Counsel for All Plaintiffs

9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2026, I caused a copy of the foregoing Motion to be sent to Defendants' counsel at the U.S. Department of Justice in *Illinois v. Vought*, 1: 26-cv-1566 by electronic mail:

Michael Velchik, Michael.Velchik@usdoj.gov

Patrick Johnson, Patrick.Johnson2@usdoj.gov

/s/ Shiva Kooragayala
Shiva Kooragayala
