IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget, *et al.*,<br><br>    Defendants. | No. 26-cv-1566 |

**DEFENDANTS' RENEWED MOTION TO TRANSFER AND CLARIFY**

On February 23, 2026, less than two weeks after Plaintiffs filed their complaint, and just four days after it was served on the U.S. Attorney, ECF No. 41 ¶ 3, Defendants moved to transfer, dismiss, and clarify. ECF No. 43. The Court has resolved that motion in parts. On February 25, it granted the motion to clarify, narrowing the scope of the TRO to exclude the President. ECF No. 50 at 3. On March 4, following Plaintiffs' filing of what was styled as an amended complaint, ECF No. 51, it denied the motion to dismiss as moot. ECF No. 53.

Defendants understand the motion to transfer to remain pending, although the record on that point is not entirely unambiguous. The notification of docket entry for the March 4 hearing states only that the motion to dismiss—and not the motion to transfer—was terminated as moot. ECF No. 53 ("The motion to dismiss [43] is terminated as moot, based on the filing of an amended complaint."). The docket text itself is virtually identical. ECF No. 53 ("The motion to dismiss 43 is terminated as moot, based on the filing of an amended complaint."). However, upon review of the transcript of the March 4 hearing, which Defendants obtained only late Tuesday—it appears

1

that the Court stated that the "filing of the amended complaint . . . does mean that the pending motion to dismiss or transfer is moot." Hr'g Tr. 7:19–21 (Mar. 4, 2026), ECF No. 54.

Defendants understand the formal entries on the docket to best reflect the Court's intent and the current status of the transfer motion. Indeed, given that Plaintiffs' amended complaint did not fundamentally alter their legal theories or claims, it is not clear why the transfer motion would be moot. "[C]ourts to have considered the issue have routinely found that an amended complaint does not ordinarily moot a motion to transfer venue." *Primary Prods. LLC v. Apple, Inc.*, No. 2:21-cv-00137-JDL, 2021 U.S. Dist. LEXIS 152827, at *2 (D. Me. Aug. 13, 2021). Further, such a disposition would be in tension with the text of 28 U.S.C. § 1292(d)(4)(B), which provides that "[w]hen a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion." Thus, if the Court intended to find the motion to transfer moot, Defendants respectfully request that it clarify as much.

In any event, out of an abundance of caution—both to ensure that the record is clear that there remains a pending motion to transfer, and to ensure that the motion applies to the new Defendants, should the Court find they were properly added to the case, *but see* ECF No. 58 at 7–8—Defendants respectfully renew their motion to transfer this case to the Court of Federal Claims for the reasons set forth in their prior briefing, ECF Nos. 53, 58, which they hereby incorporate by reference to avoid burdening the Court with repetitive papers.

Counsel for Defendants reached out to counsel for Plaintiffs to ascertain their position on this motion and are authorized to state Plaintiffs' position as follows: "Plaintiff States oppose the relief sought in this motion and take no position on the form of the motion."

2

Dated: March 12, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC HAMILTON
Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Director

<u>/s Michael Velchik</u>
MICHAEL VELCHIK (DC #187249)
Senior Counsel to the Assistant Attorney General
U.S. Department of Justice
950 Pennsylvania Ave
Washington DC 20530
(202) 860-8388
Email: michael.velchik@usdoj.gov

*Counsel for Defendants*