**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| State of Illinois, *et al.*, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> Russell Vought, in his official capacity as Director of the Office of Management and Budget, *et al.*, <br><br> *Defendants*. | No. 26-1566 |
| American Federation of State, County, and Municipal Employees, AFL-CIO, *et al.*, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> Russell Vought, in his official capacity as Director of the Office of Management and Budget, *et al.*, <br><br> *Defendants*. | No. 26-2656 |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Defendants respectfully move for an extension of time of the March 23 deadline to file written objections to the motions to enforce and reassign, and state as follows:

1.     In *Illinois v. Vought*, No. 26-1566, Plaintiffs—four states—filed a complaint on February 11, and Defendants moved to transfer or dismiss on February 23. Plaintiffs filed an amended complaint on March 3, prompting the Court to deny Defendants' motion to dismiss as moot on March 4.  On March 12, Defendants sought

clarification that their motion to transfer remains pending and, in an abundance of caution, filed a renewed motion to transfer.  ECF No. 62.

2.      In the meantime, the *Illinois* Plaintiffs sought expedited discovery, which the Court granted, and moved for a preliminary injunction, relying in part on Defendants' discovery responses.  They then moved to enforce the Court's discovery order, largely contending that Defendants' invocation of the deliberative process privilege was improper.  ECF No. 55.  On March 12, the Court granted a preliminary injunction and set a status hearing for March 26.  ECF Nos. 63, 64.

3.      In *AFSCME v. Vought*, No. 26-2656, Plaintiffs—two employee unions—filed a complaint on March 9.  After that case was assigned to Judge Kness on March 10, they moved for it to be reassigned to this Court as related to *Illinois*.  ECF No. 59.

4.      On March 16, this Court scheduled the motions to clarify, enforce, and reassign for presentment at the March 26 status hearing, and ordered that written objections, although not required, may be filed by March 23.  ECF No. 66.

5.      For the reasons below, Defendants respectfully move to extend the March 23 deadline to file written objections the motions to enforce and reassign until at least 7 days after the March 26 hearing, to the extent those obligations are not stayed.

6.      To begin, Defendants' counsel in both cases will be out of the office on previously scheduled leave for nearly the entire briefing period.  Lead counsel in *Illinois*, Michael Velchik, has been away from the office since the evening of March 13, and will not return until March 23.  And although in his absence another attorney, Pardis Gheibi, has filed an appearance in *AFSCME*, she will be out of the office from March 17 through March 25.

7. Moreover, Defendants respectfully submit that the automatic stay under 28 U.S.C. § 1292(d)(4)(B) precludes further proceedings on the motions to enforce and reassign. That statute provides that "'[w]hen a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion.'" ECF No. 50 at 2 (quoting 28 U.S.C. § 1292(d)(4)(B)). In *AFSCME*, a motion to transfer is now pending. ECF No. 16, *AFSCME v. Vought*, No. 26-2656. And in *Illinois*, regardless of how the motion to clarify is resolved, either the original or the renewed transfer motion will remain pending, and thus the stay will remain in effect, as the Court appeared to recognize in its preliminary injunction decision. *See* ECF No. 63 at 5 n.2 (concluding that "[t]he automatic stay from 28 U.S.C. § 1292(d)(4)(B) did not preclude the amendment" of the complaint as of right, because that "did not involve a proceeding," and that "the stay does not bar the granting of preliminary injunctive relief"). In permitting expedited discovery, the Court invoked an "exception" to the automatic stay where "expedition is reasonably necessary to grant preliminary injunctive relief." ECF No. 50 at 2. Even if that were proper, preliminary injunctive relief has now been granted, so the exception is no longer applicable, and the automatic stay bars further proceedings in this case "'until 60 days after the court has ruled upon the motion'" to transfer. *Id.* (quoting 28 U.S.C. § 1292(d)(4)(B)). At the very least, the Court should clarify why continued proceedings such as these are not governed by the automatic stay, and Defendants should not be put to the significant burdens of submitting written objections to the motions to enforce and reassign—including, in the case of the discovery motion, the potential submission of declarations and privilege logs justifying Defendants' privilege assertions—in the meantime.

3

8.     Finally, Plaintiffs would not be prejudiced by the requested extension. There is no particular exigency, given that the *Illinois* Plaintiffs are, of course, protected by the preliminary injunction.  And the *AFSCME* Plaintiffs, who allege that they represent employees of certain grantees, do not appear to dispute that the preliminary injunction likewise affords them relief as a practical matter.

9.     Before filing this motion, counsel for Defendants conferred with counsel for Plaintiffs in both cases, who reported that Plaintiffs could not consent to the requested relief at this time and would respond in writing once this motion was filed.

WHEREFORE, the Court should extend the March 23 deadline to respond to the motions to enforce and reassign until at least 7 days after the March 26 hearing, to the extent those obligations are not stayed.

Dated:  March 18, 2026

Respectfully submitted,

ANDREW S. BOUTROS

United States Attorney

By: s/ Patrick Johnson
PATRICK JOHNSON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5327
patrick.johnson2@usdoj.gov


BRETT A. SHUMATE
Assistant Attorney General

ERIC HAMILTON
Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Director

4

MICHAEL VELCHIK (DC #187249)
Senior Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Ave.
Washington, DC 20530
(202) 860-8388
michael.velchik@usdoj.gov

*Counsel for Defendants*