**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.,* <br><br>     *Plaintiffs,* <br><br>     v. <br><br> RUSSEL VOUGHT, in his official capacity as Director of the Office of Management and Budget, *et al.,* <br><br>     *Defendants.* | Case No. 26-cv-01556 <br> Honorable Judge Manish S. Shah |
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO *et al.*, <br><br>     *Plaintiffs*, <br><br>     v. <br><br> RUSSELL VOUGHT, in his official capacity as Director of the Office of Management & Budget, *et al.*, <br><br>     *Defendants*. | Case No. 26-cv-2656 <br> Honorable Judge John F. Kness |

***AFSCME* PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR EXTENSION OF TIME**

Plaintiffs American Federation of State, County, and Municipal Employees, AFL-CIO

(AFSCME) and AFSCME Council 31 (hereafter "AFSCME Plaintiffs") respectfully oppose

Defendants' motion for an extension of time to file a written objection to Plaintiffs' motion to

reassign.

1

On March 9, 2026, the AFSCME Plaintiffs filed a complaint against the U.S. Centers for Disease Control and Prevention ("CDC"), the U.S. Department of Health and Human Services ("HHS"), and the Office of Management and Budget ("OMB"), and their officers challenging an OMB directive that commanded federal agencies to cut, terminate, or otherwise withhold public health funding to Illinois, California, Colorado, and Minnesota, as well as the CDC's announcement of its plans to terminate numerous public health grants to those states in accordance with that directive. *See generally* Complaint, Dkt. No. 1, *AFSCME v. Vought*, No. 26-cv-02656 (N.D. Ill. March 9, 2026).

The next day, March 10, the AFSCME Plaintiffs moved for reassignment of their case to this Court on the grounds that it is related to *Illinois v. Vought*, No. 26-cv-01566 (N.D. Ill.), a case filed against the same Defendants challenging the same government actions. Dkt. No. 59. The AFSCME Plaintiffs noticed their motion for a hearing on Tuesday, March 17. Defendants indicated their opposition to the motion and their intent to appear telephonically on March 17, but did not file a written objection or request an extension of time to do so.

On March 16, this Court rescheduled the AFSCME Plaintiffs' motion for reassignment to be presented at the March 26, 2026 status hearing in *Illinois v. Vought* and ordered that any written objections to the motion be filed by March 23, 2026. Dkt. No. 66. The following day, Defendants filed a motion to transfer the AFSCME Plaintiffs' case to the Court of Federal Claims. *AFSCME v. Vought*, Dkt. No. 16.

After rushing to file a motion to transfer, Defendants now ask for additional time to object to the earlier-filed motion for reassignment, Dkt. No. 67, but fail to explain why case assignment cannot or should not be decided on March 26. The Court's March 23 deadline gives the government nearly two weeks to object or respond to Plaintiffs' motion to reassign.

2

Notwithstanding the schedules of Defendants' lead counsel, the government does not submit that Defendants' counsel would be unavailable to argue any objection to the Plaintiffs' motion at the March 26th status hearing. And Defendants acknowledge that a written objection to Plaintiffs' motion "is not required." Dkt. No. 67 at ¶ 4. Indeed, Defendants did not file any written objection to the motion ahead of its originally scheduled hearing date of March 17.[1]

Defendants' reliance on 28 U.S.C. § 1292(d)(4)(B) also fails. First, without conferring with the AFSCME Plaintiffs, Defendants filed a motion to transfer the AFSCME Plaintiffs' case to the Court of Federal Claims. (That transfer motion is insubstantial, for reasons that the AFSCME Plaintiffs will explain in forthcoming briefing.) Then, less than 24 hours later, Defendants submitted this request for an extension of time claiming scheduling conflicts. So any urgency Defendants now face relating to the motion to reassign is a time crunch of their own making, not a byproduct of Section 1292(d)(4)(B).

Second, Section 1292(d)(4)(B) cannot operate as a stay of AFSCME's motion to reassign. AFSCME's request for reassignment is a routine, initial case management decision, not a "proceeding" within the meaning of Section 1292(d)(4)(B) that goes to the ultimate merits of the case. The Court has an inherent authority to manage its own "dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). A ruling on the motion to reassign "does not permit this case to move forward on the merits," and so is not subject to any stay under Section 1292(d)(4)(B); rather, it is administrative in nature, ensuring judicial efficiency for the Court and parties. *Friant Water Auth. v. Jewell*, No. 1:14-CV-000765-LJO, 2014 WL 5325352, at *3 (E.D. Cal. Oct. 17, 2014) (finding "Section

---

[1] Moreover, a further extension could result in a substantial delay of this Court's determination of the motion to reassign. The AFSCME Plaintiffs' lead counsel is unavailable to appear before this Court the week of March 30 due to previously-scheduled travel plans.

1292(d)(4)(B) does not bar this Court from hearing the pending motion to intervene for purposes of being heard on the motion to transfer"); *see also* H.R. REP NO. 100-889, at 52-53 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6013 (clarifying that this provision was designed to "postpon[e] consideration *of the merits* until after jurisdictional questions are resolved") (emphasis added). Section 1292(d)(4)(B) does not preclude such initial determinations of case management matters.

Finally, AFSCME intends to file a motion for preliminary injunction in due course. All parties acknowledge Section 1292(d)(4)(B) does "not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary." *See* Dkt. No. 67 at ¶ 7; *see also* Dkt. No. 45 at 12. This exception extends to matters related to such relief. The Court will need to determine which judge will hear Plaintiffs' forthcoming preliminary injunction motion, which will present substantially overlapping facts and legal issues as the preliminary injunction in *Illinois v. Vought*, thus necessitating a prompt determination of Plaintiffs' motion to reassign.

For all these reasons, Plaintiffs respectfully ask this Court to deny Defendants' request for an extension of time.

Date: March 19, 2026

/s/ Joel McElvain

Joel McElvain (DC Bar No. 448431)
Shiva Kooragayala (IL Bar No. 6336195)
Kristen Miller (DC Bar No. 229627)*
Cortney Robinson Henderson (DC Bar No. 1656074)*
Yenisey Rodríguez (D.C. Bar No. 1600574)*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 297-4810

jmcelvain@democracyforwward.org
skooragayala@democracyforward.org
consultantkmiller@democracyforward.org
crhenderson@democracyforward.org
yrodriguez@democracyforward.org


Matthew Blumin (DC Bar No. 1007008)*
Georgina Yeomans (DC Bar No. 1510777)*
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO (AFSCME)
1625 L Street NW
Washington, DC 20036
(202) 775-5900
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for AFSCME Plaintiffs*

5