**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS *et al.*, | |
| Plaintiffs, | Case No. 26-cv-1566 |
| v. | Hon. Manish S. Shah |
| RUSSELL VOUGHT, *in his official capacity as Director of the Office of Management & Budget*, *et al.*, | |
| Defendants. | |

**PLAINTIFF STATES' OPPOSITION TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Defendants' "Motion for Extension of Time" goes far beyond a request for more time based on counsel's availability. The motion instead focuses on an argument against Plaintiff States' motion to enforce, ECF 55, that it is allegedly barred by 28 U.S.C. § 1292(d)(4)(B). *See* ECF 67 ¶ 7. Defendants have already made similar argument in writing three times, *see* ECF 43-1 at 9, 12, 19; ECF 58 at 15–16; ECF 62 at 2; and they could do so again on March 23, 2026, as invited by the Court, ECF 66.[1] But they instead seek asymmetrical relief from the March 23 deadline, insisting that they should not be asked to respond "until at least 7 days after the March 26 hearing." ECF 67 ¶ 5. The effect of that relief would be to bump their motion to transfer ahead of Plaintiff States' motion to enforce, overriding the Court's recent determination that all matters should be discussed at the March 26 status conference, ECF 66, and its earlier conclusion that the discovery it ordered was relevant to the questions presented by defendants' motion to transfer, ECF 50 at 2. The existing deadlines and the March 26 status hearing should stand.

---

[1] Page numbers are taken from the CM/ECF header placed at the top of filings.

## I. BACKGROUND

This action challenges a directive issued by the Office of Management and Budget ("OMB"), commanding other federal agencies to target Plaintiff States for funding cuts. ECF 51 ¶¶ 2, 56–64. The operative complaint alleges that the directive's implementation thus far encompasses at least the Department of Health and Human Services ("HHS"), its component the Centers for Disease Control and Prevention ("CDC"), the Department of Transportation ("DOT"), and the Department of Homeland Security ("DHS"). *Id.* ¶¶ 65–75.

On March 12, 2026, the Court granted in part Plaintiff States' motion for a preliminary injunction. ECF 63–64. The Court held that Plaintiff States could likely establish a "final decision by OMB with a different motive than what HHS used to explain its grant-termination decision," namely a "directive that guided HHS to terminate plaintiffs' grants." ECF 63 at 4. The Court held that Plaintiff States could not "yet" substantiate that the same directive was "at work against [Plaintiff States] at DOT and DHS." *Id.*

During the life of the earlier temporary restraining order ("TRO"), ECF 20–21, the parties engaged in expedited discovery practice and debated the scope of the stay contemplated by 28 U.S.C. § 1292(d)(4)(B). Two days after entry of the TRO, on February 14, Plaintiff States sought expedited discovery in order to assess the jurisdictional questions in this case and support their forthcoming motion for preliminary injunction. *See* ECF 28. Defendants then moved to transfer this case to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 or, in the alternative, to dismiss all claims for want of jurisdiction under Rule 12(b)(1). ECF 43. The transfer motion presented argument concerning the § 1292(d)(4) stay. *See* ECF 43-1 at 9, 12, 19; *see also* Feb. 25, 2026, Hearing Tr. at 13:10–13 (same, oral argument). Replying in support of expedited discovery, Plaintiff States argued that the § 1292(d)(4) stay did not apply to jurisdictional discovery or to discovery in support of a preliminary-injunction motion. ECF 45 at 13–15.

On February 25, the Court granted certain expedited discovery and rejected defendants' overbroad view of the scope of the § 1292(d)(4) stay, ruling that "if expedition is reasonably necessary to grant preliminary injunctive relief, the statute allows an exception to the stay." ECF 50 at 2. In this case, furthermore, "[e]xpedition is reasonably necessary to allow this court to assess its jurisdiction and to decide whether preliminary injunctive relief is warranted." *Id.*

On March 6, Plaintiff States moved for a preliminary injunction. ECF 56. They also moved to enforce the February 25 discovery order, arguing that defendants' production thus far was both incomplete and improperly redacted. ECF 55. Defendants opposed preliminary relief as to DOT and DHS based on the § 1292(d)(4) stay. *See* ECF 58 at 15–16. And, on March 12, defendants filed a "renewed motion to transfer and clarify," presenting still further argument about the § 1292(d)(4) stay. *See* ECF 62 at 2.

After granting the preliminary injunction, the Court consolidated all pending matters onto a single status date set for March 26, 2026. ECF 66. The pending matters are Plaintiff States' motion to enforce the Court's discovery order, ECF 55; defendants' motion to clarify, ECF 62; and a motion from the American Federation of State, County, and Municipal Employees to relate its newly filed case to this case, ECF 59. The Court invited, but did not require, written objections to the motions by March 23. ECF 66.

