UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STATE OF ILLINOIS *et al.*,

    Plaintiffs,

    v.

RUSSELL VOUGHT, *in his official capacity as Director of the Office of Management & Budget*, *et al.*,

    Defendants.

Case No. 26-cv-1566

Hon. Manish S. Shah

**PLAINTIFF STATES' OBJECTIONS TO
DEFENDANTS' RENEWED MOTION TO TRANSFER AND CLARIFY**

Plaintiff States have no position on whether defendants' original motion to transfer, ECF 43, remains pending before the Court. Regardless of form, however, Plaintiff States oppose transfer of this matter to the Court of Federal Claims and seek full opportunity to be heard on that question, allowing time for further factual development of the nature of defendants' actions. Plaintiff States would therefore respectfully request a reasonable deadline to respond to the motion based on a developed record.

**I. PROCEDURAL HISTORY**

This action challenges a directive issued by the Office of Management and Budget ("OMB"), commanding other federal agencies to target Plaintiff States for funding cuts. ECF 51 ¶¶ 2, 56–64. The operative first amended complaint, filed on March 3, 2026, alleges that the directive's implementation thus far encompasses at least the Department of Health and Human Services ("HHS"), its component the Centers for Disease Control and Prevention ("CDC"), the Department of Transportation ("DOT"), and the Department of Homeland Security ("DHS"). *Id.*

¶¶ 65–75. The original complaint, filed February 11, similarly alleged that the directive had gone to DOT, ECF 1 ¶ 40, but it named only OMB, HHS, CDC, and their officials as defendants.

On February 23, defendants moved to transfer this case to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 or, in the alternative, to dismiss all claims in the original complaint for want of jurisdiction under Rule 12(b)(1). ECF 43. On March 3, Plaintiff States exercised their power to amend the complaint as of right. *See* ECF 51; Fed. R. Civ. P. 15(a)(1).

On March 4, the Court entered a briefing schedule on a motion for preliminary injunction. It further held that "[t]he motion to dismiss [43] is terminated as moot, based on the filing of an amended complaint." ECF 53.

On March 12, after expedited briefing, the Court granted in part Plaintiff States' motion for a preliminary injunction. ECF 63–64. The Court held that Plaintiff States were sufficiently likely to establish a "final decision by OMB with a different motive than what HHS used to explain its grant-termination decision." ECF 65 at 4.[1] But the Court held that "the record does not yet support" Plaintiff States' allegations about an OMB directive as to defendants DOT and DHS, noting that "the official record in this case is limited to HHS (because of the scope of the lawsuit before plaintiffs filed an amended complaint)." *Id.*

Earlier in the day on March 12, defendants filed a "renewed motion to transfer and clarify." ECF 62. The motion states that defendants "understand the motion to transfer to remain pending," but it seeks clarification on that point. *Id.* at 1–2. In the alternative, defendants "renew their motion to transfer this case to the Court of Federal Claims for the reasons set forth in their prior briefing," which defendants "incorporate by reference." *Id.* at 2.

---

[1] Page numbers are taken from the CM/ECF header placed at the top of filings.

## II. ARGUMENT

Plaintiff States take no position on whether defendants' original motion to transfer remains pending. *See* ECF 62 at 2 (reflecting Plaintiff States' position on that question). The Court's March 16 minute entry set a deadline for any "written objections" as to the "pending motion[] … to clarify." ECF 66. If the Court seeks Plaintiff States' view on only the clarification question, then Plaintiff States indicate that they have no view on that question.

