**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| State of Illinois, *et al.*, | |
| *Plaintiffs*, | |
| *v.* | No. 26-1566 |
| Russell Vought, in his official capacity as Director of the Office of Management and Budget, *et al.*, | |
| *Defendants.* | |
| American Federation of State, County, and Municipal Employees, AFL-CIO, *et al.*, | |
| *Plaintiffs*, | |
| *v.* | No. 26-2656 |
| Russell Vought, in his official capacity as Director of the Office of Management and Budget, *et al.*, | |
| *Defendants.* | |

**DEFENDANTS' OPPOSITION TO
THE MOTION TO REASSIGN *AFSCME***

The motion to reassign *AFSCME v. Vought* to this Court based on its asserted relatedness to *Illinois v. Vought* should be denied. The *AFSCME* Plaintiffs sat on the sidelines for nearly a full month while expedited proceedings in *Illinois* took place. Those proceedings have now included the imposition of a TRO, a motion to transfer, a motion to dismiss, the extension of the TRO, expedited discovery, the granting of a preliminary injunction, and four hearings—much of which has taken place notwithstanding the automatic stay under 28 U.S.C. § 1292(d)(4)(B).

1

Having watched these developments unfold, the *AFSCME* Plaintiffs now want in on the action. They filed a complaint on March 9, almost a month after the February 12 entry of a TRO in *Illinois*—and nearly two weeks after the February 25 grant of expedited discovery. They moved for reassignment on March 10, only after *AFSCME* was randomly assigned to Judge Kness. And while their now two-week-old complaint states that they plan to seek "preliminar[y]" relief, *AFSCME* ECF No. 1 at 43 ¶ d, and they indicated last Thursday that such a motion would come "in due course," *Illinois* ECF No. 68 at 4, it is still nowhere to be seen—perhaps because they are less concerned with expediency than in ensuring that their motion is heard before their preferred tribunal.

This gambit should not be rewarded. Even if the two cases were considered technically related based on the overlap of some legal claims, Plaintiffs fall decidedly short of their burden to show that reassignment is appropriate, not least because the efficiency gains they point to are illusory. Although the *Illinois* case has already progressed substantially, the *AFSCME* Plaintiffs ask the Court to shift gears. They sue only a subset of the current Defendants, *AFSCME* ECF No. 1; seek to inject multiple new claims for relief, *see id.* ¶¶ 142–52 (First Amendment), 153–59 (Equal Protection); plan to ask the Court to consider yet another emergency motion, *AFSCME* ECF No. 1 at 43 ¶ d; *Illinois* ECF No. 68 at 4; and apparently intend to seek additional discovery of their own, *Illinois* ECF No. 59 at 6–7. All of this notwithstanding the pending motions to transfer, which should have triggered automatic stays in both cases, precluding further proceedings, including reassignment. *See Illinois* ECF No. 67 ¶ 7.

Indeed, inefficiency is shot through the entirety of the *AFSCME* case, which there is no apparent need for at all. Unlike the *Illinois* Plaintiffs, which are parties to certain

terminated grants, the *AFSCME* Plaintiffs are not grantees themselves, but instead unions representing employees of certain grantees claiming only indirect, downstream injuries. Notably, they do not dispute that the preliminary relief entered in *Illinois* effectively affords them relief as a practical matter. *See Illinois* ECF Nos. 67 ¶ 8, 68.

Under these circumstances, the *AFSCME* Plaintiffs have shown no reason to deviate from the default principle reflected in Local Rule 40.1(a) that "the assignment of cases shall be by lot." The motion to reassign should be denied.

**ARGUMENT**

**I.    THE AUTOMATIC STAY PRECLUDES REASSIGNMENT**

As a threshold matter, Defendants' motion to transfer *AFSCME* to the Court of Federal Claims, *AFSCME* ECF No. 16, precludes further proceedings in that case, including on the motion to reassign. The statutory text is clear: "When a motion to transfer an action to the Court of Federal Claims is filed in a district court, *no further proceedings* shall be taken in the district court until 60 days after the court has ruled upon the motion." 28 U.S.C. § 1292(d)(4)(B) (emphasis added). Proceedings on the motion to reassign fall squarely within the plain text of that prohibition.

