**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| STATE OF ILLINOIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget, *et al.*, <br><br> Defendants. | No. 26-cv-1566 |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE DISCOVERY ORDER

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................... 1

BACKGROUND.................................................................................................................................. 2

ARGUMENT ...................................................................................................................................... 3

I.      Defendants Have Properly Asserted the Deliberative Process Privilege...................... 4

        A.      Defendants Have Shown that the Privilege Applies, and Plaintiffs Have
                Not Shown a Particularized Need for the Withheld Information .................. 4

        B.      Plaintiffs Fail to Show the Privilege Does Not Apply ..................................... 6

II.     Defendants' Production Is Complete.......................................................................... 11

CONCLUSION.................................................................................................................................. 12

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Camp v. Pitts*,
411 U.S. 138 (1973).................................................................................................. 3

*Chemcentral/Grand Rapids Corp. v. U.S. E.P.A.*,
No. 91 C 4380, 1992 WL 724965 (N.D. Ill. Aug. 20, 1992), *report and recommendation adopted*, No. 91 C 4380, 1992 WL 281322 (N.D. Ill. Oct. 6, 1992) ......................................... 9

*Fla. Power & Light Co. v. Lorion*,
470 U.S. 729 (1985)................................................................................................. 3

*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*,
390 F. Supp. 3d 311 (D.P.R. 2019)......................................................................... 9

*Ill. Coal. for Immigrant & Refugee Rts., Inc. v. Wolf*,
No. 19 C 6334, 2020 WL 7353408 (N.D. Ill. Dec. 15, 2020). .............................. 9, 10

*K.L. v. Edgar*,
964 F. Supp. 1206 (N.D. Ill. 1997) ....................................................................... 4, 5

*Maroscia v. Levi*,
569 F.2d 1000 (7th Cir. 1977) ................................................................................ 10

*NLRB v. Sears, Roebuck & Co.*,
421 U.S. 132 (1975)................................................................................................. 4

*O'Toole v. Perez*,
No. 14 C 2467, 2016 WL 4975203 (N.D. Ill. Sept. 16, 2016)................................ 8, 9

*PHE, Inc. v. Dep't of Justice*,
983 F.2d 248 (D.C. Cir. 1993)................................................................................ 10

*Rodriguez v. City of Chicago*,
329 F.R.D. 182 (N.D. Ill. 2019)........................................................................ 4 & n.1, 5, 6

*Silets v. U.S. Dep't of Justice*,
945 F.2d 227 (7th Cir. 1991) .................................................................................. 10

*Stevens v. U.S. Department of Homeland Security*,
No. 14 C 3305, 2020 WL 1701882 (N.D. Ill. Apr. 8, 2020).................................... 7

ii

*U.S. Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*,
   No. 13 C 4307, 2015 WL 13650774 (N.D. Ill. May 26, 2015) .................................................. 5

*U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*,
   592 U.S. 261 (2021) .............................................................................................. 4, 5, 6, 8

*United States ex rel. Proctor v. Safeway, Inc.*,
   No. 11-CV-3406, 2019 WL 1040971 (C.D. Ill. Mar. 5, 2019).................................................. 9

*United States v. Farley*,
   11 F.3d 1385 (7th Cir. 1993) ........................................................................................ *passim*

*United States v. Nixon*,
   418 U.S. 683 (1974)................................................................................................................ 4

*United States v. Reynolds*,
   345 U.S. 1 (1953).................................................................................................................... 5

*United States v. Safeway Inc.*,
   No. 11-CV-3406, 2019 WL 7208426 (C.D. Ill. Dec. 27, 2019) .............................................. 9

*United States v. Zingsheim*,
   384 F.3d 867 (7th Cir. 2004) .............................................................................................. 5, 9

*Wilson v. U.S. Dep't of Treasury*,
   No. 15 C 9364, 2016 WL 8504990 (N.D. Ill. Oct. 12, 2016).............................................. 10

**STATUTES**

28 U.S.C. § 1292(d)(4)(B) .................................................................................................... 2, 3

**INTRODUCTION**

This Court entered an order on February 25, 2026, granting Plaintiffs' motion for expedited discovery in part and directing Defendants to produce several categories of documents in less than three business days. ECF No. 50. Defendants complied with that order on March 2, producing several hundred pages of records from the Centers for Disease Control and Prevention ("CDC") and the Office of Management and Budget ("OMB"). That is in addition to the 1263-page certified administrative record Defendants voluntarily produced on February 23. ECF No. 44.

