**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS; STATE OF CALIFORNIA; STATE OF COLORADO; and STATE OF MINNESOTA,<br><br>        Plaintiffs,<br><br>        v.<br><br>RUSSELL VOUGHT, *in his official capacity as Director of the Office of Management & Budget, et al.*;<br><br>        Defendants. | Case No. 26-cv-01566<br><br>Honorable Judge Manish S. Shah |
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>RUSSELL VOUGHT, *in his official capacity as Director of the Office of Management & Budget, et al.*;<br><br>        Defendants. | Case No. 26-cv-02656<br><br>Honorable Judge John F. Kness |

1

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR REASSIGNMENT BASED ON RELATEDNESS

Defendants' objections to Plaintiffs' Motion for Reassignment based on Relatedness, ECF 71, are without merit for the following reasons:

**First,** Defendants are incorrect that 28 U.S.C. § 1292(d)(4)(B) precludes reassignment of this case to Judge Shah. As Plaintiffs explain in their Opposition to Defendants' Motion for an Extension of Time, ECF 68 at 3, the assignment of this case at its outset to a particular member of this Court is not a "proceeding" within the meaning of § 1292(d)(4)(B) because that assignment does not go to the ultimate merits of the case. Congress enacted this provision to "permit the granting of extraordinary relief while still postponing consideration *of the merits* until after jurisdictional questions are resolved." H.R. Rep. No. 100–889, 52, *reprinted in* 1988 U.S.C.C.A.N. 5982, 6013, 1988 WL 169934. For this reason, preliminary steps in litigation that don't go to the ultimate merits of the case, such as a decision on a motion to intervene, aren't covered by the Section 1292 stay. *See Friant Water Auth. v. Jewell*, No. 1:14-CV-000765, 2014 WL 5325352, at *3 (E.D. Cal. Oct. 17, 2014). (Defendants, moreover, misconstrue this Court's preliminary injunction order, ECF No. 63 at 5 n.2, as holding otherwise; this Court did not suggest any agreement with Defendants' extraordinary claim that it is disabled from following its ordinary case assignment procedures.) In any event, Plaintiffs have now filed a motion for a preliminary injunction. *See* Mot. for Prelim. Inj., *AFSCME v. Vought*, 26-cv-2656, (N.D. Ill. Mar. 25, 2026), Dkt. 17. All parties agree that this Court may decide a preliminary injunction motion notwithstanding the Section 1292 stay, and of course in order to do so the Court must first determine which of its judges will render that decision.

**Second**, Defendants overstate what is necessary to deem cases as related. There is no requirement that the cases be *identical. Murry v. Am.'s Mortg. Banc, Inc.*, No. 03 C 5811, 2004

2

WL 407010, at *2 (N.D. Ill. Mar. 1, 2004) ("the rule does not require complete identity of issues in order for cases to be considered related"). Moreover, Plaintiffs are not attempting to "belatedly merge claims ... into a single proceeding with Illinois." ECF 71 at 7. In so arguing, Defendants are "conflating reassignment for relatedness under LR 40.4 with consolidation under Federal Rule of Civil Procedure 42." *Peery v. Chicago Hous. Auth.*, No. 13-CV-5819, 2013 WL 5408860, at *2 (N.D. Ill. Sept. 26, 2013). Plaintiffs are seeking reassignment in the interest of efficiency for the court and the parties.

**Third**, Defendants' objection that these two Administrative Procedure Act ("APA") cases, which challenge the same agency actions, do not share similar facts is unavailing. The notion that courts reviewing APA claims only evaluate questions of law is incorrect. In the District Court for the District of Columbia, in which APA claims are often litigated, it is routine for that court to treat two cases challenging the same agency action as related, in part because it would be more efficient for two cases proceeding on identical or overlapping administrative records to proceed before a single judge. *See, e.g., see Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Trump*, No. CV 25-2445 (PLF), 2025 WL 2301989, at *4 (D.D.C. Aug. 11, 2025); *Gresham v. Azar*, 363 F. Supp. 3d 165, 173 (D.D.C. 2019), *aff'd*, 950 F.3d 93 (D.C. Cir. 2020), *vacated on other grounds*, 142 S. Ct. 1665 (2022).

**Fourth**, the proceedings in *Illinois v. Vought*, No. 26-cv-1566, have not proceeded sufficiently far along to defeat the efficiency gains that will be realized by reassignment to Judge Shah. Whereas the Court has issued preliminary relief in *Illinois v. Vought*, 26-cv-1566, and the AFSCME Plaintiffs have filed their motion for a preliminary injunction today, *see* Mot. for Prelim. Inj., *AFSCME*, Dkt. 17, both cases remain susceptible to joint resolution on the final merits. Contrary to Defendants' position, the similarity between the factual record and the

3

overlapping legal claims in the two weigh in favor of reassignment, because if reassignment were to be denied, Judge Kness's Court would be forced to duplicate the efforts this Court has already expended in evaluating whether or not to grant preliminary relief in the earlier-filed case.

**CONCLUSION**

For the foregoing reasons, Plaintiffs request this Court to find the above-captioned case to be related to *Illinois v. Vought*, 26-cv-1566 and reassign the later-filed case to the calendar of Judge Shah.

Date: March 25, 2026

<div style="margin-left:45%">

/s/ *Joel McElvain*
Joel McElvain (DC Bar No. 448431)
Shiva Kooragayala (IL Bar No. 6336195)
Kristen Miller (DC Bar No. 229627)*
Cortney Robinson Henderson (DC Bar No. 1656074)*
Yenisey Rodríguez (DC Bar No. 1600574)*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 297-4810
jmcelvain@democracyforwward.org
skooragayala@democracyforward.org
crhenderson@democracyforward.org
consultantkmiller@democracyforward.org
yenisey.rodriguez@democracyforward.org

Matthew Blumin (DC Bar No. 1007008)*
Georgina Yeomans (DC Bar No. 1510777)*
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO (AFSCME)
1625 L Street NW
Washington, DC 20036
(202) 775-5900
MBlumin@afscme.org
GYeomans@afscme.org
*Admitted Pro Hac Vice*

Counsel for All Plaintiffs

</div>

4