**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget, *et al.*,<br><br>Defendants. | No. 26-cv-1566 |

**NOTICE OF APPEAL**

Defendants respectfully provide notice that they hereby appeal to the U.S. Court of Appeals for the Federal Circuit this Court's Opinion and Order dated July 21, 2026, ECF No. 91, denying Defendants' motion to transfer this case to the U.S. Court of Federal Claims.

Dated: September 18, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC HAMILTON
Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Director

*/s Michael Velchik*
MICHAEL VELCHIK (DC #187249)
Senior Counsel to the Assistant Attorney General
U.S. Department of Justice
950 Pennsylvania Ave
Washington DC 20530
(202) 860-8388
Email: michael.velchik@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on September 18, 2026.

/s/Michael K. Velchik
MICHAEL K. VELCHIK

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL VOUGHT, in his official capacity as Director of the Office of Management & Budget, *et al.*,<br><br>Defendants. | No. 26 CV 1566<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

After the President announced that states with sanctuary policies would no longer receive federal payments, the Office of Management and Budget directed federal agencies to cut grant funding to Illinois, California, Colorado, and Minnesota—beginning with more than $600 million in public-health grants awarded by the Centers for Disease Control and Prevention. Before the terminations took effect, the states sued to set aside the OMB directive and to enjoin the agencies from implementing it. I entered a temporary restraining order, and later a preliminary injunction.

Defendants moved to transfer the action to the Court of Federal Claims, maintaining that this is, at bottom, a suit to enforce the payment of money by the federal government—a suit within that court's exclusive jurisdiction. I ordered limited discovery to aid in resolving jurisdictional and factual questions bearing on both preliminary relief and transfer, and plaintiffs moved to enforce that discovery

order after defendants asserted the deliberative process privilege. For the reasons below, defendants' renewed motion to transfer and plaintiffs' motion to enforce are denied, and further proceedings are stayed for sixty days.

## I. Legal Standards

Whenever a federal "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court … in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. Transfer to the Court of Federal Claims is appropriate only if three conditions are met: (1) this court lacks jurisdiction over the action; (2) the Court of Federal Claims could have exercised jurisdiction at the time the action was filed; and (3) transfer is in the interest of justice. *Id.*; *see Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988).

Because an interlocutory appeal from an order granting or denying a motion to transfer an action to the Court of Federal Claims lies exclusively in the Court of Appeals for the Federal Circuit, 28 U.S.C. § 1292(d)(4)(A), Federal Circuit law governs the transfer analysis. *Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1128 (Fed. Cir. 2007). But the Federal Circuit defers to the law of the regional circuit on issues that are not unique to its own jurisdiction. *Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1574 (Fed. Cir. 1996); *see also In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000) (applying "the law of the circuit in which the district court sits" to nonpatent issues).

A facial challenge to jurisdiction asks whether the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *Apex Digital, Inc. v. Sears, Roebuck &*

*Co.*, 572 F.3d 440, 443 (7th Cir. 2009). The complaint need only plausibly suggest jurisdiction when all reasonable inferences are drawn in the plaintiff's favor, *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020), and plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing it, *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

## II. Background

In January 2026, the President made a series of public statements about federal payments to "sanctuary" jurisdictions. In a January 13 speech, he declared that "starting February 1, we're not making any payments to sanctuary cities or States having sanctuary cities." [51] ¶ 50.[1] He addressed the subject again at a January 20 press conference: "They can sue us, and maybe they'll win, but we're not giving money to sanctuary cities anymore as of the beginning of the month." [51] ¶ 54. That same day, the Office of Management and Budget sent a "budget data request" to nearly every federal agency, seeking "a detailed report on Federal funds provided to components, agencies, or instrumentalities of certain States." [51] ¶ 58. The "certain States" were fourteen jurisdictions, including Illinois, California, Colorado,

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. Facts are taken from the plaintiffs' amended complaint, [51]. In response to plaintiff's original complaint, [1], defendants moved to transfer under 28 U.S.C. § 1631 and to dismiss under Federal Rule of Civil Procedure 12(b)(6). [43]. Within 21 days of defendants' motion, plaintiffs filed an amended complaint. *See* [53]; Fed. R. Civ. P. 15(a)(1). Because amendment was done as a matter of course and did not require any proceeding, I conclude that the amendment did not violate the stay imposed by 28 U.S.C. § 1292(d)(4)(B). An amended complaint supersedes any prior complaint and becomes the operative complaint. *Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 890 (7th Cir. 2016). The operative complaint defines the case that is the object of defendants' transfer motion.

and Minnesota, the plaintiffs here; nearly all fourteen appeared on federal lists of "sanctuary jurisdictions." [51] ¶ 59. The request set a reporting deadline of January 28, a timeline that would allow OMB to assemble a complete inventory of funds flowing to those states before February 1 arrived. [51] ¶ 64.

Against the backdrop of the President's public statements, OMB issued the agency action challenged in this case: a "Targeting Directive" commanding other federal agencies to cut funding to the plaintiff states. [51] ¶¶ 2, 56. On February 4, news media reported that OMB was directing the Department of Transportation and the Centers for Disease Control and Prevention to terminate more than $1.5 billion in grants to Democratic-led states, with the CDC terminations targeted solely at the four plaintiff states; an OMB spokesperson said that "more grant cancellations were expected." [51] ¶¶ 68–72. The next day, an OMB spokesperson confirmed that OMB had directed CDC to rescind $602 million, and the Department of Transportation to rescind $943 million, in grants from the four states. [51] ¶ 73. On February 9, HHS notified Congress of its intent to terminate a wide swath of CDC grants in the plaintiff states. [51] ¶ 91. The reason given was "Inconsistent with Agency Priorities," hyperlinked to a CDC webpage. [51] ¶ 92. The targeted grants fund public-health infrastructure, disease surveillance, and testing and treatment for lethal diseases; none are related to the enforcement of federal immigration law. [51] ¶¶ 148–150. To date, the Department of Transportation has not sent termination letters relating to the reported cuts. [51] ¶ 116.

Plaintiffs allege that the Targeting Directive violates the Tenth Amendment, the separation of powers, and the Spending Clause, exceeds the agencies' statutory authority, and is arbitrary and capricious in violation of the Administrative Procedure Act. [51] ¶¶ 180–224. They seek a declaration that the directive is unlawful, vacatur of the directive, and an injunction against its implementation. [51] at 50–51. The grant terminations were to become effective the day after the original complaint was filed. [51] ¶ 103. That day, I entered a temporary restraining order preventing the terminations. [51] ¶ 104; [20]; [21].

Defendants moved to transfer this case to the Court of Federal Claims or, in the alternative, to dismiss for lack of subject-matter jurisdiction, and moved to clarify the scope of the restraining order. [43]. I granted the motion to clarify, narrowing the order to exclude the President, and ordered limited expedited discovery from OMB, HHS, and CDC to assess jurisdiction and the propriety of preliminary relief. [50]. Defendants produced approximately 60 documents, many with redactions. [82] at 9–10. Plaintiffs moved to enforce the discovery order, arguing that defendants had improperly redacted and withheld documents under the deliberative process privilege and that their production was incomplete. [55].

Plaintiffs filed an amended complaint, adding as defendants the Department of Transportation, the Department of Homeland Security, and its component the Federal Emergency Management Agency. [82] at 9; *see also* n.1 above.

I granted in part plaintiffs' motion for a preliminary injunction, finding a reasonable inference "that the Office of Management and Budget directed HHS to cut

funding for plaintiffs by February 1 because plaintiffs were on a list of states with sanctuary jurisdictions," while concluding that plaintiffs could not yet substantiate that the same directive was at work at DOT and DHS. [63] at 4. The injunction prohibits defendants, except for the President, "from implementing any guidance or directives to target Illinois, California, Colorado, or Minnesota for the cessation of Health and Human Services or Centers for Disease Control-awarded payments after January 13, 2026." [64] ¶ 1. That same day, defendants renewed their motion to transfer, incorporating their earlier briefing by reference and extending the motion to the newly added defendants. [62].