On March 18, defendants sought Plaintiff States' position on the relief sought in their current motion, that defendants' deadlines be extended at least seven days past the March 26 status hearing. *See* ECF 67 ¶ 5. Defendants did not propose any mutual extension of deadlines. Plaintiff States indicated that they could not consent and would express their views in writing.

## II. ARGUMENT

Defendants' basic premise for the motion to extend the deadlines is that everything in this matter is stayed by operation of 28 U.S.C. § 1292(d)(4)(B). ECF 67 ¶ 7. They therefore seek an

extension of only their deadlines until at least a week past the upcoming status date, *id.* ¶ 5, effectively contending that their motion should be advanced prior to all others. But this Court has already rejected these premises, holding that the § 1292(d)(4) stay does not categorically bar discovery, ECF 50 at 2, that the discovery the Court ordered was relevant to the jurisdictional questions presented by the motion to transfer, *id.*, and that all pending matters should be discussed at the March 26 status date, ECF 66. Defendants' request for an asymmetrical extension of the Court's deadline for objections should be rejected because it ignores those prior conclusions and inflicts unfair prejudice on Plaintiff States. The existing dates should stand.

A.      **28 U.S.C. § 1292(d)(4)(B) does not bar the jurisdictional discovery that Plaintiff States seek pursuant to an existing court order.**

A stay pursuant to 28 U.S.C. § 1292(d)(4)(B) does not prevent Plaintiff States from continuing to develop the essential facts "necessary to allow this court to assess its jurisdiction and to decide whether preliminary injunctive relief is warranted." ECF 50 at 2. Defendants' position that Plaintiff States must oppose the motion to transfer on the record as defendants have presented it—and then wait for months without recourse—fails on the law, conflicts with the Court's prior orders in this case, and offends basic fairness.

In the order that Plaintiff States seek to enforce, this Court held that "[e]xpedition [of discovery] is reasonably necessary to allow this court to assess its jurisdiction," and thus such discovery is not stayed by operation of § 1292(d)(4)(B). ECF 50 at 2. "[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). "Jurisdictional discovery is an essential exercise of that jurisdiction." *Brown v. Montgomery*, 2025 WL 3679031, at *2 (7th Cir. Dec. 18, 2025). Here, defendants have put the Court's jurisdiction in factual dispute by suggesting that OMB has issued no overarching directive to target Plaintiff States, while never actually denying that such a directive exists. *See* ECF 43, 58, 62. In so doing,

4

defendants created the need for the discovery to which they now object. Defendants cannot logically (or justly) argue that the Court has the power to decide their jurisdictional motion to transfer, ECF 43, but lacks the power to order discovery of the facts necessary to decide it.

Here, the requested discovery would "ensure[] a full and fair airing of the issues presented in the motion to transfer," *Friant Water Auth. v. Jewell*, 2014 WL 5325352, at *3 (E.D. Cal. Oct. 17, 2014), and the Court has already determined that such discovery is exempt from the § 1292(d)(4) stay. Notably, a full airing of the jurisdictional issues would also shed light on OMB's directives to DOT and DHS, the agencies in this case where no preliminary relief has entered. The Court held that "the record does not *yet* support" injunctive relief as to other agencies. ECF 63 at 4 (emphasis supplied). Evidence about what OMB has told those other agencies—which bears on this Court's jurisdiction, the scope of the case in front of it, and the scope of preliminary relief— may already be available underneath defendants' improper and overbroad redactions. *See* ECF 55 at 4, 7–8; ECF 57-4.

Relatedly, jurisdictional discovery was already ordered by this Court, ECF 50, and the Court has inherent and continuing power to enforce its own orders. Defendants label their filing as a "motion for extension of time," but it functions as a motion to vacate the Court's prior ruling: Defendants seek to use the § 1292(d)(4) stay to halt any enforcement practice on the Court's own discovery order. Section 1292(d)(4) cannot bear that weight because "[i]t is well understood that 'courts have inherent power to enforce compliance with their lawful orders.'" *Ott v. City of Milwaukee*, 682 F.3d 552, 555 (7th Cir. 2012) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Indeed, this Court has "ancillary jurisdiction" to exercise its "inherent power to enforce its judgments," *Peacock v. Thomas*, 516 U.S. 349, 356 (1996), so the Court of Federal Claims cannot possibly oust the Court from that role. A court must possess such power in order

5

"to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994). And the Court enjoys "great discretion when deciding how to enforce violations of its own orders." *R.I. State Council of Churches v. Rollins*, 158 F.4th 304, 314 (1st Cir. 2025) (quoting *Eagle Comtronics, Inc. v. Arrow Commc'n Labs., Inc.*, 305 F.3d 1303, 1314 (Fed. Cir. 2002)). The § 1292(b)(4) stay does not override this fundamental aspect of the judicial power.