On the substance, Plaintiff States oppose transfer of this matter to the Court of Federal Claims, as explained in their preliminary-injunction motion and thus incorporated herein. *See* ECF 56 at 22–27. Plaintiff States, however, respectfully seek full opportunity to respond to that renewed motion on a timeline that would allow time to complete jurisdictional discovery into the nature of the OMB directive at issue. For instance, the record is less complete as to the Targeting Directive's implementation at DOT and DHS, in part because defendants have not complied with the discovery order in several respects, including by improperly redacting and omitting pertinent and responsive materials. *See* ECF 55. Plaintiff States should have the chance—and the needed time—to seek evidence as to all defendants in the operative complaint before they must respond to the motion to transfer.[2]

Affording time for additional fact development will likely result in more evidence bearing on the jurisdictional questions in this case. The expedited discovery that the Court granted during the life of the temporary restraining order, ECF 50, uncovered abundant documentary evidence of what Plaintiff States alleged in their original complaint, evidence that the Court relied on in making

---

[2] Defendants seek to renew their motion to transfer this case to the Court of Federal Claims only for the reasons set forth in their prior briefing. *See* ECF 62 at 2. But defendants' prior motion to transfer was filed on February 23, 2026, ECF 43, and does not include any reference to the operative first amended complaint or to multiple defendants named in the first amended complaint. *See* ECF 51 (filed March 3, 2026). The Court has rejected defendants' argument that the operative complaint was improperly filed. *See* ECF 63 at 5 n.2.

its findings of fact at the preliminary-injunction stage, ECF 63 at 2–4. Plaintiff States have sought to enforce defendants' compliance with the Court's existing discovery order, ECF 55, and that motion will be before the Court on March 26, ECF 66. Plaintiff States respectfully submit that it would further the interests of justice to allow for fuller development of the record before Plaintiff States must respond to the motion to transfer.

### III. CONCLUSION

For the foregoing reasons, Plaintiff States respectfully request that, if defendants' motion to transfer is still pending, or if it was mooted but has now been properly renewed, the Court set a briefing schedule thereon that affords adequate time for additional fact development.

Dated: March 23, 2026

**ROB BONTA**
*Attorney General of California*

By: */s/ Harald H. Kirn*
R. MATTHEW WISE*
KATHLEEN BOERGERS
*Supervising Deputy Attorneys General*
HARALD H. KIRN
CHRISTOPHER KISSEL*
CARTER JANSEN*
DAVID GREEN*
*Deputy Attorneys General*
California Office of the Attorney General
1300 I Street
Sacramento, CA 95814
916-210-6111
Harald.Kirn@doj.ca.gov
Christopher.Kissel@doj.ca.gov
Carter.Jansen@doj.ca.gov
David.Green@doj.ca.gov

*Counsel for the State of California*

**KWAME RAOUL**
*Attorney General of Illinois*

By: */s/ R. Henry Weaver*
CARA HENDRICKSON
*Executive Deputy Attorney General*
KATHARINE ROLLER
*Complex Litigation Counsel*
SARAH HUNGER
*Deputy Solicitor General*
MATTHEW FREILICH
SHERIEF GABER
MOLLY MAUCK
AKANKSHA SHAH
R. HENRY WEAVER
BRIANNA YANG
*Assistant Attorneys General*
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000
Cara.Hendrickson@ilag.gov
Katharine.Roller@ilag.gov
Sarah.Hunger@ilag.gov
Sherief.Gaber@ilag.gov
Molly.Mauck@ilag.gov
Robert.Weaver@ilag.gov

*Counsel for the State of Illinois*

5

**PHILIP J. WEISER**
*Attorney General of Colorado*

By: */s/ David Moskowitz*
DAVID MOSKOWITZ
*Deputy Solicitor General*
SARAH H. WEISS
*Senior Assistant Attorney General*
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov
Sarah.Weiss@coag.gov

*Counsel for the State of Colorado*

**\*** Pro Hac Vice Forthcoming

**KEITH ELLISON**
*Attorney General of Minnesota*

By: */s/ Katherine Bies*
KATHERINE BIES
ED STOCKMEYER
*Assistant Attorneys General*
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101
(651) 300-0917
Katherine.Bies@ag.state.mn.us
Ed.Stockmeyer@ag.state.mn.us

*Counsel for the State of Minnesota*

6