Plaintiffs urge the Court to adopt a crabbed reading of the statute. They do not go so far as to contend that the motion to reassign is not a "proceeding," perhaps because the Court has already indicated otherwise. *See Illinois* ECF No. 63 at 5 n.2 (concluding that "[t]he automatic stay from 28 U.S.C. § 1292(d)(4)(B) did not preclude the amendment" of the *Illinois* complaint as of right, because that "did not involve a proceeding"—meaning, presumably, an opposition brief and a decision by the Court). Instead, they argue that the motion to reassign is not "a 'proceeding' *within the meaning* of Section 1292(d)(4)(B)." *Illinois* ECF No. 68 at 3 (emphasis added). But

3

their appeal to the Court's "inherent authority to manage its own . . . dockets," *id*. (cleaned up), cannot get them there. Statutes and procedural rules constrain that authority in many ways, and here, the governing statute contains only one exception— for preliminary relief, which the *AFSCME* Plaintiffs have not requested. As the *expressio unius* canon teaches, no other exceptions exist.[1]

Plaintiffs criticize Defendants for "rushing to file a motion to transfer." *Illinois* ECF No. 68 at 2. But given Defendants' consistent position that grant-termination cases like this one belong in another forum, they can hardly be faulted for filing a transfer motion at the earliest possible opportunity—here, on March 17, just 8 days after the complaint was filed. *Cf. Illinois* ECF No. 42 (transfer motion filed 12 days after complaint). The plain text of the automatic stay covers these circumstances, and that alone precludes the motion to reassign.

## II.     TRANSFER IS IN ANY EVENT INAPPROPIATE

Regardless, Plaintiffs fall short of their burden to show that reassignment is appropriate. *See Lawrence E. Jaffee Pension Plan v. Household Intern., Inc.*, No. 02-5893, 2003 WL 21011757 at *1 (N.D. Ill. May 5, 2003) (burden on movant). Fundamentally, they overstate the degree of relatedness between the two cases, give short shrift to the differences in procedural posture, and ultimately fail to show that

---

[1] The sole case that Plaintiffs cite interpreting 28 U.S.C. § 1292(d)(4)(B) does not further their cause. In *Friant Water Authority v. Jewell*, No. 14-765, 2014 U.S. Dist. LEXIS 148219 (E.D. Cal. Oct. 17, 2014) (cited at *Illinois* ECF No. 68 at 3–4), the court found that the automatic stay did not preclude it from granting a motion to intervene to be heard on the motion to transfer. Whether or not that was a correct application of the statutory text—and Defendants do not concede that it was—the intervention motion was at least connected directly to the transfer motion itself, which was not subject to the automatic stay. That is quite unlike the circumstances here.

reassignment would meaningfully foster efficiency, despite the obvious risk to random-assignment norms.

Plaintiffs offer a variety of theories to show that the two cases are related. *Illinois* ECF No. 59 at 5–6. One, that they involve "some of the same issues of fact," L.R. 40.4(a)(2), is incorrect. In APA cases, district courts "do not resolve factual issues, but operate instead as appellate courts resolving legal questions." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996). Indeed, "[t]he entire case on review is a question of law, and only a question of law." *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). Another theory, that the two cases "grow out of the same transaction or occurrence," L.R. 40.4(a)(3), should get Plaintiffs no further. On their view, this test would be satisfied by any pair of APA challenges to the same agency action, regardless of the similarity of the parties or legal claims, allowing ready circumvention of the default random-assignment rule. And while, ultimately, *Illinois* and *AFSCME* might be seen as presenting "some of the same issues of . . . law," L.R. 40.4(a)(2), those issues would not predominate—and in any event are outweighed by key differences between the cases.