On March 4, Plaintiffs filed a motion to enforce the Court's discovery order, disputing Defendants' assertion of the deliberative process privilege for certain withheld information and arguing that Defendants' production is incomplete. ECF No. 55 ("Mot."). Plaintiffs' arguments lack merit. Defendants' declarations and privilege logs show that the withheld information is predecisional and deliberative, and thus protected by the deliberative process privilege. In particular, the documents are predecisional because they discuss future grant terminations and do not simply reflect or explain Plaintiffs' hypothesized "Targeting Directive." And even if the grant terminations implemented such a directive, the deliberations leading to the termination decisions are still privileged under Seventh Circuit precedent.

To be sure, the deliberative process privilege may be outweighed by a plaintiff's particularized need for the information, beyond the information being relevant or even important to the claims at issue. But Plaintiffs have not even attempted to show a particularized need, much less that any particularized need outweighs the government's interest in preventing the disclosure of its predecisional, deliberative materials. Thus, Plaintiffs have failed to overcome Defendants' proper assertions of deliberative process privilege.

Plaintiffs also fail to show that Defendants' production is incomplete. Defendants' declarations and privilege logs explain, for all withheld information, which privilege applies and

why. And there was no requirement for Defendants to attest that no responsive documents exist for any given category of discovery. Defendants conducted a good-faith search in response to the Court's discovery order and produced the responsive, nonprivileged documents that were identified, totaling several hundred pages. This fully complied with the Court's order.

## BACKGROUND

On February 11, Plaintiffs filed their Complaint and moved for a temporary restraining order, ECF Nos. 1, 3, which the Court granted the next day. ECF No. 21. On Saturday, February 14, Plaintiffs moved for expedited discovery, "including production of the administrative record" and sweeping requests for Executive Branch communications, requesting production that coming Monday. ECF No. 28 at 1, 7; ECF No. 28-1 at 5–6. On February 23, Defendants filed a combined motion to transfer this case to the Court of Federal Claims and stay all further proceedings, as statutorily required by 28 U.S.C. § 1292(d)(4)(B), as well as a motion to dismiss. ECF No. 43. In support of this motion, Defendants voluntarily filed a 1263-page certified administrative record. ECF No. 44.

On February 25, the Court granted in part Plaintiffs' motion for expedited discovery. The Order provided in relevant part:

> Plaintiffs' motion for expedited discovery [28] is granted in part. Defendants shall produce to plaintiffs documents responsive to plaintiffs' first requests for production Nos. 2, 3 (limited to the CDC), 4 (limited to the CDC), and 5 (limited in its cross-reference to Requests Nos. 2, 3, and 4 and, as to Requests 3 and 4, limited to the CDC). Defendants must also produce: (1) documents explaining how plaintiffs were selected for inclusion in Attachment B to Budget Data Request 26-09; (2) guidance, directives, or instructions issued after December 1, 2025, from OMB to HHS or CDC on selecting states for grant review; (3) guidance, directives, or instructions issued after August 7, 2025, from OMB to HHS or CDC on whether and how to evaluate grant alignment with agency priorities; and (4) guidance, directives, or instructions issued after August 7, 2025, internal to HHS or CDC on whether and how to evaluate grant alignment with agency priorities.

ECF No. 50 at 1. On March 2, Defendants produced to Plaintiffs 172 pages of CDC records, as well as three native excel files, and 30 pages of OMB records. On March 4, Plaintiffs filed the present motion to enforce.

**ARGUMENT**

At the outset, two threshold deficiencies discussed in Defendants' prior briefing are fatal to Plaintiffs' motion. First, Defendants' motion to transfer triggered a statutorily mandated stay that bars further proceedings, including discovery. 28 U.S.C. § 1292(d)(4)(B); *see* ECF No. 34 at 3; ECF No. 43. Even if discovery was warranted to resolve Plaintiffs' preliminary injunction motion, ECF No. 50 at 2, the automatic stay bars further discovery now that the Court has entered a preliminary injunction, ECF Nos. 63, 64; *see* ECF No. 67, ¶ 7. Second, to the extent Plaintiffs' claims proceed, they should be resolved based on the administrative record, not discovery. *See* ECF No. 34 at 5–6. In administrative law cases such as this, "[t]he task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (citation omitted). "If that finding is not sustainable on the administrative record made, then the . . . decision must be vacated and the matter remanded to [the agency] for further consideration." *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (per curiam).