## III. Analysis

### A. Motion to Transfer

Defendants' renewed motion seeks to send this case to the Court of Federal Claims. In defendants' view, whatever labels plaintiffs attach to their claims, this is a lawsuit that "fundamentally seeks the continued flow of Federal funds" from grant agreements—a suit for money from the United States that belongs exclusively in the Court of Federal Claims under the Tucker Act. [84] at 6. Plaintiffs respond that they have sued to set aside the Targeting Directive—an OMB policy—under the APA and the Constitution, and that they seek no money at all. [82] at 13–14. A motion to transfer under § 1631 contains within it a challenge to this court's jurisdiction, and a want of jurisdiction must be established before the interest-of-justice inquiry becomes relevant. *North v. Ubiquity, Inc.*, 72 F.4th 221, 228 (7th Cir. 2023); *Squillacote v. United States*, 747 F.2d 432, 439 (7th Cir. 1984).

If this is a suit for money damages founded on the grant agreements, then the claims arise under the Tucker Act, and it is the Tucker Act—not 28 U.S.C. § 1331—that confers jurisdiction exclusively in the Court of Federal Claims. 28 U.S.C. §§ 1346(a)(2) & 1491(a)(1). That court cannot review agency action under the APA, *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997), and "has no general power to provide equitable relief." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011). If this is not a suit for money damages, then the claims arise under the APA, 5 U.S.C. § 704, which permits review of "final agency action for which there is no other adequate remedy in a court," and the Constitution—and 28 U.S.C. § 1331 confers jurisdiction. The APA waives the federal government's sovereign immunity for actions "seeking relief other than money damages," subject to a proviso: nothing in the waiver "confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702.

Defendants lead with the adequate-remedy bar. They argue that plaintiffs have an adequate remedy in the Court of Federal Claims—a money judgment on the grants—and that under Federal Circuit precedent, § 704's adequate-remedy condition is jurisdictional because it implicates the waiver of sovereign immunity. [84] at 7–9 (citing *Consol. Edison Co. of N.Y. v. United States*, 247 F.3d 1378, 1383 (Fed. Cir. 2001); *Christopher Vill., L.P. v. United States*, 360 F.3d 1319, 1327 (Fed. Cir. 2004)). On that premise, defendants say, the transfer analysis should begin—and end—with whether the Court of Federal Claims can provide "essentially the remedy" plaintiffs seek. *Suburban Mortg. Assocs.*, 480 F.3d at 1126.

Federal Circuit law governs the transfer analysis, but whether § 704's conditions are jurisdictional is a question about the meaning of the APA—a statute that every federal court applies, not one entrusted to the Federal Circuit's exclusive care. On questions that are not unique to its jurisdiction, the Federal Circuit itself defers to the law of the regional circuit. *Pro-Mold*, 75 F.3d at 1574. And in this circuit, the answer is settled: "because the APA is not a jurisdiction-conferring statute, the elements of a claim under the APA … are not jurisdictional." *Dhakal v. Sessions*, 895 F.3d 532, 538 n.9 (7th Cir. 2018) (cleaned up). The conditions in § 704 "do not limit the waiver of immunity in § 702's second sentence." *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 775 (7th Cir. 2011). Indeed, sovereign immunity itself "does not diminish a court's subject-matter jurisdiction." *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008). "The ability of governments to waive the benefit of sovereign immunity demonstrates that the doctrine is non-jurisdictional," because "real jurisdictional limits can't be waived." *Id.* "Sovereign immunity concerns the remedy rather than adjudicatory competence." *Id.* Section 702 waives sovereign immunity; § 704 defines the cause of action. An argument that plaintiffs have an adequate remedy elsewhere is an argument that plaintiffs cannot state an APA claim—a merits argument, not a jurisdictional one. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Builders Bank v. Fed. Deposit Ins. Corp.*, 846 F.3d 272, 274 (7th Cir. 2017).

The Federal Circuit's decisions do not compel a different conclusion. The cases defendants cite predate the Supreme Court's effort "to bring some discipline" to the

use of the jurisdictional label. *Gonzalez*, 565 U.S. at 141 (quotation omitted). The Federal Circuit's more recent decisions express skepticism that § 704's requirements are jurisdictional, *Automated Merch. Sys., Inc. v. Lee*, 782 F.3d 1376, 1379 (Fed. Cir. 2015), and hold that the § 702 waiver is not limited by the APA's definitions of reviewable agency action, *Delano Farms Co. v. Calif. Table Grape Comm'n*, 655 F.3d 1337, 1344 (Fed. Cir. 2011). And the Seventh Circuit has explained that decisions like *Consolidated Edison* "rely on statutes that take particular classes of cases outside § 702 and § 704 by providing exclusive means of litigation." *Blagojevich*, 519 F.3d at 372. Whether such a statute—here, the Tucker Act—does that work is a distinct question, taken up below; it is not a reason to treat § 704's adequate-remedy condition as a limit on this court's jurisdiction.

*Suburban Mortgage*, the decision on which defendants lean most heavily, would not support their position in any event. The plaintiff there was a private mortgage lender. It had "contracted with HUD for mortgage insurance," filed a claim under the policy, and sued when HUD refused to pay—"in substance a contract-based action asking for monetary relief from the Government." 480 F.3d at 1126. The Federal Circuit took care to distinguish those facts from *Bowen v. Massachusetts*, 487 U.S. 879 (1988). *Bowen*, the court explained, "was a dispute between two sovereigns—a state government and the federal government—implicating federalism issues." *Id.* at 1127. The dispute "centered on the administration of a major federal grant" program. *Id.* At issue "were the institutional arrangements between these two governments," which "were locked into a fabric of long-term administration of the

program." *Id.* And the Supreme Court's "focus was on the statutory requirements set forth in this complex grant program—nowhere in *Bowen* did the Court make reference to the existence of any specific contract or express agreement defining the relationship between the parties." *Id.*

The Federal Circuit stressed one more distinction: the lender did not "seek[] declaratory or injunctive relief to modify the Government's future obligations under the program" or "to change any long-term future conduct by the Government." *Id.* Every one of those distinctions describes this case. This is a dispute between sovereigns over the administration of major federal grant programs and the long-term institutional arrangements between the state and federal governments. Plaintiffs invoke statutory and constitutional limits on the government's conduct, not the terms of any contract. [51] ¶¶ 180–224. And they seek exactly the relief the lender in *Suburban Mortgage* did not: prospective relief against the directive's future implementation. [51] at 50–51. On the Federal Circuit's account, this case sits on *Bowen*'s side of the line.

Even if the adequate-remedy bar were jurisdictional, defendants' argument would fail. A remedy is adequate only if it gives the plaintiffs "essentially the remedy" they seek. *Suburban Mortg. Assocs.*, 480 F.3d at 1126. Plaintiffs seek an order setting aside the Targeting Directive and enjoining its future enforcement—not payment on a set of grants already identified for termination. [51] at 50–51.

The Court of Federal Claims "has no general power to provide equitable relief," *Tohono O'Odham*, 563 U.S. at 313, and a money judgment on particular grants would

leave the directive in place and its future implementation unrestrained. *Cf. Bowen*, 487 U.S. at 905 (refusing "to assume, categorically, that a naked money judgment against the United States will always be an adequate substitute for prospective relief"). The Court of Federal Claims cannot give plaintiffs the remedy they seek, so it cannot provide an adequate one.

The Tucker Act is a different matter: it is jurisdictional. It channels contract claims against the United States to the Court of Federal Claims. The dispositive question is whether this action is, in substance, a claim founded on contract seeking money from the United States—in which case it belongs to the Court of Federal Claims—or a challenge to agency action seeking relief other than money damages—in which case it belongs here.