**B.     All existing dates should accordingly stand.**

Defendants' mistaken premise that their motion to transfer must be decided first, and all discovery or other proceedings be stayed in the meantime, ECF 67 ¶ 7, fails to justify extension of the March 23 deadline. For one, defendants' § 1292(d)(4) argument simply constitutes an objection to Plaintiff States' pending motion to enforce, and defendants could file it on March 23 as written, if they wish. To place the argument before the Court *early* hardly constitutes basis for extension. Defendants' view about the § 1292(d)(4) stay also leads them to seek an asymmetrical extension of the March 23 deadline only for defendants, while maintaining that consideration of their own motion to clarify must still move forward. ECF 67 ¶ 5. Defendants' "motion for extension of time" thus functions as a motion to re-order the hearing of all other motions, another improper basis for their requested relief.

Moreover, defendants are wrong to assert that Plaintiff States "would not be prejudiced by the requested extension" simply because the Court has granted Plaintiff States some—but not all—of the preliminary relief they requested. ECF 67 ¶ 8. As discussed in Plaintiff States' motion for preliminary injunction, *see* ECF 56 at 35–37, Plaintiff States continue to suffer ongoing irreparable harm from loss of transportation funds that enable critical transportation projects, including projects to remedy unsafe traffic conditions, in which Plaintiff States have already invested, and further harm from the loss of disaster recovery funds that are needed to repair damaged or

dangerous infrastructure before new disasters strike. The Court has made clear that, to establish the Court's jurisdiction to address such harms, Plaintiff States would have to build a more extensive record regarding direction that OMB has given to DOT and DHS. ECF 63 at 4. Because public safety is at risk, a further delay of even seven days in building that record—let alone the months of delay that defendants seek—would be highly prejudicial.

Defendants, on the other hand, suffer no prejudice from keeping to the Court's existing schedule. The Court's minute entry did not even mandate that defendants file any written advocacy on Monday: "Although not required, written objections to the motions may be filed by 3/23/26." ECF 66. So, if the sole remaining issue is that defendants lack capacity to file in writing, the parties should simply discuss all outstanding issues in the case at the status hearing on March 26, as directed by the minute order.

### III. CONCLUSION

For the foregoing reasons, Plaintiff States oppose defendants' Motion for Extension of Time.

Dated: March 19, 2026

<div style="display:flex">
<div>

**ROB BONTA**
*Attorney General of California*

By: */s/ Harald H. Kirn*
R. MATTHEW WISE*
KATHLEEN BOERGERS
*Supervising Deputy Attorneys General*
HARALD H. KIRN
CHRISTOPHER KISSEL*
CARTER JANSEN*
DAVID GREEN*
*Deputy Attorneys General*
California Office of the Attorney General
1300 I Street
Sacramento, CA 95814
916-210-6111
Harald.Kirn@doj.ca.gov
Christopher.Kissel@doj.ca.gov
Carter.Jansen@doj.ca.gov
David.Green@doj.ca.gov

*Counsel for the State of California*

</div>
<div>

**KWAME RAOUL**
*Attorney General of Illinois*

By: */s/ R. Henry Weaver*
CARA HENDRICKSON
*Executive Deputy Attorney General*
KATHARINE ROLLER
*Complex Litigation Counsel*
SARAH HUNGER
*Deputy Solicitor General*
MATTHEW FREILICH
SHERIEF GABER
MOLLY MAUCK
AKANKSHA SHAH
R. HENRY WEAVER
BRIANNA YANG
*Assistant Attorneys General*
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000
Cara.Hendrickson@ilag.gov
Katharine.Roller@ilag.gov
Sarah.Hunger@ilag.gov
Sherief.Gaber@ilag.gov
Molly.Mauck@ilag.gov
Robert.Weaver@ilag.gov

*Counsel for the State of Illinois*

</div>
</div>

**PHILIP J. WEISER**
*Attorney General of Colorado*

By: */s/ David Moskowitz*
DAVID MOSKOWITZ
*Deputy Solicitor General*
SARAH H. WEISS
*Senior Assistant Attorney General*
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov
Sarah.Weiss@coag.gov

*Counsel for the State of Colorado*

**\*** Pro Hac Vice Forthcoming

**KEITH ELLISON**
*Attorney General of Minnesota*

By: */s/ Katherine Bies*
KATHERINE BIES
ED STOCKMEYER
*Assistant Attorneys General*
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101
(651) 300-0917
Katherine.Bies@ag.state.mn.us
Ed.Stockmeyer@ag.state.mn.us

*Counsel for the State of Minnesota*