**A.** To be sure, the Plaintiffs in *Illinois* and *AFSCME* raise some of the same legal claims, challenging the so-called OMB "Targeting Directive" under various APA and constitutional theories. But the similarities end there. For starters, the *AFSCME* Plaintiffs, as nonparties to the grant agreements who allege only indirect, downstream harms, face standing challenges the grantees themselves do not—meaning that not only could any overlap between the legal claims in the two cases ultimately be irrelevant, but that the *AFSCME* court would have to engage in an additional jurisdictional analysis that is not called for in *Illinois*. Moreover, the extent of any overlap is oversold—despite

5

not being grantees themselves, the *AFSCME* Plaintiffs seek to add two new claims to the proceedings, under the First Amendment and Equal Protection Clause, requiring the reviewing court to receive additional briefing and potentially rule on additional issues, should it conclude that the *AFSCME* Plaintiffs have standing in the first place.  Thus, the analyses of both subject-matter jurisdiction and the merits will be fundamentally different in the two cases.  These central differences undercut the "substantial saving of judicial time and effort," L.R. 40.4(b)(2), that Plaintiffs must show would likely result from reassignment.

**B.**  Reassignment of *AFSCME* would also be at odds with the requirement that "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially."  L.R. 40.4(b)(3).  As noted, the *AFSCME* Plaintiffs watched and waited for nearly a full month as emergency proceedings unfolded in *Illinois*, including TRO practice, expedited discovery, and the entry of a preliminary injunction.  An additional two weeks later, the only substantive filings on the *AFSCME* docket are Plaintiffs' complaint and Defendants' motion to transfer, leaving the two cases in a markedly different procedural posture. Indeed, while expedited proceedings may finally have subsided in *Illinois*, given the entry of preliminary relief, there is every indication that they are still on the horizon in *AFSCME*, given that Plaintiffs have promised their own preliminary injunction motion and discovery.  This dissimilarity in procedural posture and risk of disruption to existing proceedings is an independent impediment to reassignment.

**C.**  For largely the same reasons, the two cases are not readily "susceptible of disposition in a single proceeding."  L.R. 40.4(b)(4).  As discussed, the *AFSCME* Plaintiffs face unique jurisdictional hurdles.  Even if they could somehow overcome

those hurdles, they raise a distinctly broader set of claims.  And, because of their own delay, the two cases are on meaningfully different tracks, with emergency briefing and attempted discovery still to come in *AFSCME*.  This misalignment makes the two cases insusceptible to a unified disposition.

* * *

For a case to be eligible for reassignment, the movant must show that it meets "each" of the conditions in Local Rule 40.4(b).  Here, Plaintiffs' motion fails several times over.  But even if that were not so, reassignment is discretionary, *see* L.R. 40.4(b) (a case "may" be reassigned if the criteria are met), and it is unwarranted here.

As the Court is aware, this Administration has placed an increased focus on ensuring that Federal spending on discretionary grants is consistent with its priorities.  Accordingly, district courts across the nation have been faced with many cases related to grant terminations by various agencies.  Here, the *Illinois* Plaintiffs have already expanded their complaint to include new Defendants, including DOT, DHS, and FEMA, alleging that these agencies, too, were affected by the so-called "Targeting Directive." *Illinois* ECF No. 51.  But the Court declined to order preliminary relief as to those agencies, cautioning that the breadth of this "catch-all term" is "akin to a programmatic challenge that is not subject to [APA] review." *Illinois* ECF No. 63 at 4.  There is similarly no efficiency to be gained by attempting to belatedly merge claims by a new set of Plaintiffs into a single proceeding with *Illinois*, particularly given the standing hurdles, new legal theories, and promised emergency briefing in *AFSCME*.

"The fundamental rationale for the general rule requiring random assignment of cases" is "to ensure greater public confidence in the integrity of the judicial process." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000)

(discussing similar D.D.C. local rule governing related cases). Reassignment here would undermine the "guarantees [of] fair and equal distribution of cases to all judges," and instead encourage the very "public perception or appearance of favoritism in assignments, and [] opportunities for judge-shopping" that the random assignment rule is intended to prevent. *Id.* The Court should decline to order it.

## CONCLUSION

The motion to reassign should be denied.

Dated: March 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC HAMILTON
Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Director

*/s/Michael Velchik*
MICHAEL VELCHIK (DC #187249)
Senior Counsel to the Assistant
Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Ave.
Washington, DC 20530
(202) 860-8388
michael.velchik@usdoj.gov

*Counsel for Defendants*

8