Regardless, the Court should deny Plaintiffs' motion because Defendants have properly asserted the deliberative process privilege, and their production is complete. These issues are addressed in turn below.

3

## I. Defendants Have Properly Asserted the Deliberative Process Privilege

### A. Defendants Have Shown that the Privilege Applies, and Plaintiffs Have Not Shown a Particularized Need for the Withheld Information

"Human experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process." *United States v. Nixon*, 418 U.S. 683, 705 (1974). And "frank discussion of legal and policy matters is essential to the decisionmaking process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). Thus, courts have long recognized the importance of the deliberative process privilege to "protect[] communications that are part of the decision-making process of a governmental agency." *Id.* (citing *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150–52 (1975)). Under this doctrine, "communications made prior to and as a part of an agency determination are protected from disclosure." *Id.* (citing *NLRB*, 421 U.S. at 151). Documents must be "predecisional," meaning "they were generated before the agency's final decision on the matter," and "deliberative," meaning "they were prepared to help the agency formulate its position." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021). To "make out a *prima facie* case" that documents are protected by the deliberative process privilege, (1) an appropriate agency official "'must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents.'" *Rodriguez v. City of Chicago*, 329 F.R.D. 182, 186 (N.D. Ill. 2019) (quoting *K.L. v. Edgar*, 964 F. Supp. 1206, 1209 (N.D. Ill. 1997)).[1]

---

[1] This affidavit may first be submitted in response to a motion challenging the government's assertion of the deliberative process privilege. *See Rodriguez*, 329 F.R.D. at 187 n.1.

The privilege is not absolute, and it may be overcome where "the moving party has shown a particularized need for the withheld information." *Id.*; *see Farley*, 11 F.3d at 1389. It is not enough that information is "relevant and generally important" to the movant's claims. *Farley*, 11 F.3d at 1389–90. If the movant shows a particularized need, the court must "balance [the movant]'s particularized need for the documents against their nature and the effect of disclosure on the government." *Id.* at 1390.

Here, Defendants have produced declarations and privilege logs showing that the information at issue is pre-decisional and deliberative, *see* Faircloth Decl. & Ex. A; Shapiro Decl. & Ex. A, which "fairly advise" Plaintiffs of the basis for each "asserti[on of] the deliberative process privilege," *U.S. Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, No. 13 C 4307, 2015 WL 13650774, at *2 (N.D. Ill. May 26, 2015); *see Sierra Club, Inc.*, 592 U.S. at 268; *United States v. Reynolds*, 345 U.S. 1, 8 (1953) (warning against "[t]oo much judicial inquiry into the claim of privilege" because that "would force disclosure of the thing the privilege was meant to protect"). *Contra* Mot. 8. Thus, Defendants have made "a *prima facie* case" that the information is protected by the deliberative process privilege. *Rodriguez*, 329 F.R.D. at 186.

It is thus Plaintiffs' burden to "show[] a particularized need for the withheld information." *Id.*; *see Farley*, 11 F.3d at 1389. But Plaintiffs have not even attempted to make that showing, much less on a document-by-document basis as the Seventh Circuit requires. *See United States v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004) (whether the privilege applies or may be overcome "must be addressed and resolved . . . one document . . . at a time"). Their discussion of particularized need is limited to one footnote, which states, "this Court has already found that plaintiffs have good cause for these records." Mot. 8 n.1. What the Court found, however, was good cause to require Defendants to produce the documents set out in the Court's order. ECF No.