The framework for answering that question was supplied in *National Institutes of Health v. American Public Health Association*, 145 S.Ct. 2658 (2025). While the Supreme Court's "interim orders are not conclusive as to the merits, they inform how a [lower] court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S.Ct. 2653, 2654 (2025). The NIH issued internal guidance documents announcing that it would no longer fund certain categories of research and then terminated existing grants under that guidance. The district court vacated both the guidance and the terminations. The Supreme Court stayed the judgment as to the grant terminations, because the APA's "limited waiver of sovereign immunity" does not give a district court jurisdiction to adjudicate claims "based on" the grants or "to order relief designed to enforce any 'obligation to pay money' pursuant to those

grants." 145 S.Ct. at 2660 (quoting *Dep't of Educ. v. California*, 604 U.S. 650, 651 (2025) (per curiam)). But the Court left the vacatur of the guidance undisturbed. Justice Barrett, who supplied the decisive vote, explained the dividing line: challenges to grant terminations "belong in the Court of Federal Claims," while an APA challenge seeking "vacatur of internal agency guidance" belongs in district court. *Id.* at 2661 (Barrett, J., concurring). That "the agency guidance discusses internal policies related to grants does not transform a challenge to that guidance into a claim 'founded … upon' contract that only the CFC can hear." *Id.* (quoting 28 U.S.C. § 1491(a)(1)). The two kinds of claims "are legally distinct." *Id.* at 2661. "Vacating the guidance does not reinstate terminated grants," and a plaintiff cannot "end-run" the Court of Federal Claims' exclusive jurisdiction over terminations "simply by packaging them with a challenge to agency guidance." *Id.* at 2661–62.

On the face of the complaint, this suit sits on the guidance side of that line. Plaintiffs challenge the Targeting Directive: a decision by the OMB—an agency that holds none of the affected grants—commanding other agencies to cut funding to four states. [51] ¶¶ 2, 56. The rights plaintiffs invoke arise from the Constitution and the APA, not from the terms of any grant agreement. [51] ¶¶ 180–224. And the relief they seek is a declaration that the directive is unlawful, vacatur of the directive, and an injunction against its implementation—not payment of any sum. [51] at 50–51; *see Evers v. Astrue*, 536 F.3d 651, 657–58 (7th Cir. 2008) (whether an action is at bottom contractual depends on the source of the rights the plaintiff asserts and the type of relief sought). A judgment for plaintiffs would not order the government to pay a

dollar; it would prevent the OMB from using the directive going forward. *See Natl. Insts. of Health*, 145 S.Ct. at 2662 n.1 (Barrett, J., concurring) ("If a district court decides that agency guidance violates the APA, it may vacate the guidance, preventing the agency from using it going forward.").

The timing of this suit confirms as much. Section 1631 asks whether the action "could have been brought" in the transferee court "at the time it was filed," and "judicial authority depends on the state of affairs when a case begins." *Bush v. United States*, 100 F.4th 807, 812 (7th Cir. 2024). Plaintiffs filed this suit on February 11—the day before any grant termination took effect. [1]; [51] ¶ 101. At that moment there were no "past due sums" to recover, *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002), and no terminated grants for the Court of Federal Claims to reinstate. Whatever else may be said of this action, it did not begin as a suit for money due on a contract, because no money was due and no agreement had been terminated.

Defendants respond that the Targeting Directive is artful pleading—"an omnibus and generalized way of reframing a demand for the restoration of terminated contracts." [84] at 6. On their view, any termination could be recast as a challenge to some upstream "directive," and a "cottage industry" of contract plaintiffs could evade the Court of Federal Claims by suing over the decision to seek termination authority rather than the termination itself. [84] at 13–14 (quoting *Suburban Mortg. Assocs.*, 480 F.3d at 1124). Unlike the guidance in *National Institutes of Health*, defendants say, the directive alleged here "consists of ordering

immediate terminations," so the directive and the terminations cannot be separated. [84] at 15–16. The concern about artful pleading is misplaced here for two reasons.

First, to the extent defendants deny that any OMB directive exists apart from the CDC grant terminations, that denial attacks the merits of plaintiffs' claims—the existence and reviewability of the very agency action they challenge—dressed as a jurisdictional objection. A court may not resolve factual disputes bearing on jurisdiction when those disputes are intertwined with the merits of the claim. *Perttu v. Richards*, 605 U.S. 460, 472 (2025). When a jurisdictional argument is in substance an attack on the merits, the court assumes the truth of the complaint's allegations, and jurisdiction fails only if the claim is "wholly insubstantial and frivolous." *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 557–58 (7th Cir. 2021) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). Plaintiffs' allegation of a distinct OMB policy is not insubstantial. The limited record developed in expedited discovery supports a reasonable inference that OMB directed HHS to cut plaintiffs' funding because plaintiffs appeared on a list of states with sanctuary jurisdictions—a motive different from the "agency priorities" rationale HHS gave Congress. [63] at 4; [51] ¶¶ 91–92. Plaintiffs did not conjure an OMB directive through artful pleading.

Second, this case does not sit on the slippery slope defendants describe. A contractor who sues to "vacate" a supervisor's authorization of his contract's termination is, in substance, litigating the termination; the "directive" and the

termination are one decision taken in two steps. The Targeting Directive, as alleged,[2] is nothing like that. It is a policy, issued by an agency that is party to none of the affected grants, aimed at states rather than agreements, and—by OMB's own account—unfinished: "more grant cancellations were expected." [51] ¶¶ 68–72. Vacating that policy would not reinstate a single grant. *Natl. Insts. of Health*, 145 S.Ct. at 2661 (Barrett, J., concurring). The termination claims defendants describe and the policy challenge plaintiffs pleaded are legally distinct, and a challenge to the policy is a standard APA case for a district court, no matter that the policy "relate[s] to grants." *Id.* at 2661.

Nor is this a suit for "money damages" in disguise. The question under § 702 is whether plaintiffs seek substitute relief—compensation for losses already suffered—or specific relief directed at the challenged conduct. *See Bowen*, 487 U.S. at 895; *Columbus Reg'l Hosp. v. Fed. Emergency Mgmt. Agency*, 708 F.3d 893, 896–97 (7th Cir. 2013). A money judgment on the terminated CDC grants—the remedy defendants say awaits in the Court of Federal Claims—would not remedy the injuries plaintiffs allege. The complaint pleads an injury to sovereignty: a federal policy that singles out four states for punishment because of their sovereign policy choices. [51] ¶¶ 185. And it pleads a continuing threat: OMB has promised that "more grant cancellations" are coming and noticed 41 additional grants for termination the day

[2] Because defendants bring a facial challenge to jurisdiction, I accept the allegations as true. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015); *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). Whether the "Targeting Directive" exists and, if it does, whether it amounts to a final agency action subject to review are merits issues and remain to be decided.

this suit was filed. [51] ¶¶ 72, 108. An award of money for yesterday's terminations would leave the directive in place and the threat of tomorrow's terminations intact. Only prospective relief against the policy itself addresses those injuries—and prospective, non-monetary relief is what § 702 permits and the Court of Federal Claims cannot give. *Tohono O'Odham*, 563 U.S. at 313.

Defendants' arguments about plaintiffs' constitutional claims fail for the same reasons. Defendants contend that the constitutional counts are, in this setting, "substantively indistinguishable from a breach of contract claim" and so face the same jurisdictional bars. [84] at 12 (quoting *Suburban Mortg. Assocs.*, 480 F.3d at 1128). But the § 702 waiver "is not limited to claims brought pursuant to the review provisions contained in the APA itself"; it applies equally to constitutional challenges to agency action. *Michigan*, 667 F.3d at 775. Plaintiffs' constitutional theories target the directive, not any contract: retaliation against the states' sovereign choices, encroachment on Congress's power of the purse, and the retroactive imposition of funding conditions. [51] ¶¶ 180–224. Those claims challenge agency action and seek only equitable relief, so they stand on the same footing as the APA counts. I do not reach plaintiffs' alternative argument that the constitutional counts could proceed in equity without any statutory waiver. *See* [82] at 28–30.