50. The Court did not find good cause to require the production of the particular information for which Defendants have made a prima facie showing of deliberative process privilege. Nor did it find that Plaintiffs have "shown a particularized need for the withheld information," *Rodriguez*, 329 F.R.D. at 186; *see Farley*, 11 F.3d at 1389, which requires more than that the documents are "relevant" or even "important" to Plaintiffs' claims, *Farley*, 11 F.3d at 1389–90. In fact, the Court had no occasion to make such findings, as its discovery order was issued before Defendants asserted the deliberative process privilege and submitted declarations and privilege logs in support. Thus, Plaintiffs have failed to "show[] a particularized need for the withheld information," which is fatal to their motion. *Rodriguez*, 329 F.R.D. at 186; *see Farley*, 11 F.3d at 1389. Indeed, their motion goes so far as to suggest, if inadvertently, that there is *no* need for the withheld information, because, in their view, the materials already produced "confirm what Plaintiffs have suspected all along: OMB directed CDC and other federal agencies to cancel grants in the four targeted Plaintiff States (the 'Targeting Directive')"—so "that question is now answered." Mot. 1.

Having failed to show a particularized need, Plaintiffs have also failed to show that the required balancing test—weighing any "particularized need for the documents against their nature and the effect of disclosure on the government"—favors disclosure. *Farley*, 11 F.3d at 1390. That too is fatal to their motion.

### B. Plaintiffs Fail to Show the Privilege Does Not Apply

Plaintiffs put all their eggs in one basket: disputing that the deliberative process privilege applies in the first place. Mot. 6–9. But their three arguments on this point are meritless. ***First***, the withheld information is "predecisional," *Sierra Club*, 592 U.S. at 268, not "post-decisional," Mot. 7. Plaintiffs describe the documents as "internal HHS emails discussing planned grant terminations and [the] underlying basis for those terminations" and "internal HHS emails discussing the grant termination notices to Congress." Mot. 7 (citing CDC_001338; CDC_001346–50). These

6

descriptions concede the point: they confirm the documents discuss grant terminations being planned for the *future*. Likewise, CDC's privilege log explains that CDC_001338 "contains deliberations regarding the coordination and review of potential future grant actions"; CDC_001346 "contains a universe of awards, including awards not at issue in this litigation, that were subject to consideration and deliberations by the agency related to potential future actions"; and CDC_001349 "contains information regarding the process for potential future grant terminations." Faircloth Decl., Ex. A, at 4.[2]

Plaintiffs claim the privilege "does not apply to the agency's discussions on 'how to spin its prior decisions,'" Mot. 6 (quoting *Stevens v. U.S. Department of Homeland Security*, No. 14 C 3305, 2020 WL 1701882, at *6 (N.D. Ill. Apr. 8, 2020)), and that in CDC_001332, OMB "provid[es] talking points to HHS on how to spin the cuts that 'we are making,'" *id.* 7. But CDC's privilege log explains that this document "contains *deliberations* regarding a press strategy for a potential *future* agency decision." Faircloth Decl., Ex. A, at 3 (emphasis added). *Stevens* acknowledges that the privilege applies where, as here, communications "would reveal the deliberative process underlying a *not-yet-finalized* policy decision." 2020 WL 1701882, at *6 (quotations omitted).

The documents' dates show the documents were created *before* the challenged grant terminations were finalized on February 11, 2026, when CDC sent its termination letters to the grantees. CDC_001338 is dated February 2, 2026; CDC_001332 is dated February 4, 2026; and CDC_001349 is dated February 8, 2026. CDC_001346 is dated February 11, 2026, and, as is clear on the face of the document, it relates to other potential future actions "over the next two weeks."

---

[2] CDC_001347–48 redacts only personally identifiable information, which Plaintiffs do not challenge.

***Second***, Plaintiffs claim some of the documents are not privileged because they involve the implementation of Plaintiffs' hypothesized "Targeting Directive" by OMB "direct[ing] CDC and other federal agencies to cancel grants in the four targeted Plaintiff States." Mot. 1, 7. But even if the "Targeting Directive" existed, the withheld information would still be privileged. The documents do not simply "reflect[]" the hypothesized "Targeting Directive" and "the reasons supporting it," *Sierra Club*, 592 U.S. at 268, but contain internal deliberations about potential *future* actions. The Shapiro Declaration explains that OMB-00000021 contains deliberations about future actions on HHS grant awards and "OMB developing further efforts to assist HHS in its grant award process." Shapiro Decl. ¶ 8. The declaration explains that OMB-00000023 contains deliberations about "formulating the actual content of [a future] meeting" regarding spending by HHS and other agencies. *Id.* ¶ 9. And the declaration explains that OMB-00000026 contains deliberations about "the means by which HHS will eventually make funding decisions, which funding decisions are made, and how OMB can assist those efforts moving forward." *Id.* ¶ 11. Similarly, CDC's privilege log explains that CDC_001335 "contains deliberations regarding the coordination and review of potential future grant actions," and CDC_001390 "contains information regarding decisional processes to be used for potential future agency decisions."[3] Faircloth Decl., Ex. A, at 3, 6.