That leaves defendants' alternative request for a partial transfer of any "claim seeking the continued payment of grants that had already been noticed to Congress for termination." [84] at 22. Partial transfers are possible in principle: the Federal Circuit has read § 1631, in light of § 1292(d)(4)(A)'s reference to orders granting a

transfer "in whole or in part," to permit the transfer of fewer than all claims in an action. *United States v. Cnty. of Cook*, 170 F.3d 1084, 1089 (Fed. Cir. 1999). But § 1631 permits transfer only to a court in which the transferred claims "could have been brought," and 28 U.S.C. § 1500 strips the Court of Federal Claims of jurisdiction over "any claim for or in respect to which" the plaintiff has a suit pending in any other court.

Two suits are for or in respect to the same claim "if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono O'Odham*, 563 U.S. at 317. *County of Cook* itself illustrates the consequence: when a district court transferred takings counts to the Court of Federal Claims while retaining related counts, the Federal Circuit held that § 1500 "precluded jurisdiction over the transferred claims," 170 F.3d at 1091, and the Seventh Circuit reached the same conclusion in the parallel appeal. *United States v. Cnty. of Cook*, 167 F.3d 381, 384 (7th Cir. 1999).

Every claim in this case arises from the same operative facts: OMB's issuance of the Targeting Directive and the directive's implementation against the plaintiff states. A partial transfer would send a slice of those facts to a court instantly deprived of jurisdiction over them. That is not a transfer § 1631 authorizes. To the extent plaintiffs have (or come to have) distinct claims for the reinstatement of terminated grants, those claims belong to the Court of Federal Claims, and plaintiffs "will have to proceed sequentially rather than simultaneously"—this action first, and any claim for money on the grants afterward. *Natl. Insts. of Health*, 145 S.Ct. at 2662 (Barrett,

J., concurring). Nothing about that sequence is unfair to anyone; "the statutory scheme puts plaintiffs to precisely this choice." *Id.* (citing *Tohono O'Odham*, 563 U.S. at 316–17).

Because this court has jurisdiction over the action and the Court of Federal Claims would not have it, there is no occasion to consider whether transfer would serve the interest of justice. *North v. Ubiquity*, 72 F.4th at 228. The renewed motion to transfer is denied.

**B. Motion to Enforce Discovery Order**

To facilitate resolving the motion to transfer the case as pled in the original complaint, I ordered limited jurisdictional discovery. [50]. A motion to transfer an action to the Court of Federal Claims automatically stays all proceedings in the district court, except for the granting of preliminary or injunctive relief. 28 U.S.C. § 1292(d)(4)(B) ("When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion. … The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary.").

Defendants read that stay to bar any discovery from the moment their first transfer motion was filed. [72] at 7. I disagreed, and I adhere to that view. The statute preserves the court's authority to grant preliminary and injunctive relief where expedition is reasonably necessary, and a court asked to grant that relief—and to determine whether it has jurisdiction to act at all—must be able to inform both decisions. The discovery I ordered was narrow and aimed at a single factual question

underlying both the transfer motion and the request for preliminary relief: whether there was a decision by OMB directing HHS and CDC to target plaintiffs' grants. *See* [50] (requiring production of documents explaining how plaintiffs were selected for inclusion in Attachment B to Budget Data Request 26-09, and guidance, directives, or instructions from OMB to HHS or CDC on selecting states for grant review and on evaluating grant alignment with agency priorities). Limited jurisdictional discovery was logically necessary to resolve the motion to transfer and to decide whether preliminary relief was warranted; the automatic stay did not prohibit it. *Cf. Consol. Edison Co. of N.Y. v. United States*, 54 F.Supp.2d 364 (S.D.N.Y. 1999) (refusing to allow discovery where plaintiff sought neither a TRO nor a preliminary injunction, but noting that distinction was decisive).

Defendants produced 30 pages from OMB, 172 pages from CDC, and three spreadsheets, with redactions. [55] at 3; [72] at 6–7. Plaintiffs argue that defendants' privilege assertions are improper because the withheld material is largely post-decisional implementation of OMB's directive rather than predecisional deliberation, that the government's motive is at the center of this case, and that the production is missing responsive documents; they ask for re-production without deliberative-process redactions or, in the alternative, *in camera* review. [55]; [78]. Defendants respond that their declarations and privilege logs establish that the withheld information is predecisional and deliberative, that plaintiffs have not shown a particularized need for it, and that the production is complete. [72].

The expedited discovery served a specific purpose: to permit reasoned decisions on jurisdiction and preliminary relief. Both decisions have now been made. Plaintiffs obtained a preliminary injunction on the existing record, [63]; [64], and the renewed motion to transfer has been resolved—against defendants—without any need to look behind the redactions. As explained above, jurisdiction turns on the nature of the claims pled and the relief sought, not on the contents of defendants' internal deliberations, and the record was sufficient to lend plausibility to the alleged OMB decision at issue. The motion to enforce, [55], is denied without prejudice to renewal, if appropriate, when the stay lifts and the case proceeds on a schedule.

## IV. Conclusion

The renewed motion to transfer, [62], is denied. Plaintiffs' motion to enforce discovery order, [55], is denied. The case is stayed for 60 days per 28 U.S.C. § 1292(d)(4)(B). If an appeal is taken from this order, the case will remain stayed until the appeal has been decided. If a notice of appeal is not filed by September 21, 2026, the parties shall file a status report proposing a case schedule.

ENTER:

Manish S. Shah
United States District Judge

Date: July 21, 2026

APPEAL,STAYED,VALDEZ

**United States District Court**
**Northern District of Illinois - CM/ECF NextGen 1.9 (rev. 1.9) (Chicago)**
**CIVIL DOCKET FOR CASE #: 1:26-cv-01566**
**Internal Use Only**

State of Illinois et al v. Vought
Assigned to: Honorable Manish S. Shah
Cause: 46:1156 Administrative Procedure Act

Date Filed: 02/11/2026
Jury Demand: None
Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**State of Illinois**

represented by

**Katharine Anna Roller**
Illinois Attorney General's Office
115 S LaSalle Street
Chicago, IL 60603
773-519-1842
Email: katharine.roller@ilag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cara A Hendrickson**
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
773-835-0184
Fax: Active
Email: cara.hendrickson@ilag.gov
*ATTORNEY TO BE NOTICED*

**Molly Mauck**
Office of the Illinois Attorney General
115 S. LaSalle Street
35th Floor
Chicago, IL 60603
(312) 881-0490
Fax: Not a member
Email: molly.mauck@ilag.gov
*ATTORNEY TO BE NOTICED*

**Sarah Ann Hunger**
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
(312) 814-5202
Fax: Not a member
Email: sarah.hunger@ilag.gov
*ATTORNEY TO BE NOTICED*

**Sarah J. North**
Office of the Illinois Attorney General
Public Interest Division
115 S. LaSalle St.
Chicago, IL 60603
312-814-2683
Email: sarah.north@ilag.gov
*ATTORNEY TO BE NOTICED*

**Sherief Gaber**
Illinois Office Of The Attorney General
115 South Lasalle
Chicago, IL 60603
(773) 519-3015
Fax: Not a member
Email: sherief.gaber@ilag.gov
*ATTORNEY TO BE NOTICED*

**Robert Henry Weaver**
Office of the Illinois Attorney General
Public Interest Division
115 S. LaSalle St.
30th Floor
Chicago, IL 60603
773-590-6838
Email: robert.weaver@ilag.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State Of California** represented by

**Harald H Kirn**
California Department of Justice
1300 I Street
Sacramento, CA 95814
(916) 210-6111
Fax: Pro Hac Vice
Email: harald.kirn@doj.ca.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathleen Boergers**
California Attorney General
1515 Clay St.
20th Floor
Oakland, CA 94612
(510) 879-0011
Fax: Pro Hac Vice
Email: kathleen.boergers@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State Of Colorado** represented by