Even if the documents relate to how CDC will "implement" the supposed "Targeting Directive," Mot. 7, they are still privileged. "*Farley* demonstrates that documents related to the *implementation* of an agency's law or policy—such as the [documents] in this case—are precisely the type of documents that are protected under deliberative process privilege." *O'Toole v. Perez*,

---

[3] Plaintiffs also cite CDC_001334, but that document redacts only personally identifiable information, which Plaintiffs do not challenge.

No. 14 C 2467, 2016 WL 4975203, at *5 (N.D. Ill. Sept. 16, 2016); *see Farley*, 11 F.3d at 1389 ("since the documents reflect an agency's preliminary positions about how to exercise discretion on a policy, they are privileged"); *United States ex rel. Proctor v. Safeway, Inc.*, No. 11-CV-3406, 2019 WL 1040971, at *5 (C.D. Ill. Mar. 5, 2019), *report and recommendation adopted sub nom. United States v. Safeway Inc.*, No. 11-CV-3406, 2019 WL 7208426 (C.D. Ill. Dec. 27, 2019) ("disclosure of decision-making information concerning the development and *implementation* of the Lower Cash Price Policy could put at risk the disclosure of confidential information protected by" the deliberative process privilege (emphasis added)). Likewise, courts have found that where an agency sets a "general approach" and later makes decisions applying that approach to particular cases, deliberative documents leading to those subsequent decisions "can properly be considered predecisional and subject to the privilege." *Chemcentral/Grand Rapids Corp. v. U.S. E.P.A.*, No. 91 C 4380, 1992 WL 724965, at *12 (N.D. Ill. Aug. 20, 1992), *report and recommendation adopted*, No. 91 C 4380, 1992 WL 281322 (N.D. Ill. Oct. 6, 1992); *see In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 390 F. Supp. 3d 311, 322 (D.P.R. 2019) (where agency sets a "broad framework" and then makes decisions applying it, deliberative documents relating to those later decisions are privileged).

**Third**, Plaintiffs argue the deliberative process privilege is inapplicable where a plaintiff's claims implicate the defendants' "decision-making" process and "motivation." Mot. 8. But "the Seventh Circuit has not" endorsed that position. *Ill. Coal. for Immigrant & Refugee Rts., Inc. v. Wolf*, No. 19 C 6334, 2020 WL 7353408, at *2 (N.D. Ill. Dec. 15, 2020). Instead, it has held that "whether an exception [to the deliberative process privilege] applies must be addressed and resolved one lawsuit—indeed, one document—at a time." *Id.* (quoting *Zingsheim*, 384 F.3d at 872). Moreover, whereas Plaintiffs' proposed rule "rests on the premise that relevance alone [i.e.,

9

the relevance of Defendants' decision-making process and motivation] is sufficient to defeat the privilege," the Seventh Circuit has held that "'[r]elevance alone is an insufficient reason for breaching the deliberative process privilege.'" *Id.* (quoting *Farley*, 11 F.3d at 1390). Thus, this Court should follow the lead of *Illinois Coalition for Immigrant and Refugee Rights* and assess Defendants' assertion of the deliberative process privilege "on a document-by-document basis" rather than through Plaintiffs' proposed categorical approach. *Id.* This is particularly true given that many of the withheld documents discuss grants that have been considered for termination but have not been terminated, including at agencies other than CDC, as explained in Defendants' declarations and privilege logs. *See, e.g.*, Faircloth Decl., ¶¶ 8–9.