**David Moskowitz**
Colorado Department of Law
1300 Broadway

10th Floor
Denver, CO 80203
(720) 508-6000
Fax: Pro Hac Vice
Email: David.Moskowitz@coag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Weiss**
Colorado Department of Law
1300 Broadway
10th Floor
Denver, CO 80203
(720) 508-6000
Fax: Pro Hac Vice
Email: Sarah.Weiss@coag.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Minnesota** represented by

**Edwin William Stockmeyer**
Office of the Minnesota Attorney General
445 Minnesota Street
Suite 600
St. Paul, MN 55101
(651) 757-1247
Fax: Pro Hac Vice
Email: ed.stockmeyer@ag.state.mn.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Bies**
Minnesota Attorney General's Office
445 Minnesota Street
Suite 600
St. Paul, MN 55101
(651) 300-0917
Fax: Pro Hac Vice
Email: katherine.bies@ag.state.mn.us
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Russell Vought**
*in his official capacity as Director of the Office of Management & Budget* represented by

**Michael Velchik**
DOJ-Civ
950 Pennsylvania Avenue NW
Washington, DC 20530
202-860-8388
Fax: Not a member
Email: michael.velchik@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Patrick Walter Johnson**

United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604
(312) 353-5300
Fax: Active
Email: patrick.johnson2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Office of Management and Budget** represented by **AUSA - Chicago**
United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604
Fax: US Govt Attorney
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Walter Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert F. Kennedy Jr.**
*in his official capacity as Secretary of the U.S. Department of Health & Human Services*
represented by **AUSA - Chicago**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Walter Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Health and Human Services** represented by **AUSA - Chicago**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Walter Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jim O'Neill**
*in his official capacity as Acting Director of the U.S. Centers for Disease Control & Prevention*
*TERMINATED: 03/03/2026*

represented by **AUSA - Chicago**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Walter Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Centers for Disease Control and Prevention**

represented by **AUSA - Chicago**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Walter Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donald J. Trump**
*in his official capacity as President of the United States*

represented by **AUSA - Chicago**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Walter Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States**

represented by **AUSA - Chicago**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Velchik**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Walter Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jay Bhattacharya**
*in his official capacity as Acting Director of the U.S. Centers for Disease Control & Prevention*

**Defendant**

**Sean Duffy**
*in his official capacity as Secretary of the U.S. Department of Transportation*

**Defendant**

**United States Department of Transportation**

**Defendant**

**Kristi Noem**
*in her official capacity as Secretary of the Department of Homeland Security*

**Defendant**

**United States Department of Homeland Security**

**Defendant**

**Karen S Evans**
*in her official capacity as Senior Official Performing the Duties of FEMA Administrator*

**Defendant**

**Federal Emergency Management Agency**

**Movant**

**AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES Council 31**

**Movant**

**AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2026 | 1 | COMPLAINT filed by State of Illinois, State Of Colorado, State Of California, State of Minnesota; Filing fee $ 405, receipt number AILNDC-24716412.(Weaver, Robert) (Entered: 02/11/2026) |
| 02/11/2026 | 2 | CIVIL Cover Sheet (Weaver, Robert) (Entered: 02/11/2026) |
| 02/11/2026 | 3 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota for temporary restraining order *Emergency* |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Weaver, Robert) (Entered: 02/11/2026) |
| 02/11/2026 | 4 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota for leave to file excess pages *Instanter*<br><br>(Weaver, Robert) (Entered: 02/11/2026) |
| 02/11/2026 | 5 | ATTORNEY Appearance for Plaintiff State of Illinois by Sarah Ann Hunger (Hunger, Sarah) (Entered: 02/11/2026) |
| 02/11/2026 | 6 | ATTORNEY Appearance for Plaintiff State of Illinois by Katharine Anna Roller (Roller, Katharine) (Entered: 02/11/2026) |
| 02/12/2026 | | CASE ASSIGNED to the Honorable Manish S. Shah. Designated as Magistrate Judge the Honorable Maria Valdez. Case assignment: Random assignment. (Civil Category 2). (cvk, ) (Entered: 02/12/2026) |
| 02/12/2026 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (cvk, ) (Entered: 02/12/2026) |
| 02/12/2026 | 7 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file excess pages 4 is granted. Hearing on the motion for entry of temporary restraining order 3 is set for 2/12/26 at 11:00 a.m. in Courtroom 1919. Notices Mailed. (psm, ) (Entered: 02/12/2026) |
| 02/12/2026 | 15 | DESIGNATION of Patrick Walter Johnson as U.S. Attorney for Defendants Robert F. Kennedy Jr., Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, Russell Vought (Johnson, Patrick) (Entered: 02/12/2026) |
| 02/12/2026 | 16 | ATTORNEY Appearance for Plaintiff State of Illinois by Molly Mauck (Mauck, Molly) (Entered: 02/12/2026) |
| 02/12/2026 | 17 | MINUTE entry before the Honorable Manish S. Shah: Motion hearing held. The court will issue a ruling on the Motion for Temporary Restraining Order 3 via cm/ecf. Notices Mailed. (psm, ) (Entered: 02/12/2026) |
| 02/12/2026 | 18 | ATTORNEY Appearance for Plaintiff State of Illinois by Cara A Hendrickson (Hendrickson, Cara) (Entered: 02/12/2026) |
| 02/12/2026 | 19 | TRANSCRIPT OF PROCEEDINGS held on 02/12/2026 before the Honorable Manish S. Shah. Emergency Motion Hearing. Order Number: 54544. Court Reporter Contact Information: Colleen_Conway@ilnd.uscourts.gov or 312.435.5594.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, |

| | | |
|---|---|---|
| | | see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/5/2026. Redacted Transcript Deadline set for 3/16/2026. Release of Transcript Restriction set for 5/13/2026. (Conway, Colleen) (Entered: 02/12/2026) |
| 02/12/2026 | 20 | ORDER. Signed by the Honorable Manish S. Shah on 2/12/2026: Plaintiffs' emergency motion for a temporary restraining order, 3 , is granted. Enter Temporary Restraining Order. A status hearing is set for February 18, 2026, at 9:30 a.m. [For further detail see attached order.] Notices Mailed. (psm, ) (Entered: 02/12/2026) |
| 02/12/2026 | 21 | TEMPORARY RESTRAINING ORDER. Signed by the Honorable Manish S. Shah on 2/12/2026. Notices Mailed. (psm, ) (Entered: 02/12/2026) |
| 02/13/2026 | 22 | MOTION for Leave to Appear Pro Hac Vice on behalf of State Of Colorado by David Moskowitz; Filing fee $ 150, receipt number AILNDC-24724809.<br><br>(Moskowitz, David) (Entered: 02/13/2026) |
| 02/13/2026 | 23 | SUMMONS Issued (Court Participant) as to Robert F. Kennedy Jr., Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, Russell Vought (Attachments: # 1 summons, # 2 summons, # 3 summons, # 4 summons, # 5 summons, # 6 summons)(axk, ) (Entered: 02/13/2026) |
| 02/13/2026 | 26 | SUMMONS Issued (Court Participant) as to U.S. Attorney and U.S. Attorney General (Attachments: # 1 Summons)(pjj, ) (Entered: 02/13/2026) |
| 02/14/2026 | 27 | ATTORNEY Appearance for Plaintiff State of Illinois by Sherief Gaber (Gaber, Sherief) (Entered: 02/14/2026) |
| 02/14/2026 | 28 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota to expedite *discovery*<br><br>(Attachments: # 1 Declaration of Katharine Roller with Exhibits)(Mauck, Molly) (Entered: 02/14/2026) |
| 02/14/2026 | 29 | NOTICE of Motion by Molly Mauck for presentment of motion to expedite 28 before Honorable Manish S. Shah on 2/19/2026 at 09:45 AM. (Mauck, Molly) (Entered: 02/14/2026) |
| 02/15/2026 | 30 | MINUTE entry before the Honorable Manish S. Shah: Hearing on the motion to expedite discovery is reset to 2/18/29 at 9:30 a.m. to coincide with the status hearing. The court acknowledges plaintiffs' request to order discovery responses on 2/16/26, but whether to authorize, and the scope of, discovery will be addressed at the status hearing. If the court grants the motion, it will set a short deadline for responses. The government would be well advised to begin marshaling records (and nothing prevents the government from voluntarily producing materials in advance of 2/18/26). (mss) (Entered: 02/15/2026) |
| 02/17/2026 | 31 | ATTORNEY Appearance for Plaintiff State Of California by Kathleen Boergers (Boergers, Kathleen) (Entered: 02/17/2026) |