For the foregoing reasons, Defendants have established that the deliberative process privilege protects the withheld information, and Plaintiffs have failed to show otherwise. There is no need for the Court to review the documents *in camera*. *Contra* Mot. 2, 8–9. "[I]n camera review is generally disfavored" and is warranted only if "needed in order to make a responsible de novo determination on the [privilege] claims." *Wilson v. U.S. Dep't of Treasury*, No. 15 C 9364, 2016 WL 8504990, at *5 (N.D. Ill. Oct. 12, 2016) (quoting *PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 253 (D.C. Cir. 1993), then *Silets v. U.S. Dep't of Justice*, 945 F.2d 227, 228–29 (7th Cir. 1991)). The Court's "responsibility is not . . . to question [the agency's] veracity where nothing appears to raise the issue of good faith." *Id.* (quoting *Maroscia v. Levi*, 569 F.2d 1000, 1003 (7th Cir. 1977)) (cleaned up). Here, Defendants' declarations and privilege logs, together with the authority cited herein, establish the privilege's applicability, and there is no need for *in camera* review. Such review is certainly unneccessary to assess the *relevance* of the withheld information, as Plaintiffs suggest, Mot. 8–9, because even if the information were "relevant and generally important" to Plaintiffs' claims, that does not defeat the privilege, *Farley*, 11 F.3d at 1389–90.

10

## II.    Defendants' Production Is Complete

Plaintiffs complain that Defendants have withheld in full certain email attachments without identifying the applicable privilege. Mot. 9. But Defendants' declarations and privilege logs explain which privilege applies to the withheld information and why. CDC's privilege log explains that CDC_001324, which is a spreadsheet attached to the email in CDC_001323, is protected by the deliberative process privilege because it "contains a universe of awards, including awards not at issue in this litigation and that have not been terminated, that were subject to consideration and deliberations by the agency relating to potential actions." Faircloth Decl., Ex. A, at 3. And the privilege log explains that CDC_001310 (which is an email chain redacted in part, not an attachment withheld in full), is protected by the deliberative process privilege because it "discusses awards and award information not at issue in this litigation that were subject to consideration and deliberations by the agency relating to potential actions." *Id.* at 2.

CDC_001266–68 is an email chain. The latest email in the chain contains a hyperlink to a spreadsheet, CDC_001267, but because the spreadsheet was not attached to the email, it was not included with the original production, and Defendants did not consider it to have been withheld. Nonetheless, Defendants have now produced the spreadsheet as CDC_001268.1, and CDC's privilege log explains that it is protected by the deliberative process privilege and has been withheld because it "contains a universe of awards, including awards not at issue in this litigation and that have not been terminated, that were subject to consideration and deliberations by the agency relating to potential actions." Faircloth Decl., Ex. A, at 1. Defendants have also now separately produced the earlier two emails on that email chain, along with their attached spreadsheets, as CDC_001436–39. CDC's privilege log explains that these attachments are

11

protected by the deliberative process privilege and have been withheld for the same reason as CDC_001268.1. Faircloth Decl., Ex. A, at 8.[4]

Plaintiffs further complain about the redaction of personally identifiable information in CDC_001323. Mot. 9–10. But CDC's privilege log explains that Defendants redacted the "email address of OMB personnel" because "[r]eleasing this information would constitute a clearly unwarranted invasion of personal privacy by subjecting agency personnel to harassment and annoyance in conducting their official duties." Faircloth Decl., Ex. A, at 2. The privilege log "[n]ote[s] that only the recipient's email address was intended to be withheld; the recipient's name, Katharine Sullivan, was redacted inadvertently." *Id.*

Finally, the Court's discovery order did not require Defendants to "attest that no responsive documents exist for any given demand." Mot. 10. Rather, in the statement accompanying the order, after referencing the ordered discovery generally, the Court stated, "if there are no responsive documents, defendants should be able to promptly certify that none exist." ECF No. 50 at 2–3. In response to the Court's order, Defendants conducted a good-faith search and produced the responsive, nonprivileged documents that were identified, totaling several hundred pages. There were not "no responsive documents," *id.*, and thus the referenced certification was inapplicable.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to enforce should be denied.

---

[4] Plaintiffs also claim that Defendants withheld documents referenced in CDC_001264. Mot. 9. But those documents were workplans generated by grant recipients, which are already in Plaintiffs' possession.

12

13

Dated: March 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC HAMILTON
Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Director

*/s Michael Velchik*
MICHAEL VELCHIK (DC #187249)
Senior Counsel to the Assistant Attorney
General
U.S. Department of Justice
950 Pennsylvania Ave
Washington DC 20530
(202) 860-8388
Email: michael.velchik@usdoj.gov

*Counsel for Defendants*