| | | |
|---|---|---|
| 02/17/2026 | 32 | DESIGNATION of Michael Velchik as U.S. Attorney for Defendants Robert F. Kennedy Jr., Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, Russell Vought (Velchik, Michael) (Entered: 02/17/2026) |
| 02/17/2026 | 33 | MOTION for Leave to Appear Pro Hac Vice on behalf of State Of California by Harald H Kirn; Filing fee $ 150, receipt number AILNDC-24736992.<br><br>(Kirn, Harald) (Entered: 02/17/2026) |
| 02/17/2026 | 34 | RESPONSE by Robert F. Kennedy Jr., Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, Russell Voughtin Opposition to MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota to expedite *discovery*<br><br>28 (Velchik, Michael) (Entered: 02/17/2026) |
| 02/18/2026 | 35 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. Motion hearing held. The temporary restraining order is extended to 3/12/26, without objection. The government has leave to file a motion by 11:59 p.m. on 2/23/26, which may be a motion to dismiss, transfer, or vacate the TRO. Whatever procedural vehicle the government chooses, the court expects the government to provide the basis and source for any agency decision that purports to terminate the public-health grants at issue in the operative complaint. Plaintiff's motion to expedite discovery 28 is entered and continued to a telephone hearing on 2/25/26 at 9:30 a.m., at which the court will discuss the government's filing, plaintiffs' plan to amend the complaint, and the motion for expedited discovery. The parties are directed to meet and confer to discuss what facts the government intends to rely on in the forthcoming motion. The motions for leave to appear pro hac vice 22 33 are granted. Parties to the case, members of the public, and the media, may participate in/listen to these proceedings by dialing 1-650-479-3207 and using access code 2302 545 7949. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notices Mailed. (psm, ) (Entered: 02/18/2026) |
| 02/18/2026 | 36 | TRANSCRIPT OF PROCEEDINGS held on 02/18/2026 before the Honorable Manish S. Shah. Status Hearing. Order Number: 54598. Court Reporter Contact Information: Colleen_Conway@ilnd.uscourts.gov or 312.435.5594.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/11/2026. Redacted Transcript Deadline set for 3/23/2026. Release of Transcript Restriction set for 5/19/2026. (Conway, Colleen) (Entered: 02/18/2026) |

| | | |
|---|---|---|
| 02/18/2026 | 37 | *(receipt number AILNDC-24729337)* MOTION by Plaintiff State Of California for leave to appear as PRO HAC VICE *(receipt number AILNDC-24729337)*<br><br>(Boergers, Kathleen) (Entered: 02/18/2026) |
| 02/18/2026 | 38 | MOTION for Leave to Appear Pro Hac Vice on behalf of State Of Colorado by Sarah Weiss; Filing fee $ 150, receipt number AILNDC-24740203.<br><br>(Weiss, Sarah) (Entered: 02/18/2026) |
| 02/18/2026 | 39 | MOTION for Leave to Appear Pro Hac Vice on behalf of State of Minnesota by Katherine Bies; Filing fee $ 150, receipt number AILNDC-24741877.<br><br>(Bies, Katherine) (Entered: 02/18/2026) |
| 02/19/2026 | 40 | MINUTE entry before the Honorable Manish S. Shah: The motions for leave to appear pro hac vice 37 38 39 are granted. Notices Mailed. (psm, ) (Entered: 02/19/2026) |
| 02/19/2026 | 41 | CERTIFICATE of Service by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota (Weaver, Robert) (Entered: 02/19/2026) |
| 02/23/2026 | 42 | MOTION by Defendants Robert F. Kennedy Jr., Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, Russell Vought for leave to file excess pages<br><br>(Velchik, Michael) (Entered: 02/23/2026) |
| 02/23/2026 | 43 | MOTION by Defendants U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, United States, Robert F. Kennedy Jr., Russell Vought, Donald J. Trump, Jim O'Neill, U.S. Office of Management and Budget to transfer case *to the Court of Federal Claims*<br><br>, MOTION by Defendants U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, United States, Robert F. Kennedy Jr., Russell Vought, Donald J. Trump, Jim O'Neill, U.S. Office of Management and Budget to dismiss for lack of jurisdiction<br><br>, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, United States, Robert F. Kennedy Jr., Russell Vought, Donald J. Trump, Jim O'Neill, U.S. Office of Management and Budget<br><br>, MOTION by Defendants U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, United States, Robert F. Kennedy Jr., Russell Vought, Donald J. Trump, Jim O'Neill, U.S. Office of Management and Budget to clarify<br><br>, MOTION by Defendants U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, United States, Robert F. Kennedy Jr., Russell Vought, Donald J. Trump, Jim O'Neill, U.S. Office of Management and Budget to stay<br><br>(Attachments: # 1 Memorandum in Support)(Velchik, Michael) (Entered: 02/23/2026) |

| | | | |
|---|---|---|---|
| 02/23/2026 | | 44 | CERTIFIED COPY OF ADMINISTRATIVE RECORD by Defendants Robert F. Kennedy Jr., Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, Russell Vought (Attachments: # 1 Certification, # 2 Index, # 3 Part 1, # 4 Part 2, # 5 Part 3, # 6 Part 4, # 7 Part 5, # 8 Part 6, # 9 Part 7, # 10 Part 8)(Velchik, Michael) (Entered: 02/23/2026) |
| 02/24/2026 | | 45 | REPLY by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota to response in opposition to motion, 34 (Attachments: # 1 Exhibit 1 (Supp. Roller Decl.))(Weaver, Robert) (Entered: 02/24/2026) |
| 02/25/2026 | | 46 | MINUTE entry before the Honorable Manish S. Shah: Telephone status hearing held. The government's motion for leave to file excess pages 42 is granted. The court will issue a ruling on plaintiffs' motion for expedited discovery 28 via cm/ecf. Continued telephone status hearing is set for 3/4/26 at11:30 a.m. Parties to the case, members of the public, and the media, may participate in/listen to these proceedings by dialing 1-650-479-3207 and using access code 2302 545 7949. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notices Mailed. (psm, ) (Entered: 02/25/2026) |
| 02/25/2026 | | 47 | MOTION for Leave to Appear Pro Hac Vice on behalf of State of Minnesota by Edwin William Stockmeyer; Filing fee $ 150, receipt number AILNDC-24772226.<br><br>(Stockmeyer, Edwin) (Entered: 02/25/2026) |
| 02/25/2026 | | 48 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to appear pro hac vice 47 is granted. Notices Mailed. (psm, ) (Entered: 02/25/2026) |
| 02/25/2026 | | 49 | TRANSCRIPT OF PROCEEDINGS held on 02/25/2026 before the Honorable Manish S. Shah. Telephone Status Hearing. Order Number: 54677. Court Reporter Contact Information: Colleen_Conway@ilnd.uscourts.gov or 312.435.5594.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/18/2026. Redacted Transcript Deadline set for 3/30/2026. Release of Transcript Restriction set for 5/26/2026. (Conway, Colleen) (Entered: 02/25/2026) |
| 02/25/2026 | | 50 | ORDER. Signed by the Honorable Manish S. Shah on 2/25/2026: Plaintiffs' motion for expedited discovery 28 is granted in part. Defendants shall produce to plaintiffs documents responsive to plaintiffs' first requests for production Nos. 2, 3 (limited to the CDC), 4 (limited to the CDC), and 5 (limited in its cross-reference to Requests Nos. 2, 3, and 4 and, as to Requests 3 and 4, limited to the CDC). Defendants must also produce: (1) documents explaining how plaintiffs were selected for inclusion in Attachment B to Budget Data Request 26-09; (2) guidance, directives, or instructions issued after December 1, 2025, from OMB to HHS or CDC on selecting states for grant review; (3) guidance, directives, or instructions issued after August |

| | | |
|---|---|---|
| | | 7, 2025, from OMB to HHS or CDC on whether and how to evaluate grant alignment with agency priorities; and (4) guidance, directives, or instructions issued after August 7, 2025, internal to HHS or CDC on whether and how to evaluate grant alignment with agency priorities. Defendants shall make their production by noon central time on 3/2/26. A status hearing remains set for 3/4/26 at 11:30 a.m., central time. The TRO is clarified to exclude the President of the United States from the defendants subject to the TRO. [For further detail see attached order.] Notices Mailed. (psm, ) (Entered: 02/25/2026) |
| 03/03/2026 | 51 | *First* AMENDED complaint by State Of California, State Of Colorado, State of Illinois, State of Minnesota against All Defendants and terminating Jim O'Neill (in his official capacity as Acting Director of the U.S. Centers for Disease Control & Prevention) (Weaver, Robert) (Entered: 03/03/2026) |
| 03/03/2026 | 52 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota to set a briefing schedule<br><br>(Weaver, Robert) (Entered: 03/03/2026) |
| 03/04/2026 | 53 | MINUTE entry before the Honorable Manish S. Shah: Telephone status hearing. Plaintiffs' motion to set briefing schedule 52 is granted in part. Plaintiffs shall file their motion for preliminary injunction by 9pm CST on 3/6/26. The government shall respond by 5pm CST on 3/10/26. Each brief may be up to 30 pages in length. No reply permitted. The court will enter a ruling via cm/ecf. The motion to dismiss 43 is terminated as moot, based on the filing of an amended complaint. Notices Mailed. (psm, ) (Entered: 03/04/2026) |
| 03/04/2026 | 54 | TRANSCRIPT OF PROCEEDINGS held on 03/04/2026 before the Honorable Manish S. Shah. Telephone Status Hearing. Order Number: 54766. Court Reporter Contact Information: Colleen_Conway@ilnd.uscourts.gov or 312.435.5594.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/25/2026. Redacted Transcript Deadline set for 4/6/2026. Release of Transcript Restriction set for 6/2/2026. (Conway, Colleen) (Entered: 03/04/2026) |
| 03/04/2026 | 55 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota to enforce<br><br>(Attachments: # 1 Declaration Gaber Declaration, # 2 Exhibit Exhibit 1 - Chronological Exerpts, # 3 Exhibit Exhibit 2 - Redacted Production, # 4 Exhibit Exhibit 3 - Plaintiffs' Deficiency Letter, # 5 Exhibit Exhibit 4 - Defendants' Response)(Gaber, Sherief) (Entered: 03/04/2026) |
| 03/06/2026 | 56 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota for preliminary injunction<br><br>(Weaver, Robert) (Entered: 03/06/2026) |
| 03/06/2026 | 57 | EXHIBIT by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota regarding MOTION by Plaintiffs State Of California, State Of |

| | | |
|---|---|---|
| | | Colorado, State of Illinois, State of Minnesota for preliminary injunction<br><br>56 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3 (Krajewski Decl.), # 4 Exhibit 4 (Gaber Decl.), # 5 Exhibit 5 (Thoele Decl.), # 6 Exhibit 6 (Ige Decl.), # 7 Exhibit 7 (Calonge Decl.), # 8 Exhibit 8 (McGowan Decl.), # 9 Exhibit 9 (Underwood Decl.), # 10 Exhibit 10 (Fanelli Decl.), # 11 Exhibit 11 (Ferrer Decl.), # 12 Exhibit 12 (Maldonado Decl.), # 13 Exhibit 13 (McMahon Decl.), # 14 Exhibit 14 (Brockway Decl.), # 15 Exhibit 15 (Lakhchaura Decl.), # 16 Exhibit 16 (Strife Decl.), # 17 Exhibit 17 (Solberg Decl.), # 18 Exhibit 18 (Duncan Decl.), # 19 Exhibit 19 (O'Dea Decl.), # 20 Exhibit 20 (Kuetemeyer Decl.), # 21 Exhibit 21 (Haney Decl.), # 22 Exhibit 22 (Farole Decl.), # 23 Exhibit 23 (Fennig Decl.)) (Weaver, Robert) (Entered: 03/06/2026) |
| 03/10/2026 | 58 | MEMORANDUM by Jay Bhattacharya, Sean Duffy, Karen S Evans, Federal Emergency Management Agency, Robert F. Kennedy Jr., Kristi Noem, Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, United States Department of Homeland Security, United States Department of Transportation, Russell Vought in Opposition to motion for preliminary injunction 56 (Velchik, Michael) (Entered: 03/10/2026) |
| 03/10/2026 | 59 | MOTION by Movants AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES Council 31, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO to reassign case<br><br>(Kooragayala, Shiva) (Entered: 03/10/2026) |
| 03/10/2026 | 60 | NOTICE of Motion by Shiva Kooragayala for presentment of motion to reassign case 59 before Honorable Manish S. Shah on 3/17/2026 at 09:45 AM. (Kooragayala, Shiva) (Entered: 03/10/2026) |
| 03/11/2026 | 61 | EXHIBIT by Movants AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES Council 31, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO regarding MOTION by Movants AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES Council 31, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO to reassign case<br><br>59 (Kooragayala, Shiva) (Entered: 03/11/2026) |
| 03/12/2026 | 62 | MOTION by Defendants Jay Bhattacharya, Sean Duffy, Karen S Evans, Federal Emergency Management Agency, Robert F. Kennedy Jr., Kristi Noem, Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, United States Department of Homeland Security, United States Department of Transportation, Russell Vought to clarify<br><br>(Velchik, Michael) (Entered: 03/12/2026) |
| 03/12/2026 | 63 | ORDER. Signed by the Honorable Manish S. Shah on 3/12/2026: Plaintiffs' motion for a preliminary injunction, 56 , is granted in part, denied in part. Enter Preliminary Injunction Order. [For further detail see attached order.] A status hearing is set for 3/26/26 at 11:00 a.m. Notices Mailed. (psm, ) (Entered: 03/12/2026) |
| 03/12/2026 | 64 | PRELIMINARY INJUNCTION ORDER. Signed by the Honorable Manish S. Shah on 3/12/2026. Notices Mailed. (psm, ) (Entered: 03/12/2026) |

| | | |
|---|---|---|
| 03/13/2026 | 65 | NOTICE of Motion by Robert Henry Weaver for presentment of motion to enforce, 55 before Honorable Manish S. Shah on 3/18/2026 at 09:45 AM. (Weaver, Robert) (Entered: 03/13/2026) |
| 03/16/2026 | 66 | MINUTE entry before the Honorable Manish S. Shah: Hearing on the pending motions to reassign, to enforce, and to clarify is reset to 3/26/26 at 11:00 a.m. to coincide with the status hearing. Lead counsel shall appear in person. Although not required, written objections to the motions may be filed by 3/23/26. Notices Mailed. (psm, ) (Entered: 03/16/2026) |
| 03/18/2026 | 67 | MOTION by Defendant U.S. Office of Management and Budget for extension of time<br><br>(Johnson, Patrick) (Entered: 03/18/2026) |
| 03/19/2026 | 68 | MEMORANDUM by AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES Council 31, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO in Opposition to extension of time 67 (Joel, McElvain) (Entered: 03/19/2026) |
| 03/19/2026 | 69 | RESPONSE by State Of California, State Of Colorado, State of Illinois, State of Minnesotain Opposition to MOTION by Defendant U.S. Office of Management and Budget for extension of time<br><br>67 (Weaver, Robert) (Entered: 03/19/2026) |
| 03/23/2026 | 70 | OBJECTIONS by State Of California, State Of Colorado, State of Illinois, State of Minnesota to MOTION by Defendants Jay Bhattacharya, Sean Duffy, Karen S Evans, Federal Emergency Management Agency, Robert F. Kennedy Jr., Kristi Noem, Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and 62 (Weaver, Robert) (Entered: 03/23/2026) |
| 03/23/2026 | 71 | MEMORANDUM by Jay Bhattacharya, Sean Duffy, Karen S Evans, Federal Emergency Management Agency, Robert F. Kennedy Jr., Kristi Noem, Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, United States Department of Homeland Security, United States Department of Transportation, Russell Vought in Opposition to motion to reassign case 59 (Velchik, Michael) (Entered: 03/23/2026) |
| 03/23/2026 | 72 | MEMORANDUM by Jay Bhattacharya, Sean Duffy, Karen S Evans, Federal Emergency Management Agency, Robert F. Kennedy Jr., Kristi Noem, Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, United States Department of Homeland Security, United States Department of Transportation, Russell Vought in Opposition to motion to enforce, 55 (Attachments: # 1 Affidavit CDC, # 2 Affidavit OMB)(Velchik, Michael) (Entered: 03/23/2026) |
| 03/24/2026 | 73 | MINUTE entry before the Honorable Manish S. Shah: Anyone wishing to listen to the proceedings on 3/26/26 at 11:00 a.m. may do so by dialing 1-650-479-3207 and using access code 2302 545 7949. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to |

| | | |
|---|---|---|
| | | future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Notices Mailed. (psm, ) (Entered: 03/24/2026) |
| 03/25/2026 | 74 | REPLY by Movants AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES Council 31, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO to motion to reassign case 59 *In Support Of Plaintiffs' Motion For Reassignment Based On Relatedness* (Joel, McElvain) (Entered: 03/25/2026) |
| 03/26/2026 | 75 | MINUTE entry before the Honorable Manish S. Shah: Status hearing held. The motion for extension of time 67 is denied as unnecessary. For the reasons stated in open court, the motion to reassign 59 is denied. Plaintiffs' response to defendants' renewed motion to transfer and clarify 62 is due 4/23/26; defendants' reply is due 5/14/26. Plaintiffs' reply to the motion to enforce discovery order 55 is due 3/31/26. The court will issue rulings via cm/ecf. Notices Mailed. (psm, ) (Entered: 03/26/2026) |
| 03/27/2026 | 76 | TRANSCRIPT OF PROCEEDINGS held on 03/26/2026 before the Honorable Manish S. Shah. Status Hearing. Order Number: 54971. Court Reporter Contact Information: Colleen_Conway@ilnd.uscourts.gov or 312.435.5594.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/17/2026. Redacted Transcript Deadline set for 4/27/2026. Release of Transcript Restriction set for 6/25/2026. (Conway, Colleen) (Entered: 03/27/2026) |
| 03/31/2026 | 77 | Notice by Jay Bhattacharya, Sean Duffy, Karen S Evans, Federal Emergency Management Agency, Robert F. Kennedy Jr., Kristi Noem, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, United States Department of Homeland Security, United States Department of Transportation, Russell Vought (Attachments: # 1 Declaration OMB Supplemental Declaration, # 2 Declaration CDC Supplemental Declaration)(Velchik, Michael) (Entered: 03/31/2026) |
| 03/31/2026 | 78 | REPLY by State Of California, State Of Colorado, State of Illinois, State of Minnesota to memorandum in opposition to motion,, 72 *to Enforce Discovery Order* (Attachments: # 1 Exhibit 1 (Weaver Decl. & Ex. A.), # 2 Exhibit 2 (CDC_001268.1), # 3 Exhibit 3 (CDC_001436-001439))(Roller, Katharine) (Entered: 03/31/2026) |
| 04/20/2026 | 79 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota for leave to file excess pages *Unopposed*<br><br>(Weaver, Robert) (Entered: 04/20/2026) |
| 04/20/2026 | 80 | NOTICE of Motion by Robert Henry Weaver for presentment of motion for leave to file excess pages 79 before Honorable Manish S. Shah on 4/23/2026 at 09:45 AM. (Weaver, Robert) (Entered: 04/20/2026) |

| | | |
|---|---|---|
| 04/21/2026 | 81 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file excess pages 79 is granted, and no appearance is necessary. Plaintiffs may use up to 30 pages for their response brief. Defendants' reply is limited to 20 pages. Notices Mailed. (psm, ) (Entered: 04/21/2026) |
| 04/23/2026 | 82 | RESPONSE by State Of California, State Of Colorado, State of Illinois, State of Minnesotain Opposition to MOTION by Defendants Jay Bhattacharya, Sean Duffy, Karen S Evans, Federal Emergency Management Agency, Robert F. Kennedy Jr., Kristi Noem, Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and 62 *to Transfer* (Weaver, Robert) (Entered: 04/23/2026) |
| 05/13/2026 | 83 | ATTORNEY Appearance for Plaintiff State of Illinois by Sarah J. North (North, Sarah) (Entered: 05/13/2026) |
| 05/14/2026 | 84 | REPLY by Defendants Jay Bhattacharya, Sean Duffy, Karen S Evans, Federal Emergency Management Agency, Robert F. Kennedy Jr., Kristi Noem, Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, United States Department of Homeland Security, United States Department of Transportation, Russell Vought to motion to clarify, 62 (Velchik, Michael) (Entered: 05/14/2026) |
| 05/18/2026 | 85 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota for leave to file *Notice of Supplemental Authority*<br><br>(Mauck, Molly) (Entered: 05/18/2026) |
| 05/19/2026 | 86 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file a notice of supplemental authority 85 is granted. Notices Mailed. (psm, ) (Entered: 05/19/2026) |
| 05/29/2026 | 87 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota for leave to file *Second Notice of Supplemental Authority*<br><br>(Mauck, Molly) (Entered: 05/29/2026) |
| 06/01/2026 | 88 | MINUTE entry before the Honorable Manish S. Shah: The Motion for Leave to File Second Notice of Supplemental Authority 87 is granted. Notices Mailed. (psm, ) (Entered: 06/01/2026) |
| 07/06/2026 | 89 | MOTION by Plaintiffs State Of California, State Of Colorado, State of Illinois, State of Minnesota for leave to file *Third Notice of Supplemental Authority*<br><br>(Mauck, Molly) (Entered: 07/06/2026) |
| 07/09/2026 | 90 | MINUTE entry before the Honorable Manish S. Shah: The motion for leave to file a Third Notice of Supplemental Authority 89 is granted. Notices mailed. (psm, ) (Entered: 07/09/2026) |
| 07/21/2026 | 91 | MEMORANDUM Opinion and Order. Signed by the Honorable Manish S. Shah on 7/21/2026: The renewed motion to transfer, 62 , is denied. Plaintiffs' motion to enforce discovery order, 55 , is denied. The case is stayed for 60 days per 28 U.S.C. § 1292(d)(4)(B). If an appeal is taken from this order, the case will remain stayed until the appeal has been decided. If a notice of appeal is not filed by September 21, 2026, the parties shall file a status report proposing a case schedule. [For further detail see attached order.] Notices mailed. (psm, ) (Entered: 07/21/2026) |

| | | |
|---|---|---|
| 09/18/2026 | 92 | NOTICE of appeal by Jay Bhattacharya, Sean Duffy, Karen S Evans, Federal Emergency Management Agency, Robert F. Kennedy Jr., Kristi Noem, Jim O'Neill, Donald J. Trump, U.S. Centers for Disease Control and Prevention, U.S. Department of Health and Human Services, U.S. Office of Management and Budget, United States, United States Department of Homeland Security, United States Department of Transportation, Russell Vought regarding orders 91 Receipt number: y (Velchik, Michael) (Entered: 09/18/2026) |
| 09/21/2026 | 93 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal, 92 (man, ) (Entered: 09/21/2026) |